# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **A.F., on behalf of J.F., and A.R., on behalf of B.R.,** *Plaintiffs,* v. **CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FREITAS ADIWARSANA; GOOGLE LLC; and ALPHABET INC.,** *Defendants.* | **Civil Action No. 2:24-CV-01014-JRG-RSP** |

## DEFENDANT DANIEL DE FREITAS's MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..........................................................................................................1

II. BACKGROUND ............................................................................................................1

III. LEGAL STANDARD.....................................................................................................2

IV. THE COURT LACKS PERSONAL JURISDICTION OVER MR. DE FREITAS............3

    A. The Fiduciary Shield Doctrine Precludes Personal Jurisdiction Over Mr. De Freitas .................................................................................................................3

        1. Mr. De Freitas's Conduct Fell Within His Scope of Employment ..............5

        2. Mr. De Freitas Did Not Engage In Tortious Conduct Directed at Texas ..................................................................................................................5

    B. Plaintiffs Cannot Establish Specific Personal Jurisdiction Over Mr. De Freitas...................................................................................................................7

V. CONCLUSION................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page**

### CASES

*Ainsworth v. Moffett Engr'g, Ltd.*,
   716 F.3d 174 (5th Cir. 2013) ...................................................................................................9

*Bodin v. Vagshenian*,
   462 F.3d 481 (5th Cir. 2006) ...................................................................................................5

*Bristol-Myers Squibb Co. v. Superior Ct.*,
   582 U.S. 255 (2017)..............................................................................................................3, 7

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)..................................................................................................................7

*Carmona v. Leo Ship Mgmt., Inc.*,
   924 F.3d 190 (5th Cir. 2019) ...................................................................................................2

*Counts v. Guevara*,
   328 F.3d 212 (5th Cir. 2003) ...................................................................................................5

*Cypers v. PHI-BCC, LLC*,
   2022 WL 79837 (E.D. Tex. Jan. 7, 2022)................................................................................4

*Doe v. Columbia-Brazoria Indep. Sch. Dist.*,
   855 F.3d 681 (5th Cir. 2017) ...................................................................................................1

*E. Concrete Materials, Inc. v. ACE Am. Ins. Co.*,
   948 F.3d 289 (5th Cir. 2020) ...................................................................................................3

*Far West Capital, Inc. v. Towne*,
   46 F.3d 1071 (10th Cir. 1995) .................................................................................................2

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011)..................................................................................................................7

*Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*,
   921 F.3d 522 (5th Cir. 2019) ...................................................................................................1

*Head v. Las Vegas Sands, LLC*,
   298 F. Supp. 3d 963 (S.D. Tex. 2018) .....................................................................................8

*Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*,
   818 F.3d 193 (5th Cir. 2016) ...................................................................................................1

*Keeton v. Hustler Magazine, Inc.*,
   465 U.S. 770 (1984)..................................................................................................................8

*Laverie v. Wetherbe*,
    517 S.W.3d 748 (Tex. 2017)..................................................................................................5

*Lifetime Brands, Inc. v. QIMA Ltd.*,
    2024 WL 896344 (E.D. Tex. Mar. 1, 2024) ..........................................................................7

*Liquidating Tr. of Tex. Pellets, Inc. v. IPBG Pellets Beteiligungs GmbH*,
    2020 WL 5809966 (E.D. Tex. Sept. 11, 2020) .....................................................................4

*LSF4 Loan Invs. I, LLC v. Weingart*,
    2006 WL 2370803 (N.D. Tex. Aug. 15, 2006).....................................................................4

*Luv N' care, Ltd. v. Insta-Mix, Inc.*,
    438 F.3d 465 (5th Cir. 2006) ................................................................................................7

*Martinez-Garcia v. FCA US LLC*,
    2019 WL 7763843 (E.D. Tex. Jan. 23, 2019).......................................................................6

*McFadin v. Gerber*,
    587 F.3d 753 (5th Cir. 2009) .......................................................................................3, 7, 8

*Mouzon v. Radiancy, Inc.*,
    85 F. Supp. 3d 361 (D.D.C. 2015)......................................................................................10

*Nunes v. NBCUniversal Media, LLC*,
    582 F. Supp. 3d 387 (E.D. Tex. 2022)..................................................................................2

*Nusret Dallas LLC v. Regan*,
    2023 WL 4144748 (Tex. App.—Dallas June 23, 2023, no pet.) ......................................3, 4

*Ontel Products, Inc. v. Project Strategies Corp.*,
    899 F. Supp. 1144 (S.D.N.Y. 1995)....................................................................................10

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
    253 F.3d 865 (5th Cir. 2001) ............................................................................................2, 9

*Papa Berg, Inc. v. World Wrestling Entertainment, Inc.*,
    2013 WL 6159296 (N.D. Tex. 2013)....................................................................................9

*Quick Technologies, Inc. v. Sage Grp. PLC*,
    313 F.3d 338 (5th Cir. 2002) ................................................................................................3

*Rush v. Savchuk*,
    444 U.S. 320 (1980)..............................................................................................................3

*Savoie v. Pritchard*,
    122 F.4th 185 (5th Cir. 2024) ...............................................................................................3

*Schubiner v. Julis*,
    2023 WL 8918032 (Tex. App.—Dallas Dec. 27, 2023, no pet.) ......................................4, 5

*Seiferth v. Helicopteros Atuneros, Inc.*,
   472 F.3d 266 (5th Cir. 2006) ................................................................................................3, 8

*Select Rsch., Ltd. v. Amazon.com, Inc.*,
   2024 WL 3585106 (E.D. Tex. July 30, 2024) ......................................................................6, 8

*Stuart v. Spaderman*,
   772 F.2d 1185 (5th Cir. 1985) ...................................................................................................4

*Tabacinic v. Frazier*,
   372 S.W.3d 658 (Tex. App.—Dallas 2012, no pet.) .................................................................4

*Walden v. Fiore*,
   571 U.S. 277 (2014) ..................................................................................................................7

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980) ..................................................................................................................7

## STATUTES AND OTHER AUTHORITIES

Charles Alan Wright & Arthur R. Miller,
   Federal Practice and Procedure: Civil 3d § 1351 (2004) ............................................................3

Fed. R. Civ. P. 12(b)(2) .....................................................................................................................2, 10

Fed. R. Civ. P. 12(c) ................................................................................................................................1

Fed. R. Civ. P. 12(h)(2)(C) .....................................................................................................................1

## **ISSUES TO BE DECIDED**

1. Whether this Court should dismiss the claims against Daniel De Freitas under Federal Rule of Civil Procedure 12(b)(2) because personal jurisdiction is absent under Texas's long arm statute.

2. Whether this Court should dismiss the claims against Daniel De Freitas under Federal Rule of Civil Procedure 12(b)(2) because personal jurisdiction is absent under the Due Process Clause.

## I. INTRODUCTION

This Court lacks personal jurisdiction over Mr. De Freitas.[1] The Complaint fails to plead facts sufficient to show that Mr. De Freitas engaged in conduct directed at Texas. Nor could it—Mr. De Freitas's contacts with the jurisdiction are nonexistent. Mr. De Freitas has never been to Texas, owns no property in the state, and has not entered into any business agreements within the jurisdiction. Accordingly, the claims against him must be dismissed.[2]

## II. BACKGROUND

Mr. De Freitas has long been interested in the promise and possibilities of artificial intelligence ("AI"). From December 2016 to November 2021, Mr. De Freitas worked at Google, where he researched and developed machine learning algorithms ("MLAs"). (Ex. A, Declaration of Daniel De Freitas ("De Freitas Decl.") ¶ 12.)

In November 2021, Mr. De Freitas and Noam Shazeer left Google and founded C.AI. (*Id.* ¶ 13.) From C.AI's founding until Mr. De Freitas returned to Google in August 2024, all of Mr. De Freitas's work on C.AI was carried out within the scope of his employment. (*Id.* ¶ 14.) Through this period, C.AI was headquartered in California and incorporated in Delaware. (*Id.*)

Mr. De Freitas is currently, and has been for the past eight years, a resident of the state of California. (*Id.* ¶ 3.) He has never been to Texas, nor has he personally conducted business in the

---

[1] Mr. De Freitas is concurrently filing a Motion to Compel Arbitration with other Defendants in this case. Mr. De Freitas expressly and affirmatively consents to the personal jurisdiction of this court for the limited purpose of resolving his motion to compel arbitration. *See Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 529 n.2 (5th Cir. 2019) ("This court has definitively held that a defendant can subject itself to the court's jurisdiction for 'the limited purpose of compelling arbitration' without waiving challenges to personal jurisdiction for other purposes" (quoting *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 212 (5th Cir. 2016))). This Court should accordingly address the Motion to Compel Arbitration before addressing this motion.

[2] If this case is not stayed pending arbitration and Mr. De Freitas is not dismissed for lack of personal jurisdiction, Mr. De Freitas will at that point move for judgment on the pleadings under Rule 12(c). *See* Fed. R. Civ. P. 12(h)(2)(C) ("Failure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c)"); *Doe v. Columbia-Brazoria Indep. Sch. Dist.*, 855 F.3d 681, 686 (5th Cir. 2017) (noting that a 12(c) motion would be allowed after a prior motion to dismiss is resolved).

state. (*Id.* ¶¶ 5–11.) As an employee at C.AI and Google, Mr. De Freitas never directed or participated in any business activities directed at Texas. (*Id.* ¶ 16).

Plaintiffs A.F. and A.R. bring claims on behalf of their minor children, J.F. and B.R., whom they allege were harmed due to their interactions with Characters hosted on the platform developed by C.AI—the firm co-founded by Mr. De Freitas. *See* Complaint ¶¶ 65–107. They bring claims against Mr. De Freitas and four other defendants: C.AI's co-founder and former CEO, Mr. Shazeer; Google, LLC and Alphabet Inc. (collectively, "Google"); and C.AI itself (all defendants collectively, "Defendants"). *Id.* ¶¶ 1–11. The Complaint alleges 10 total claims, six of which are brought against Mr. De Freitas: (1) Strict Liability (Failure to Warn); (2) Negligence (Defective Design); (3) Negligence (Failure to Warn); (4) Intentional Infliction of Emotional Distress ("IIED"); (5) Unjust Enrichment; and (6) a Violation of the Texas Deceptive Trade Practices Act ("TDTPA"). Complaint ¶¶ 374–467.

## III.    LEGAL STANDARD

Rule 12(b)(2) of the Federal Rules of Civil Procedure "requires a court to dismiss a claim if [it] does not have personal jurisdiction over the defendant." *Nunes v. NBCUniversal Media, LLC*, 582 F. Supp. 3d 387, 394 (E.D. Tex. 2022). The plaintiff bears the initial burden of establishing a *prima facie* case of personal jurisdiction. *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019). A "mere allegation" that an out-of-state defendant "committed . . . torts that have allegedly injured a forum resident does not necessarily establish" personal jurisdiction. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001) (quoting *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1079 (10th Cir. 1995)). For this reason, courts do not credit a plaintiff's "conclusory allegations, even if uncontroverted." *Id.* at 869. In determining whether there is a factual basis for personal jurisdiction, the court "may

consider the contents of the record before the court at the time of the motion. *Quick Technologies, Inc. v. Sage Grp. PLC*, 313 F.3d 338, 344 (5th Cir. 2002).

In a case with multiple claims and defendants, a plaintiff must establish specific jurisdiction over each defendant independently and, in the Fifth Circuit, with respect to each claim individually. *See Rush v. Savchuk*, 444 U.S. 320, 332 (1980); *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274–275 n.6 (5th Cir. 2006) ("[I]f separate claims are pled, specific personal jurisdiction must independently exist for each claim[.]" (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* 3d § 1351, at 299 n.30 (2004))).

The Fifth Circuit has articulated a three-step analysis for specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiffs cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (quoting *Seiferth*, 472 F.3d at 271). The plaintiff bears the burden of proving the first two prongs. *E. Concrete Materials, Inc. v. ACE Am. Ins. Co.*, 948 F.3d 289, 296 (5th Cir. 2020).

## IV.  THE COURT LACKS PERSONAL JURISDICTION OVER MR. DE FREITAS[3]

### A.  The Fiduciary Shield Doctrine Precludes Personal Jurisdiction Over Mr. De Freitas

Texas has adopted the fiduciary shield doctrine, which "prevents the exercise of personal jurisdiction based solely on acts undertaken in a defendant's corporate capacity." *Savoie v. Pritchard*, 122 F.4th 185, 191 (5th Cir. 2024); *see also Nusret Dallas LLC v. Regan*, 2023 WL

---

[3] A plaintiff may establish general or specific personal jurisdiction over a defendant. General jurisdiction exists over an individual defendant in the state in which the defendant is domiciled. *Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 262 (2017). Here, Plaintiffs have not specifically alleged that Mr. De Freitas is subject to the general jurisdiction of the courts of the State of Texas—nor could they, since Mr. De Freitas is not domiciled there. (De Freitas Decl. ¶¶ 3–5.) Accordingly, this Motion discusses only specific personal jurisdiction over Mr. De Freitas.

4144748, at *8 (Tex. App.—Dallas June 23, 2023, no pet.) ("The fiduciary shield doctrine protects a nonresident corporate officer or employee from the exercise of jurisdiction when all his contacts with Texas were made on behalf of his employer.").[4] The Fifth Circuit has described Texas's fiduciary shield doctrine as "the general rule . . . that jurisdiction over an individual cannot be predicated upon jurisdiction over a corporation." *Stuart v. Spaderman*, 772 F.2d 1185, 1197 (5th Cir. 1985). Accordingly, the fiduciary shield provides protection when a plaintiff seeks to "attribute a corporation's contacts [with a state] to an individual defendant." *Cypers v. PHI-BCC, LLC*, 2022 WL 79837, at *4 (E.D. Tex. Jan. 7, 2022) (quoting *LSF4 Loan Invs. I, LLC v. Weingart*, 2006 WL 2370803, at *4 (N.D. Tex. Aug. 15, 2006)).

To overcome the fiduciary shield, a plaintiff mush show that the corporate "officer engaged in tortious or fraudulent conduct *directed at the forum state* for which he may be held personally liable." *Schubiner v. Julis*, 2023 WL 8918032, at *5 (Tex. App.—Dallas Dec. 27, 2023, no pet.) (quoting *Tabacinic v. Frazier*, 372 S.W.3d 658, 669 (Tex. App.—Dallas 2012, no pet.)) (emphasis added). Personal jurisdiction over Mr. De Freitas therefore is lacking unless Plaintiffs can show that (1) the allegations of tortious conduct occurred outside of Mr. De Freitas's scope of his employment or (2) that Mr. De Freitas personally engaged in tortious conduct directed at Texas. *Nusret Dallas*, 2023 WL 4144748, at *8 ("The fiduciary shield doctrine does not protect a corporate agent who is alleged to have personally committed a tort and at least some of the agent's tortious conduct involved contacts with Texas."). Plaintiffs cannot make either showing.

---

[4] Mr. De Freitas recognizes that this Court adopted a magistrate judge's report and recommendation which ruled that "the fiduciary shield doctrine only applies to prevent general jurisdiction, and does not protect an officer from the exercise of specific personal jurisdiction as to intentional torts or fraudulent acts for which the officer may be held individually liable." *Liquidating Tr. of Tex. Pellets, Inc. v. IPBG Pellets Beteiligungs GmbH*, 2020 WL 5809966 (E.D. Tex. Sept. 11, 2020), *report and recommendation adopted*, 2020 WL 5800947 (E.D. Tex. Sept. 29, 2020). To the extent that ruling means that the fiduciary shield doctrine is never applicable to specific jurisdiction, Mr. De Freitas urges the court to apply the doctrine as recently articulated by the Dallas Court of Appeals in *Nusret Dallas LLC* and *Schubiner*, *infra*.

4

1. <u>Mr. De Freitas's Conduct Fell Within His Scope of Employment</u>

Under Texas law, an employee's conduct falls within the scope of his employment if the actions were "(1) within the general authority given to him; (2) in furtherance of the employer's business; and (3) for the accomplishment of the object for which [he] was employed." *Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006) (quoting *Counts v. Guevara*, 328 F.3d 212, 214 (5th Cir. 2003)). The Texas Supreme court has boiled down these prongs to a simple and objective inquiry: "Is there a connection between the employee's job duties and the alleged tortious conduct?" *Laverie v. Wetherbe*, 517 S.W.3d 748, 753 (Tex. 2017); *see also id.* (holding that the Texas Tort Claims Act's definition of "scope of employment" is the same as in other legal contexts).

The Complaint's allegations against Mr. De Freitas describe conduct which falls squarely within Mr. De Freitas's scope of employment. *See, e.g.*, Complaint ¶ 163 ("Sundar Pichai . . . personally encouraged Shazeer and De Freitas to stay at Google and to continue developing the technology underlying the LaMDA model."); *id.* ¶ 170 ("[D]eveloping C.AI as a stand-alone company allowed them to pursue their personal goals of developing generative artificial intelligence."); *id.* ¶ 200 ("Defendants Character.AI, Shazeer, De Freitas, and Google marketed C.AI to children."). There is no suggestion in the complaint that Mr. De Freitas engaged in an "independent course of conduct" that was "unrelated to his job." *Laverie*, 517 S.W.3d at 754. And Mr. De Freitas's sworn declaration, submitted in conjunction with this filing, confirms that he worked on C.AI only in his professional capacity. (De Freitas Decl. ¶ 14.)

2. <u>Mr. De Freitas Did Not Engage In Tortious Conduct Directed at Texas</u>

The Complaint fails to allege any facts showing that Mr. De Freitas himself "engaged in tortious or fraudulent conduct directed at [Texas]." *Schubiner*, 2023 WL 8918032, at *5. Rather, the Complaint "improperly lumps together" Defendants, attempting to ascribe each defendant's

5

purported contacts with Texas to Mr. De Freitas individually. *Select Rsch., Ltd. v. Amazon.com, Inc.*, 2024 WL 3585106, at *3 n.3 (E.D. Tex. July 30, 2024); *see, e.g.*, Complaint ¶ 36 ("[Defendants] designed or oversaw the design of the unreasonably dangerous C.AI product with the intention of promoting it to Texas residents and transacting business in Texas with Texas residents."). For example, the Complaint alleges that "Defendants emailed J.F. and B.R. about C.AI on multiple occasions." Complaint ¶ 36. However, the Complaint does not point to any specific emails that were sent by Mr. De Freitas, nor does the Complaint point to any specific instances where Mr. De Freitas participated in the creation of emails directed at prospective customers in Texas. In short, the Complaint engages in "collective pleading" that is insufficient to establish personal jurisdiction. *Amazon.com*, 2024 WL 3585106, at *3 n.3.

The lack of specific allegations regarding Mr. De Freitas's participation in C.AI's marketing and distribution makes this case is materially identical to *Martinez-Garcia v. FCA US LLC*, 2019 WL 7763843 (E.D. Tex. Jan. 23, 2019). There, the plaintiff brought claims against an engineer who allegedly designed a defective Jeep that caught fire. *Id.* at *1. The plaintiff alleged that the engineer "was pivotal in the design and testing of the Jeep and knew that the Jeep would be purchased by consumers in Texas and, therefore, it was foreseeable that the Jeep would . . . ultimately reach Texas." *Id.* at *4. In other words, the plaintiff "attempt[ed] to attribute [the company's] placement of the Jeep into the stream-of-commerce to [the engineer]." *Id.* at *5. But the court held that "[t]he fiduciary-shield protects . . . from such an imputation." *Id.*

Plaintiffs likewise are attempting to impute C.AI's contacts with Texas to Mr. De Freitas simply because Mr. De Freitas designed the service that C.AI made available online. The Complaint's "collective pleading" is not only improper, it falls far short of establishing that Mr. De Freitas *himself* directed tortious conduct at Texas.

6

**B.      Plaintiffs Cannot Establish Specific Personal Jurisdiction Over Mr. De Freitas**

Specific jurisdiction is tied to the particular facts of the case, *i.e.*, "the factual basis for the plaintiff's claim must arise out of or relate to the defendant's *substantial contacts* with the forum." *Lifetime Brands, Inc. v. QIMA Ltd.*, 2024 WL 896344, at *3 (E.D. Tex. Mar. 1, 2024) (emphasis added); *see also Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 264 (2017) ("[T]here must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) (alteration in original)).  The "primary concern" supporting the constitutional limits to personal jurisdiction is "the burden on the defendant." *Bristol-Myers Squibb*, 582 U.S. at 263 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).  For that reason, the "touchstone" of the personal jurisdiction inquiry is whether "the defendant's conduct shows that it 'reasonably anticipates being haled into court'" in the jurisdiction.  *McFadin,* 587 F.3d at 759 (quoting *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 470 (5th Cir. 2006)); *see also Walden v. Fiore*, 571 U.S. 277, 285 (2014) (holding that due process requires a showing that a defendant "'purposefully reach[ed] out beyond' their state into another." (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985))).  For several reasons, Plaintiffs cannot meet their burden.

*First*, Mr. De Freitas lacks any meaningful contacts with the jurisdiction. He is a resident of the state of California, has never lived in Texas, has never worked in Texas, has no property in Texas, has never had a bank account or any other financial account in Texas, has never maintained a place of business in Texas, and in his entire lifetime, has never once set foot in the state. (De Freitas Decl. ¶¶ 4–11.)  The Complaint's omission of *any* direct contacts between Mr. De Freitas and Texas is conspicuous.  There are simply no allegations supporting a finding that Mr. De Freitas "purposely direct[ed]" conduct toward Texas or that he "purposefully availed" himself of the

7

"privileges of conducting activities there." *McFadin*, 587 F.3d at 763 (quoting *Seiferth*, 472 F.3d at 271).

*Second*, the Complaint impermissibly "lumps" Defendants' contacts together, attempting to ascribe C.AI's contacts with Texas to Mr. De Freitas. *Amazon.com*, 2024 WL 3585106, at *3 n.3; *see Head v. Las Vegas Sands, LLC*, 298 F. Supp. 3d 963, 973 (S.D. Tex. 2018) ("[A] plaintiff must submit evidence supporting personal jurisdiction over each defendant, and cannot simply lump them all altogether."). For each allegation mentioning Defendants' contacts with Texas, the Complaint either omits Mr. De Freitas entirely or groups him together with the other parties. *See, e.g.*, Complaint ¶ 21 ("Character.AI markets its C.AI product to customers throughout the U.S., including Texas."); *id.* ¶ 36 ("This Court has personal jurisdiction over Defendants Character.AI, Shazeer, De Freitas, Google LLC, and Alphabet Inc. because they designed or oversaw the design of the unreasonably dangerous C.AI product with the intention of promoting it to Texas residents and transacting business in Texas with Texas residents."). Plaintiffs have not met their burden to adequately plead personal jurisdiction as to Mr. De Freitas individually. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) (noting that "jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him").

*Third*, the Complaint's jurisdiction-related allegations against Mr. De Freitas are insufficiently pled. For example, Paragraph 37 alleges that "Defendants purposefully availed themselves of Texas law by transacting business in this State, profiting from their activities in the State of Texas, and Plaintiffs' claims set forth herein arise out of and relate to Defendants' activities in the State of Texas." But Plaintiffs do not describe any specific actions that Mr. De Freitas took to avail himself of Texas law, nor does the complaint tie any Texas-specific contacts to the allegedly tortious conduct. Instead, the FAC's jurisdictional allegations are conclusory and

8

lack the specific factual support necessary to establish personal jurisdiction over Mr. De Freitas. *See Panda Brandywine*, 253 F.3d at 869 ("[T]he prima-facie-case requirement does not require the court to credit conclusory [jurisdictional] allegations, even if uncontroverted.").

*Fourth*, the Complaint fails to tie any of its causes of action to specific contacts between Mr. De Freitas and Texas. Against Mr. De Freitas specifically, the Complaint alleges that he founded C.AI, *id.* ¶ 170, personally coded a substantial portion of C.AI's LLM, *id.* ¶¶ 30, 183, participated in the decision to release the service to consumers, *id.* ¶ 32, and participated in allegedly dangerous design decisions alongside the other defendants, *id.* ¶¶ 199–203. However, none of these allegations describe how Mr. De Freitas's contacts with Texas caused Plaintiffs' alleged harm. The Complaint fails to allege that Mr. De Freitas engaged in any harmful conduct *directed at* Texas.

*Papa Berg, Inc. v. World Wrestling Entertainment, Inc.*, 2013 WL 6159296 (N.D. Tex. 2013) is instructive on this point. There, the plaintiff asserted copyright-infringement claims against WWE and two of its employees. *Id.* at *1. The complaint alleged that WWE's music director "participated in the creative development of" and derived income from a WWE video game that incorporated the infringing song. *Id.* at *7. The court acknowledged that "minimum contacts may be established by showing 'that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state.'" *Id.* (quoting *Ainsworth v. Moffett Engr'g, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013)). But the court concluded that minimum contacts were lacking because "the facts d[id] not reasonably suggest that [the employee] played a role in the distribution of products his employer (WWE) and third parties delivered into the stream of commerce." *Id.* Similarly here, there are no plausible and non-conclusory allegations that Mr. De Freitas personally participated in the distribution of

9

C.AI's service. And such an assertion would be untrue. *See, e.g.*, De Freitas Decl. ¶ 16 ("In my time at Google and C.AI, I never directed or participated in any activities specifically targeting Texas.").

It makes no difference that Mr. De Freitas was C.AI's President. The court in *Ontel Products, Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1149 (S.D.N.Y. 1995) persuasively rejected a similar argument:

> It is not enough that Ziskind, as President of P.S.C., likely *possessed authority* to direct all the activities that gave rise to this suit. If that were the case, the President of every company would be subject to jurisdiction in New York based on activities with which he or she had no personal involvement and over which he or she exercised no decisionmaking authority.

Plaintiffs have not adequately alleged that Mr. De Freitas personally participated in any alleged marketing campaign targeting Plaintiffs and/or minors in general. *See* De Freitas Decl. ¶ 14 ("My job responsibilities did not include preparing or directing the distribution of any Texas-specific marketing materials."). Even if they had, Mr. De Freitas's participation in a nationwide marketing campaign (as opposed to a campaign specifically targeting Texas) would be insufficient to establish personal jurisdiction. *See Mouzon v. Radiancy, Inc.*, 85 F. Supp. 3d 361, 372 (D.D.C. 2015) (holding that there was no personal jurisdiction over a CEO who "played a central and dominant part" in a company's marketing campaign because he had not taken any specific actions to target the jurisdiction or to directly profit from business conducted there).

### V.     CONCLUSION

Pursuant to Rule 12(b)(2), Defendant Daniel De Freitas Adiwarsana respectfully requests this Court to dismiss Plaintiffs' claims against him for lack of personal jurisdiction.

DATED: March 10, 2025

Respectfully submitted,

By:   */s/ Andrew H. Schapiro*
    Andrew H. Schapiro

Andrew H. Schapiro (*pro hac vice*)
Lead Attorney
Illinois Bar No. 6209041
andrewschapiro@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone:   (312) 705-7400
Facsimile:   (312) 705-7401

Hayden Little
Texas Bar No. 24136986
haydenlittle@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
700 Louisiana Street, Suite 3900
Houston, Texas 77002
Telephone:   (713) 221-7000
Facsimile:   (713) 221-7100

*Attorneys for Defendant Daniel De Freitas Adiwarsana*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(c), I hereby certify that, on March 10, 2025, all counsel of record who have appeared in this case are being served with a copy of the foregoing via CM/ECF and e-mail.


DATED: March 10, 2025                 /s/ Andrew H. Schapiro
                                      Andrew H. Schapiro