UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| A.F., on behalf of J.F., and A.R., on behalf of B.R., <br><br> Plaintiffs, <br><br> v. <br><br> CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FREITAS ADIWARSANA; GOOGLE LLC; ALPHABET INC., <br><br> Defendants. | Case No. 2:24-cv-01014-JRG-RSP |

**JOINT [OPPOSED] MOTION OF DEFENDANTS CHARACTER TECHNOLOGIES, INC., NOAM SHAZEER, DANIEL DE FREITAS ADIWARSANA, GOOGLE LLC, AND ALPHABET INC. TO STAY DISCOVERY PENDING MOTIONS TO COMPEL ARBITRATION PURSUANT TO 9 U.S.C. § 3**

Defendants Character Technologies, Inc. ("C.AI"), Noam Shazeer, Daniel De Freitas Adiwarsana, Google LLC, and Alphabet Inc. (collectively, "Defendants") respectfully move the Court pursuant to 9 U.S.C. § 3 to stay discovery pending this Court's adjudication of the concurrently filed motions of C.AI and the other Defendants to compel arbitration and to stay this action pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3–4 and Federal Rules of Civil Procedure 12(b)(1) and (b)(3) ("Motions").

As explained in those Motions, all of Plaintiffs' claims are subject to the binding arbitration agreements that J.F. and B.R. entered into when they created C.AI user accounts. Permitting discovery to proceed against any Defendant while the Motions are pending would

1

therefore intrude on C.AI's federally protected right to arbitrate the legal and factual issues in this action and irrevocably deprive C.AI of the benefit of its arbitration agreements with J.F. and B.R. Plaintiffs, by contrast, would suffer no prejudice from a brief stay of discovery while the Motions are pending. All Defendants remain under a duty to preserve relevant evidence, and Plaintiffs will be entitled to seek discovery promptly in the appropriate forum once the issue of arbitrability is resolved. And if the Court determines that forum is arbitration, a limited stay will have furthered the interests of judicial economy by avoiding unnecessary federal court discovery.

For these reasons, courts around the country—including in this District and in the Fifth Circuit—routinely stay discovery and other proceedings while motions to compel arbitration are pending  In fact, the Fifth Circuit recently held that a district court had abused its discretion in denying a motion to stay proceedings, including discovery into the issue of arbitrability, pending its decision on a motion to compel arbitration. *Cameron Parish Recreation #6 v. Indian Harbor Ins. Co.*, 92 F.4th 1152, 1154 (5th Cir. 2024) (per curiam). Accordingly, Defendants respectfully request that this Court stay discovery in this action pending its decision on the Motions or, in the alternative, set all disclosure and discovery deadlines out 120 days.

I.     **BACKGROUND**

Plaintiffs A.F. and A.R. initiated this dispute on December 9, 2024, asserting claims on behalf of their children, J.F. and B.R., regarding alleged harms from their use of C.AI's service. Dkt. 1. As a necessary step to creating their accounts with C.AI, J.F. and B.R. each affirmatively agreed to C.AI's Terms of Service ("Terms"), which include a conspicuous arbitration agreement. Dkt. [36-1], Declaration of Andy Nahman ("Nahman Decl.") Ex. C at 1, Ex. E at 1. The arbitration agreement states that "any and all disputes or claims that have arisen or may arise between [the user] and Character.AI, whether arising out of or relating to these Terms (including any alleged breach thereof), the Website or Services, any aspect of the relationship or

2

transactions between [the user and C.AI], shall be resolved exclusively through final and binding arbitration, rather than a court, in accordance with the terms of this Arbitration Agreement." *Id.*, Ex. C at 4, . Ex. E at 4.  The arbitration agreement includes a delegation clause providing that "[a]ll issues are for the arbitrator to decide, including, but not limited to, issues relating to the scope, enforceability, and arbitrability of this Arbitration Agreement." *Id.*, Ex. C at 5, Ex. E at 5. This means an arbitrator must decide Plaintiffs' claims, which arise from J.F.'s and B.R.'s use of C.AI, and any scope, enforceability, or arbitrability arguments Plaintiffs may raise.

As a result, Defendants are moving concurrently to compel arbitration and to stay these proceedings.  Dkt. [34].  During meet and confer, Defendants requested that Plaintiffs stipulate to a brief stay of discovery while the Court decides these Motions, consistent with the arbitration agreement, the FAA, and ample authority holding that a stay is appropriate pending a motion to compel arbitration.  Plaintiffs did not have a response to these arguments, but insisted that discovery should nevertheless proceed.

## II.     ARGUMENT

Courts within this Circuit and this District—and around the country—routinely stay proceedings, including discovery, pending resolution of a motion to compel arbitration, consistent with the federal policy embodied by the FAA.  As the Fifth Circuit has explained:  "It was Congress's clear intent, in the [FAA], to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Bell v. Koch Foods of Miss., LLC*, 358 F. App'x 498, 500–01 (5th Cir. 2009) (alteration in original) (citation and internal quotation marks omitted).  "Thus, when a motion to compel arbitration is pending, '[c]ourts have demonstrated a proclivity to stay proceedings.'" *Ramirez v. Equifax Info. Servs., LLC*, No. 4:24-CV-94-SDJ-KPJ, 2024 WL 3259669, at *2–3 (E.D. Tex. July 1, 2024) (collecting cases and finding "good cause to stay discovery pending the resolution of the Motion to Compel

3

Arbitration") (alteration in original) (citation omitted); *Intertec Contracting A/S v. Turner Steiner Int'l, S.A.*, No. 98 Civ. 9116 (CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001) (it "is the general practice of district courts" to issue "a stay of discovery . . . while [a] motion to compel arbitration [i]s pending"); *see also, e.g.*, *Norman v. Travelers Ins. Co.,* 3:19-CV-2351-S-BN, 2019 WL 6250782, at *2 (N.D. Tex. Nov. 22, 2019) (granting stay of "all discovery-related and other pre-trial deadlines" pending decision on motion to compel arbitration). In fact, the Fifth Circuit recently held that a district court abused its discretion by denying a motion to stay—even to permit discovery into the issue of arbitrability—while a motion to compel arbitration was pending. *Cameron Parish*, 92 F.4th at 1154 ("even if we review under an abuse of discretion standard, the district court improperly refused to grant the stay"). This decision makes clear that general discovery processes should be avoided where legally unnecessary to resolve the motion to compel arbitration, like it is here.

This Court should follow these precedents in staying discovery while it resolves the Motions pursuant to 9 U.S.C. § 3 and its inherent power because[1]: (A) granting a stay is the only way to preserve C.AI's rights under its arbitration agreements with J.F. and B.R.; (B) Plaintiffs will suffer no prejudice from a brief delay in commencing discovery; and (C) a stay is in the interest of judicial economy.[2]

---

[1] The Fifth Circuit has treated a district court's refusal to stay proceedings *while* a motion to compel arbitration was pending as a refusal under 9 U.S.C. § 3. *See Cameron Parish*, 92 F.4th at 1154 (finding jurisdiction under § 16(a)(1)(A) over district court's refusal to stay proceedings while motion to compel arbitration was pending). In addition, the Court has "'inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'" *O'Brien v. United States*, No. 4:20-CV-477-SDJ, 2020 WL 13453355, at *1 (E.D. Tex. Nov. 12, 2020) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)).

[2] The case for staying discovery is even stronger for Defendants De Freitas and Shazeer. Both have pending motions to dismiss for lack of personal jurisdiction. Staying discovery pending a decision on those motions "might preclude the need for the discovery altogether" from these defendants. *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990).

4

### A. Granting A Stay Is The Only Way To Preserve C.AI's Rights Under The Arbitration Agreements

Subjecting C.AI to discovery while the Motions are pending would irreparably prejudice its right to realize the benefits of the arbitral procedural rules required by its arbitration agreements with J.F. and B.R. When J.F. and B.R. agreed to arbitrate, they agreed to a less costly, more expeditious alternative to civil litigation under the JAMS Streamlined Procedures. Dkt. [36-1], Nahman Decl., Ex. C at 4–5, Ex. E at 4–5. Unlike the Federal Rules of Civil Procedure, the JAMS Streamlined Procedures do not involve interrogatories, requests for production, requests for admission, or depositions as a matter of right. Instead, the parties cooperate in a "voluntary and informal exchange of information" that is meant to conclude within fourteen calendar days after all pleadings or notice of claims have been received—an informal and expedited process that sharply contrasts with discovery under the Federal Rules and is even more informal and expedited than the process set forth in this Court's Discovery Order for Nonpatent Cases.

The Supreme Court has made clear that such agreements providing for limited discovery in arbitration are to be enforced. In holding that an interlocutory appeal from the denial of a motion to compel arbitration triggers an automatic stay of the district court proceedings, the Supreme Court specifically highlighted "less intrusive discovery" as a benefit of arbitration that "would be irretrievably lost" if parties were forced to litigate while the appeal of a motion to compel arbitration is pending. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743 (2023).

Courts routinely stay discovery pending resolution of a motion to compel arbitration to preserve the parties' rights to their agreed upon discovery procedures. As the court in *Ramirez v. Equifax* noted, "if a stay is not entered, [the defendant] faces the burden of discovery in federal court and loses the potential advantage of less intrusive discovery pursuant to the purported

5

arbitration agreement." 2024 WL 3259669, at *2. Other courts have held the same. *E.g., Recognition Equip., Inc. v. NCR Corp.*, 532 F. Supp. 271, 275 (N.D. Tex. 1981) (explaining that arbitration is designed to "facilitate and expedite the resolution of disputes, ease court congestion, and provide disputants with a less costly alternative to litigation," and proceeding with discovery under the Federal Rule of Civil Procedure pending arbitration would not further those objectives); *Rosales v. Coca-Cola Sw. Beverages, LLC*, EP-18-CV-361-PRM, 2019 WL 13255746, at *1 (W.D. Tex. Apr. 3, 2019) ("[T]he Court believes that Defendant would face prejudice and undue expense if the Court allows Plaintiff to use the discovery mechanisms designated for civil litigants in a case that may ultimately be referred to an arbitrator."); *Roadbuilders Machinery Supply Co. v. Sennebogen, Inc.*, No. 11–2681-KHV-DJW, 2012 WL 1253265, at *2 (D. Kan. Apr. 13, 2012) (granting a stay of discovery pending resolution of a motion to compel arbitration because "[a]llowing discovery at this point would . . . require Defendant to expend resources on litigation activities that it sought to avoid when it included an arbitration clause in the . . . agreement").

      Here, given the deadlines under the Federal Rules and this Court's Discovery Order for Nonpatent Cases, C.AI would be deprived of the benefits of the limited and efficient discovery it agreed to before this Court has the opportunity to rule on the Motions. Because proceeding to discovery in federal court would irreparably prejudice C.AI's right to the discovery procedures under the Arbitration Agreement, a limited stay is appropriate to ensure that C.AI retains the benefit of its bargain while the threshold issue of arbitrability remains unresolved. *See Cameron Parish*, 94 F.4th at 1154 (finding appellate jurisdiction by reasoning that the denial of a motion to stay effectively operates as a denial of the motion to compel arbitration).

### B.  The Prejudice To Plaintiffs (If Any) Is Far Outweighed By The Irreparable Harm To C.AI From Vitiating Its Federally Protected Arbitration Rights

Nor will Plaintiffs suffer any prejudice from a brief stay of discovery pending the Court's adjudication of the Motions.  Defendants are already obligated, and have taken steps, to preserve relevant information, so a stay will not impact the availability of evidence to Plaintiffs.  And the proposed stay would be "relatively short—continuing until the Court decides the threshold issue of whether the case should be referred to arbitration."  *Ramirez, LLC*, 2024 WL 3259669, at *2-3 (any prejudice to Plaintiffs "is only slight"); *In re CenturyLink Sales Pracs. & Sec. Litig.*, No. 17-2795, 2018 WL 2122869, at *2 (D. Minn. May 8, 2018) (same); *Mahamedi IP L., LLP v. Paradice & Li, LLP*, No. 16-cv-02805, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (same).

This lack of prejudice to Plaintiffs contrasts sharply with the irreparable harm to C.AI if discovery proceeds.  C.AI would forever lose its federally protected rights to resolve this dispute in the forum and under the procedural rules to which J.F. and B.R. agreed when they created their user accounts.  And because the claims against the other Defendants are entirely derivative of the claims against C.AI, C.AI will be prejudiced even if discovery is permitted to commence only against the other Defendants, as that discovery will necessarily involve the claims against and discovery concerning C.AI.

### C.  A Brief Stay Pending Resolution Of The Motions Furthers The Interest Of Judicial Economy

Granting a temporary stay of discovery while the Court decides the Motions also furthers the interest of judicial economy and may conserve the resources of the Court and the parties.  Courts have found that a stay of discovery is appropriate where the resolution of the dispositive motion "might preclude the need for the discovery altogether thus saving time and expense."

7

*Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990), opinion modified on denial of reh'g (Apr. 27, 1990).  That is precisely the case here.

If the Court grants the Motions, the need for federal discovery will have been obviated, as discovery would proceed in arbitration.  Staying discovery now thus mitigates the risk of the parties engaging in unnecessary or duplicative discovery practice and will conserve the parties' and potentially also judicial resources by ensuring the parties engage in discovery only once, under a single set of procedures.

### III.   CONCLUSION

For the reasons above, Defendants respectfully request, pursuant to 9 U.S.C. § 3, that the Court enter a stay of discovery pending the resolution of the Motions or, in the alternative, set all disclosure deadlines out 120 days.

| | |
|---|---|
| Dated: March 10, 2025 | /s/_____<br>Melissa Richards Smith<br>Texas Bar No. 24001351<br>GILLIAM & SMITH, LLP<br>303 South Washington Avenue<br>Marshall, TX 75670<br>(903) 934-8450<br>melissa@gilliamsmithlaw.com<br><br>Jonathan H. Blavin* (Lead Counsel)<br>Cal. Bar No. 230269<br>Victoria A. Degtyareva*<br>Stephanie Goldfarb Herrera*<br>MUNGER, TOLLES & OLSON, LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105<br>Tel: (415) 512-4000<br>Jonathan.Blavin@mto.com<br>Stephanie.Herrera@mto.com<br>Victoria.Degtyareva@mto.com<br>*Admitted Pro Hac Vice<br><br>*Counsel for Character Technologies, Inc.* |

| | |
|---|---|
| Dated: March 10, 2025 | */s/ Mike E. Jones*<br>Michael E. Jones (State Bar No. 10929400)<br>POTTER MINTON, Professional Corporation<br>201 South Lafayette<br>Marshall, Texas<br>(903) 597-8311<br>mikejones@potterminton.com<br><br>Lauren Gallo White (PHV)<br>Wilson Sonsini Goodrich & Rosati<br>One Market Plaza, Suite 3300<br>San Francisco, CA 94105<br>(415) 947-2000<br>lwhite@wsgr.com<br><br>Fred A. Rowley, Jr. (PHV)<br>Matthew K. Donohue (PHV)<br>Wilson Sonsini Goodrich & Rosati<br>953 E. Third Street, Suite 100<br>Los Angeles, CA 90013<br>(323) 210-2900<br>fred.rowley@wsgr.com<br>mdonohue@wsgr.com<br><br>*Counsel for Google LLC and Alphabet Inc.* |

Dated: March 10, 2025

   */s/ Andrew H. Schapiro*
Andrew H. Schapiro
Andrew H. Schapiro (*pro hac vice*)
Lead Attorney
Illinois Bar No. 6209041
andrewschapiro@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone:	(312) 705-7400
Facsimile:	(312) 705-7401

Hayden Little
Texas Bar No. 24136986
haydenlittle@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
700 Louisiana Street, Suite 3900
Houston, Texas 77002
Telephone:	(713) 221-7000
Facsimile:	(713) 221-7100

*Attorneys for Defendant Daniel De Freitas Adiwarsana*

| | |
|---|---|
| Dated: March 10, 2025 | */s/ Isaac D. Chaput* |
| | Jennifer Parker Ainsworth |
| | Texas Bar No. 00784720 |
| | Wilson, Robertson & VanDeventer, P.C. |
| | 909 ESE Loop 323, Suite 400 |
| | Tyler, Texas 75701 |
| | Telephone: 903-509-5000 |
| | Email: jainsworth@wilsonlawfirm.com |
| | |
| | Paul W. Schmidt* (LEAD COUNSEL) |
| | COVINGTON & BURLING LLP |
| | New York Times Building |
| | 620 Eighth Avenue, |
| | New York, New York 10018-1405 |
| | Telephone: + 1 (212) 841-1171 |
| | Email: pschmidt@cov.com |
| | |
| | Isaac D. Chaput* |
| | COVINGTON & BURLING LLP |
| | Salesforce Tower |
| | 415 Mission Street, Suite 5400 |
| | San Francisco, California 94105-2533 |
| | Telephone: + 1 (415) 591-7020 |
| | Email: ichaput@cov.com |
| | *Admitted Pro Hac Vice |
| | |
| | *Counsel for Defendant Noam Shazeer* |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2025, I electronically submitted the foregoing document with the clerk of the United States District Court for the Eastern District of Texas, using the Court's CM/ECF system, which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

*DRAFT*

[NAME]

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), I hereby certify that on March 5, 2025, the following counsel conferred by telephone regarding the issues in this motion in accordance with the requirements of Local Rule CV-7(h):  For Defendant C.AI, Jonathan Blavin, Stephanie Herrera, and Andrew T. Gorham; for Defendants Google LLC and Alphabet Inc., Matthew Donohue; for Defendant Noam Shazeer, Isaac Chaput; for Defendant Daniel De Freitas Adiwarsana, Andrew H. Shapiro and Hayden Little; for Plaintiffs Matthew Bergman, Meetali Jain, Samuel F. Baxter. Defendants proposed a stipulated stay of discovery pending resolution of the Motions to obviate the need for this motion and explained the grounds for seeking a stay that are set forth herein. Plaintiffs would not agree to a stipulation and indicated they would oppose this motion.

*DRAFT*

[NAME]