UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| A.F., on behalf of J.F., and A.R., on behalf of B.R.,<br><br>Plaintiffs,<br><br>v.<br><br>CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FREITAS ADIWARSANA; GOOGLE LLC; and ALPHABET INC.,<br><br>Defendants. | Civil Case No. 2:24-cv-01014-JRG-RSP<br><br>**DEFENDANT NOAM SHAZEER'S MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION** |

## I. INTRODUCTION

Plaintiffs attempt to hold Defendant Noam Shazeer personally liable for harms they allege were caused by an online service provided by Character Technologies, Inc. ("Character.AI" or "C.AI"). While Mr. Shazeer sympathizes with Plaintiffs for the harms their children allegedly suffered, the claims against him as an individual defendant have no factual or jurisdictional basis.

The claims against Mr. Shazeer should be dismissed under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Mr. Shazeer is not a Texas citizen and has no ties to Texas. Plaintiffs have alleged no facts establishing any connection between Mr. Shazeer, the state of Texas, and the facts underpinning Plaintiffs' claims to establish either general or specific personal jurisdiction.[1]

---

[1] Plaintiffs' claims against Mr. Shazeer are also subject to individual arbitration, under the arbitration agreement in C.AI's terms of use. Mr. Shazeer consents to the court's jurisdiction for

(continued…)

Because personal jurisdiction does not exist, Mr. Shazeer should be dismissed as a defendant in this lawsuit.

## II.   STATEMENT OF THE ISSUES TO BE DECIDED

Whether this Court can exercise personal jurisdiction over Mr. Shazeer.

## III.   FACTUAL ALLEGATIONS

Mr. Shazeer co-founded C.AI with co-Defendant Daniel De Freitas. Compl. ¶¶ 26, 29. C.AI offers an online platform for users to engage in interactive conversations with virtual generative AI chatbots, called "Characters." *Id.* ¶ 216. Characters may be historical or fictional figures, *id.* ¶ 218, or custom characters created by users, *id.* ¶¶ 218-20.

Mr. Shazeer is a California citizen. Declaration of Noam Shazeer ("Shazeer Decl.") (March 7, 2025), ¶ 2. He has never resided in Texas, does not conduct business in Texas, and does not have an office in Texas. *Id.* ¶¶ 2-4. From the founding of C.AI until Mr. Shazeer's departure from the company and return to Google in 2024, C.AI was headquartered in California and incorporated in Delaware. *Id.* ¶ 5. At no time during his tenure with C.AI did Mr. Shazeer conduct business in Texas on behalf of the company. *Id.* ¶¶ 6-10.

The Complaint suggests J.F. and B.R. were harmed by the content of their conversations with Characters on C.AI. Compl. ¶ 2. Plaintiffs are A.F., the parent of J.F., *id.* ¶ 12, and A.R., the parent of B.R., *id.* ¶ 16. They bring 10 claims against Defendants on behalf of their children, *id.* ¶¶ 1-2, 374-380, 394-416, and assert 6 of those claims against Mr. Shazeer individually. *Id.* ¶¶

---

the limited purpose of compelling arbitration, but preserves his right to challenge personal jurisdiction for all other purposes. *See Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 530 n.2 (5th Cir. 2019) ("This court has definitively held that a defendant can subject itself to the court's jurisdiction for 'the limited purpose of compelling arbitration' without waiving challenges to personal jurisdiction for other purposes.").

381-393, 417-467.

## IV. LEGAL STANDARD

On a Rule 12(b)(2) motion, "the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident" and must present a prima facie case for personal jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994); *see also Luciano v. SprayFoamPolymers.com, LLC,* 625 S.W.3d 1, 8 (Tex. 2021) ("The plaintiff bears the initial burden of pleading allegations sufficient to confer jurisdiction."). "Allegations in a plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." *Cunningham v. CBC Conglomerate, LLC*, 359 F. Supp. 3d 471, 476 (E.D. Tex. 2019); *see also Hyundam Indus. Co., Ltd. v. Swacina*, 692 S.W.3d 734, 744 (Tex. App. – Corpus Christi 2023, pet. filed) (the nonresident defendant must negate all bases of personal jurisdiction alleged by the plaintiff, including by "present[ing] evidence that it has no contacts with Texas, effectively disproving the plaintiff's allegations") (citation and internal quotations omitted). "[A]cceptance" of the plaintiff's jurisdictional allegations "does not automatically mean that a prima facie case for specific jurisdiction has been presented." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001). Rather, the plaintiff must "show the nonresident defendant's purposeful availment of the benefits and protections of and minimum contacts with the forum state." *Id*.

## V. ARGUMENT

Because Mr. Shazeer is a California resident and because Plaintiffs do not attempt to allege continuous or systematic ties to the state of Texas, Plaintiffs do not (and cannot) claim that this Court in Texas may exercise general jurisdiction over him. Compl. ¶ 35; *see also* Shazeer Decl. ¶ 2. Instead, Plaintiffs must allege facts sufficient to support the exercise of specific personal jurisdiction with respect to Mr. Shazeer's "activity conducted within the forum state." *BRP-Rotax*

*GMBH & Co. KG v. Shaik,* 698 S.W.3d 305, 311 (Tex. App. – Dallas 2023, pet. granted); *see Casares v. Agri-Placements Int'l, Inc.,* 12 F. Supp. 3d 956, 968 (S.D. Tex. 2014) ("due process requirements must be met as to each defendant over whom a court exercises jurisdiction") (cleaned up); *Mary Lee v. TriCentury Corp.*, 2010 WL 11530300, at *3 (E.D. Tex. Apr. 29, 2010) ("the court must still evaluate each of the Defendants' contacts separately to determine whether personal jurisdiction exists") (cleaned up).

In order for a court to exercise specific personal jurisdiction in Texas, personal jurisdiction must (1) exist under Texas's long-arm statute and (2) be consistent with due process. *Luciano,* 625 S.W.3d at 8. "The Texas long-arm statute authorizes the exercise of personal jurisdiction to the full extent allowed by the Due Process Clause of the Fourteenth Amendment." *Ancor Holdings, L.P. v. Landon Capital Partners, LLC*, 114 F.4th 382, 394 (5th Cir. 2024) (cleaned up).

### A.     Texas's Long-Arm Statute Does Not Confer Jurisdiction Over Mr. Shazeer.

"The Texas long-arm statute is satisfied if the nonresident defendant 'does business' in this State." *Hyundam Indus. Co.*, 692 S.W.3d at 741. "[D]o[ing] business" in Texas includes "contract[ing] . . . with a Texas resident [where] either party is to perform the contract in whole or in part in this state"; "commit[ing] a tort in whole or in part in this state"; or "recruit[ing] Texas residents . . . for employment inside or outside this state." Tex. Civil Prac. & Remedies Code Ann. § 17.402(1)-(3) (West 2023). Plaintiffs allege no such actions on the part of Mr. Shazeer. The facts, as set forth in Mr. Shazeer's declaration, establish just the opposite. He was not "do[ing] business" in Texas because, as set forth in his declaration, Mr. Shazeer did not develop C.AI in Texas, did not provide services to or on behalf of C.AI in Texas, did not enter into any business transaction or contract in Texas on behalf of C.AI, did not advertise or promote C.AI in Texas, and did not transact or solicit business in Texas on behalf of C.AI. Shazeer Aff. ¶¶ 6-10. Nor have

Plaintiffs alleged any facts showing that the sole intentional tort allegedly committed by Mr. Shazeer, intentional infliction of emotional distress, "targeted Texas." *Elevacity U.S., LLC v. Schweda*, 2022 WL 3704537, at *6 (E.D. Tex. Aug. 26, 2022) ("the key" for intentional torts is whether the defendant "targeted Texas"); *see Walden v. Fiore*, 571 U.S. 277, 286 (2014) ("A forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum"); *Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 383 (5th Cir. 2003) ("specific personal jurisdiction may be based on intentionally tortious conduct that is purposefully directed toward the forum state"); *City of San Francisco v. Exxon Mobil Corp.*, 2020 WL 3969558, at *13 (Tex. App. – Ft. Worth 2020, pet. denied) (finding allegations that defendants "committed torts that were targeted at Texas" satisfied Texas's long-arm statute, but failed to satisfy due process).

Even if the Complaint alleged that C.AI had limited business activity in Texas (it does not), such business activity would not be sufficient to establish personal jurisdiction over Mr. Shazeer. *See Tabacinic v. Frazier*, 372 S.W.3d 658, 669 (Tex. App. - Dallas 2012, no pet.) ("[j]urisdiction over an individual generally cannot be based on jurisdiction over a corporation with which he is associated"). Any attempt to cure these allegations would therefore be futile. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile.").

**B.      Exercising Specific Personal Jurisdiction Over Mr. Shazeer Would Violate Constitutional Due Process.**

A Texas court's exercise of personal jurisdiction over Mr. Shazeer would violate due process. For a court to exercise specific personal jurisdiction consistent with due process, (1) the defendant must have "purposefully availed itself of the forum" and (2) the plaintiff's claims must

"arise out of or relate to" the defendant's forum-directed activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citations omitted); *see also Ancor Holdings, L.P. v. Landon Capital Partners, LLC*, 114 F.4th 382, 394 (5th Cir. 2024) (citing *Burger King*).

### 1. Plaintiffs Cannot Establish "Purposeful Availment."

Due process requires that Mr. Shazeer "purposely availed" himself of the forum. *See Burger King Corp.*, 471 U.S. at 472. The Complaint does not allege any conduct (suit-related or otherwise) by Mr. Shazeer specifically targeting Texas: there are no allegations that Mr. Shazeer promoted C.AI in Texas, communicated with Texas residents, or entered into any business transactions with Texas residents. And Mr. Shazeer establishes in his declaration that no such actions took place. *See* Shazeer Decl. ¶¶ 6-10.

The only allegations purporting to show Mr. Shazeer "purposefully availed" himself of the forum are those Plaintiffs collectively allege against *all Defendants*. Plaintiffs allege that "Defendants" "designed or oversaw the design" of C.AI "with the intention of promoting it to Texas residents and transacting business in Texas with Texas residents," "direct market[ed] and advertis[ed] to and in the State of Texas," "sen[t] emails and other communications to Texas residents," "collect[ed] personal and location information . . . of Texas residents," "purport[ed] to enter thousands of contracts with Texas residents as well as Texas businesses," and thus "purposefully availed themselves of Texas law[.]" Compl. ¶ 36-37. Plaintiffs, however, make no allegation that Mr. Shazeer specifically undertook any such action.

These generalized and collective allegations are insufficient as a matter of law. It is "plainly unconstitutional" to assert jurisdiction "by considering the defending parties together and aggregating their forum contacts." *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980) (internal quotation marks omitted); *see Casares,* 12 F. Supp. 3d at 968 ("due process requirements must be

met as to each defendant over whom a court exercises jurisdiction") (cleaned up); *Mary Lee*, 2010 WL 11530300, at *3 ("the court must still evaluate each of the Defendants' contacts separately to determine whether personal jurisdiction exists") (cleaned up). Plaintiffs' improper jurisdictional group pleading must be rejected. *See Owens v. Jastrow*, 789 F.3d 529, 537 (5th Cir. 2015) ("This court has rejected the group pleading doctrine."); *see also In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 135 (S.D.N.Y. 2021) ("To allege personal jurisdiction over a defendant, group pleading is not permitted.").

### 2. The Claims Do Not "Arise Out of or Relate To" Mr. Shazeer's Purported Contact with Texas.

Due process requires that "the suit" must "aris[e] out of or relat[e] to the defendant's contacts with the forum." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *see Walden*, 571 U.S. at 277 (specific jurisdiction is based on "the relationship among the defendant, the forum, and the litigation"); *BRP-Rotax GMBH & Co.*, 698 S.W.3d at 313 (same).

Plaintiffs have not (and cannot) allege facts showing a "relationship among the defendant, the forum, and the litigation." *Walden*, 571 U.S. at 277. Mr. Shazeer did not develop C.AI in Texas, did not provide services to or on behalf of C.AI in Texas, did not enter into any business transactions or contracts in Texas on behalf of C.AI, did not advertise or promote C.AI in Texas, and did not transact or solicit business in Texas on behalf of C.AI. Shazeer Decl. ¶¶ 6-10. *See Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 259 (2017) (plaintiffs' claim did not arise out of or relate to defendant's California contacts because "BMS did not develop Plavix in California, did not create a marketing strategy for Plavix in California, and did not manufacture, label, package, or work on the regulatory approval of the product in California"). Indeed, Plaintiffs' failure to allege that Mr. Shazeer has *any* contacts with Texas shows that Plaintiffs'

claims cannot "arise out of or relate to" such suit-relevant forum contacts. *See BRP-Rotax GMBH & Co.*, 698 S.W.3d at 313 ("the court should consider only the defendant's contacts with the forum state"). This is fatal to Plaintiffs' attempt to establish personal jurisdiction over Mr. Shazeer.

Nor do Plaintiffs' claims "arise out of or relate to" the purported minimum contacts pled against "Defendants" without differentiation. The Complaint does not allege that any of C.AI's purported contacts with Texas have anything to do with Plaintiffs' claims. *See Bristol-Myers Squibb*, 582 U.S. at 264 ("When there is no" "affiliation between the forum and the underlying controversy" "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State."). And basing jurisdiction on allegations collectively pled against "Defendants" contravenes the requirement that "the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Walden*, 571 U.S. at 284.

## VI. CONCLUSION

For the foregoing reasons, Mr. Shazeer respectfully requests that the claims asserted against him in the Complaint be dismissed for lack of personal jurisdiction.

DATED: March 10, 2025

Respectfully submitted,

*/s/ Isaac D. Chaput*

Paul W. Schmidt* (LEAD COUNSEL)
COVINGTON & BURLING LLP
New York Times Building
620 Eighth Avenue,
New York, New York 10018-1405
Telephone: + 1 (212) 841-1171
Email: pschmidt@cov.com

Isaac D. Chaput*
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: + 1 (415) 591-7020
Email: ichaput@cov.com

Jennifer Parker Ainsworth
Texas Bar No. 00784720
WILSON, ROBERTSON & VANDEVENTER, P.C.
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Telephone: 903-509-5000
Email: jainsworth@wilsonlawfirm.com

*Admitted Pro Hac Vice

**Counsel for Defendant Noam Shazeer**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this motion via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 10, 2025.

/s/ Isaac D. Chaput