UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| A.F., on behalf of J.F., and A.R., on behalf of B.R., <br><br> Plaintiffs, <br><br> v. <br><br> CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FREITAS ADIWARSANA; GOOGLE LLC; ALPHABET INC., <br><br> Defendants. | Case No. 2:24-cv-01014-JRG-RSP |

**DEFENDANT CHARACTER TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS PENDING ARBITRATION PURSUANT TO 9 U.S.C. §§ 3–4 AND FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(3)**

Plaintiffs do not meaningfully oppose Defendant Character Technologies, Inc.'s ("C.AI") Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration ("MTCA"), ECF No. 34, or Defendants' Joint Motion to Stay Discovery Pending Resolution of Motions to Compel Arbitration ("Stay Motion"), ECF No. 39. Indeed, Plaintiffs purported to commence limited-scope arbitrations while these motions were pending—effectively conceding their claims must be arbitrated. Those actions undermine, and are entirely inconsistent with, Plaintiffs' half-hearted denials that J.F. and B.R. each formed arbitration agreements with C.AI. Those denials also are inconsistent with the law. Because arbitration agreements exist that delegate all issues to the arbitrator, the Court must grant the MTCA. *See Edwards v. Doordash, Inc.*, 888 F.3d 738, 743–44 (5th Cir. 2018); *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 202 (5th Cir. 2016).

Although they have not disputed the relevant facts, Plaintiffs have not agreed to the relief sought by the MTCA. Instead, they purport to agree to arbitrate only one issue in this action—whether their disputes with C.AI are arbitrable—subject to the Court's imposition of various conditions on the arbitrations. ECF No. 48-6. Plaintiffs provide no authority to support these requests, which would violate federal arbitration law and the arbitration agreements.

Plaintiffs' suggestion that C.AI and its counsel are unduly delaying these proceedings by seeking arbitration runs contrary to established law. C.AI has the right to enforce its arbitration rights under federal law and the terms of the arbitration agreements.

The Court should grant the MTCA and the Stay Motion in their entirety and decline to involve itself in the subsequent arbitration in violation of federal arbitration law.

I.  **PLAINTIFFS DO NOT MEANINGFULLY OPPOSE ARBITRATION OR A STAY OF THE CASE**

Under settled law, this Court's analysis is limited to determining: (1) whether J.F. and B.R. entered arbitration agreements with C.AI; and (2) whether those agreements delegate all

threshold issues to the arbitrator. If the answer to both questions is yes, the MTCA should be granted and the litigation stayed. *See Edwards*, 888 F.3d at 743–44; *Kubala*, 830 F.3d at 202.

By attempting to submit the issue of arbitrability to arbitration by JAMS, Plaintiffs have effectively conceded that J.F. and B.R. entered into arbitration agreements and that all threshold issues have been delegated to the arbitrator. Nevertheless, in this Court, Plaintiffs are asserting two cursory challenges to contract formation, neither of which has merit:

- Plaintiffs suggest J.F.'s and B.R.'s agreements to arbitrate are not enforceable because they are minors. ECF No. 48 at 1 n.2. That is incorrect. As the MTCA explains and as Plaintiffs' cited authorities confirm, *id.*, contracts with minors are *voidable*, not *void*. MTCA at 12 (citing *Dairyland Cnty. Mut. Ins. Co. of Tex. v. Roman*, 498 S.W.2d 154, 158 (Tex. 1973)).

- Plaintiffs note that J.F.'s and B.R.'s "actual" consents to C.AI's Terms of Service "are nowhere in the record." ECF No. 48 at 1 n. 3. C.AI's Head of Data Science submitted a declaration establishing that J.F. and B.R. necessarily agreed to the Terms when they created C.AI user accounts. ECF No. 36-1, ¶¶ 1, 12–15. That is sufficient to carry C.AI's burden. *See, e.g.*, *Norwood v. Tenet Healthcare Corp.*, 2019 WL 13140588, at *2–3 (W.D. Tex. Mar. 18, 2019) (declaration sufficient to show existence of valid arbitration agreement). Plaintiffs cite no contrary authority and do not dispute that J.F. and B.R. agreed to the Terms.

Given that J.F. and B.R. agreed to arbitrate all disputes with C.AI, including threshold arbitrability issues, the Court "possesses no power to decide" any arbitrability issue or the merits of Plaintiffs' claims. *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68–69 (2019). The Court therefore "must compel arbitration 'in accordance with the terms of the agreement,'" *id.* at 69 (quoting 9 U.S.C. § 4), and stay this action, *id.* (citing 9 U.S.C. § 3); *accord Smith v. Spizzirri*, 601 U.S. 472, 478 (2024).

2

## II. PLAINTIFFS' PROPOSED ORDER IS INCONSISTENT WITH LAW

Although Plaintiffs do not meaningfully oppose arbitration and a stay of this action, they submit a proposed order that: (1) would impose a stay only with respect to C.AI, Google, LLC, and Alphabet Inc. (not the individual defendants); (2) is keyed to the arbitrations Plaintiffs commenced against C.AI on March 21, 2025 (which submit only the issue of arbitrability to JAMS, not Plaintiffs' claims against C.AI in their entirety); and (3) would impose various conditions on C.AI's right to arbitration and insert the Court into JAMS's administration of the arbitrations. ECF No. 48-6. All three aspects of Plaintiffs' proposed order are contrary to law.

*The entire action should be stayed.* As the MTCA explains, Plaintiffs' claims against the other defendants are entirely derivative of the claims against C.AI, and it would irreparably prejudice C.AI's arbitration rights if overlapping legal and factual issues were litigated in this proceeding, in its absence, while the arbitrations are pending. MTCA at 15 (citing *Harvey v. Joyce*, 199 F.3d 790, 795–96 (5th Cir. 2000); *Courtright v. Epic Games, Inc.*, 2025 WL 558560, at *9 (W.D. Mo. Feb. 13, 2025); *Orellana v. Roblox Corp.*, 2025 WL 694428, at *11 (M.D. Fla. Mar. 4, 2025)). Plaintiffs did not respond to C.AI's authorities and cite none to the contrary.

*The entire action should be submitted to arbitration.* Plaintiffs' demands dated March 21, 2025 are expressly limited to the issue of arbitrability. ECF Nos. 48-1, 48-2. That violates the Federal Arbitration Act ("FAA") and J.F.'s and B.R.'s arbitration agreements, which require binding arbitration of *all claims* arising from their use of C.AI, not just arbitrability. MTCA at 5–6; *accord* 9 U.S.C. § 4 (if an agreement exists, court must direct "the parties to proceed to arbitration in accordance with the terms of the agreement[s]"). Plaintiffs cite no authority for their piecemeal approach, which also would be inefficient: If the arbitrator finds the agreements enforceable, unnecessary further steps would be required to submit the entire dispute to JAMS.

3

***Arbitral procedural matters are for the arbitrator, not the court.*** Nothing in the FAA or the operative arbitration agreements supports Plaintiffs' unusual request for the Court to involve itself in the administration and timing of the arbitrations. It is black-letter law that arbitral procedural matters are presumptively for the arbitrator—not the court—to determine. *See BG Grp. PLC v. Republic of Argentina*, 572 U.S. 25, 34–35 (2014) ("[C]ourts presume that the parties intend arbitrators, not courts, to decide disputes about the meaning and application of particular procedural preconditions for the use of arbitration." (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 86 (2002))). Plaintiffs identify no reason the arbitrator would be unable to manage the arbitrations effectively and efficiently, pursuant to the JAMS Streamlined Arbitration Rules and Procedures that are incorporated into the operative arbitration agreements.

Plaintiffs devote three of their four pages to accusing C.AI and its counsel of engaging in a perceived strategy of unjust delay. This is all irrelevant to the Court's analysis of the pending motions, so C.AI will respond only briefly to note that: (1) any "delay" is the result of Plaintiffs' decisions to file their claims in federal court (despite being aware of the arbitration agreements) and to oppose the pending motions (despite filing arbitration demands);[1] and (2) C.AI disagrees with Plaintiffs' unsupported characterizations of the parties' correspondence (which Plaintiffs did not provide to the Court). Suffice to say, there is nothing improper about C.AI seeking to enforce its arbitration rights—or declining to waive rights, as Plaintiffs have demanded. To the contrary, "[i]t is prudent for parties to arbitration agreements to insist upon the enforcement of their contractual rights and compliance with [the FAA]." *Adam Techs. Int'l S.A. de C.V. v.*

---

[1] During the parties' pre-motion meet and confer, Plaintiffs stated that they would oppose both motions. They did not disclose they were filing arbitration demands until the day they did so. Since Plaintiffs submitted their demands, C.AI has repeatedly offered to stipulate to a stay of this action, subject to Plaintiffs' submission of the entire dispute to arbitration as the law requires.

*Sutherland Glob. Servs., Inc.*, 729 F.3d 443, 447 (5th Cir. 2013) (cleaned up).  That C.AI, through its counsel, is attempting to enforce its arbitration agreements with J.F. and B.R., in accordance with their terms, neither violates this Court's rules nor is uncooperative behavior.[2]

C.AI's counsel has at all times complied, and intends to continue complying, with this Court's rules.  C.AI has no objection to providing the Court with reports regarding the status of the arbitration at a reasonable cadence; C.AI proposes every 60 days, which is consistent with (or more frequent than) the cadence other courts have approved.  *E.g.*, *Exadel, Inc. v. Turner*, 2021 WL 6618466, at *3 (E.D. Tex. Dec. 16, 2021) (joint reports every four months); *Seifert v. United Built Homes, LLC*, 684 F. Supp. 3d 555, 570 (N.D. Tex. 2023) (joint reports every 90 days); *Cubria v. Uber Techs. Inc.*, 242 F. Supp. 3d 541, 551 (W.D. Tex. 2017) (same).

***

For these reasons and those in its moving papers, C.AI respectfully requests that the Court grant the MTCA and the Stay Motion in their entirety and deny Plaintiffs' requests.

| | |
|---|---|
| Jonathan H. Blavin* (Lead Counsel)<br>Cal. Bar No. 230269<br>Victoria A. Degtyareva*<br>Stephanie Goldfarb Herrera*<br>MUNGER, TOLLES & OLSON, LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105<br>Tel: (415) 512-4000<br>Jonathan.Blavin@mto.com<br>Stephanie.Herrera@mto.com<br>Victoria.Degtyareva@mto.com<br>*Admitted Pro Hac Vice* | /s/ Melissa R. Smith<br>Melissa Richards Smith<br>Texas Bar No. 24001351<br>GILLIAM & SMITH, LLP<br>303 South Washington Avenue<br>Marshall, TX 75670<br>(903) 934-8450<br>melissa@gilliamsmithlaw.com |

---

[2] Plaintiffs point out that C.AI did not move to compel arbitration in a federal lawsuit in Florida. ECF No. 48 at 2 n. 5.  Again, this is irrelevant to the pending motions; however, the Florida action involves a wrongful death claim, which presents unique arbitrability considerations.  *See* ECF No. 11, *Garcia v. Character Techs., Inc.*, No. 6:24-CV-01903 (M.D. Fla. Nov. 9, 2024).

## CERTIFICATE OF SERVICE

      I hereby certify that on April 2, 2025, I electronically submitted the foregoing document with the clerk of the United States District Court for the Eastern District of Texas, using the Court's CM/ECF system, which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

                                                  */s/ Melissa R. Smith*
                                                  Melissa R. Smith