# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| A.F., on behalf of J.F., and A.R., on behalf of B.R., <br><br> Plaintiffs, <br><br> v. <br><br> CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FREITAS ADIWARSANA; GOOGLE LLC; ALPHABET INC., <br><br> Defendants. | Case No. 2:24-cv-01014-JRG-RSP |

**DEFENDANTS GOOGLE LLC'S, ALPHABET INC.'S, NOAM SHAZEER'S AND DANIEL DE FREITAS'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS PENDING ARBITRATION**

In their moving papers, Defendants Google LLC, Alphabet Inc., Noam Shazeer, and Daniel De Freitas ("Movants") asked this Court to stay this case against them and to compel arbitration pursuant to 9 U.S.C. § 4 under the doctrine of intertwined claims estoppel. *See* ECF No. 42 (the "Motion"). As Movants explained, because Plaintiffs treat Movants and Defendant Character Technologies, Inc.'s ("C.AI") as a single unit, and allege claims intertwined with C.AI's Terms of Service, Movants are entitled to enforce the arbitration provision in those terms against Plaintiffs. *See Hays v. HCA Holdings, Inc.*, 838 F.3d 605, 610 (5th Cir. 2016).

Plaintiffs' "Response to Defendants' Motions to Compel Arbitration and Stay," ECF No. 48 (the "Response"), does not explicitly oppose this relief or in any way dispute the legal arguments raised by Movants. Instead, it *agrees* that a stay is appropriate and additionally asks the Court to, order C.AI and Plaintiffs to "cooperate" to reach a resolution of their dispute over the enforceability of the arbitration provision, with the Court exercising oversight over C.AI's and Plaintiffs' plans and process through arbitration, *see* Proposed Order, ECF No. 48-6.[1] In their Response, Plaintiffs assert that they have filed arbitration demands with JAMS, addressed *only to C.AI*, that seek a declaration that Plaintiffs are not bound by the terms of the arbitration clause. ECF No. 48 at 3-4; *see* ECF No. 48-1, 48-2 (arbitration demands).

Plaintiffs are equally obligated to arbitrate with Movants as with Character—both as to

---

[1] Plaintiffs' Proposed Order refers only to a stay of "Plaintiffs' claims against defendants Character Technologies, Inc. ('C.AI'), Google, LLC, and Alphabet Inc." ECF No. 48-6. Because the Response does not provide any basis for Plaintiffs' claims to proceed against Mr. Shazeer and Mr. De Freitas while proceedings are stayed against the remainder of the parties, a stay should apply equally to all Defendants, consistent with Defendants' motion to stay, ECF No. 39.

threshold issues and as to the substance of their claims.[2]  Having failed to respond to the Motion, Plaintiffs effectively concede that the arbitration agreements must be enforced.  *See E-Dealer Direct v. Bank of Am., N.A.*, 2021 WL 2115299, at *8 (W.D. Tex. May 25, 2021) ("'[F]ailure to brief an argument in the district court waives that argument in that court,' thus conceding the underlying issue.") (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003)).  The Court should therefore grant Movants' request to compel arbitration.  Plaintiffs will be free to raise their disaffirmance challenges in that forum.

While Plaintiffs also seek to enlist this Court in overseeing, monitoring, and shaping the arbitration proceedings between Plaintiffs and C.AI, they point to no contractual basis for that proposed micromanagement.  Plaintiffs do not request similar relief as to any arbitration between Movants and Plaintiffs, and doing so would be improper:  As C.AI explains in its Reply (at pp. 4-5), arbitration is a "creature of contract," and both the FAA and blackletter contract principles preclude Plaintiffs from "rewriting the agreement of the parties." *Nat'l Iranian Oil Co. v. Ashland Oil, Inc.*, 817 F.2d 326, 334 (5th Cir. 1987); *see also* 9 U.S.C. § 4 (instructing courts to direct parties to "arbitration in accordance with the terms of the agreement").  Even if the arbitration procedures were subject to review, the straightforward arbitration process contemplated by the agreement is far simpler than the piecemeal process Plaintiffs propose of arbitrating only certain issues with certain parties in an order of their choosing.  Indeed, the caselaw is "uniform" that "courts may not review the decisions of the arbitrator, whether as to arbitrability or any other matter, until the JAMS arbitration has reached

---

[2] For example, in *Sakyi v. Estée Lauder Companies, Inc.*, 308 F. Supp. 3d 366, 385–87 (D.D.C. 2018), the Court found that equitable estoppel applied to allow non-signatories to enforce an arbitration agreement against the plaintiff.  And although there were "several gateway questions of arbitrability, including whether the class arbitration waiver [was] enforceable," the Court referred the case against all parties to arbitration.  *Id.* at 388.

its conclusion and the arbitrator has issued any awards she deems appropriate." *Quixtar Inc. v. Brady*, 2008 WL 5386774, at *14 (E.D. Mich. Dec. 17, 2008).

As to Plaintiffs' request for a stay, Movants agree that these proceedings should be stayed, and already moved for a stay pending resolution of the arbitration motions, *see* ECF No. 39, as well as while any arbitration is proceeding, *see* ECF No. 42. Because Plaintiffs agree that a stay is appropriate, the Court should grant the stay Defendants requested.

Additionally, the Individual Defendants filed motions to dismiss for lack of personal jurisdiction. ECF Nos. 33, 38. Despite receiving an extension, ECF No. 47, Plaintiffs did not file a response, so the Court must treat these motions as unopposed. *See* Local Civil Rule 7(d). And because it is the plaintiff's burden to establish personal jurisdiction, a plaintiff's "failure to answer the affidavits of [defendants] supporting their motion for dismissal [is] a failure by the plaintiff to carry her burden of showing personal jurisdiction in the face of the affidavits supporting the motion to dismiss." *Geist v. Martin*, 675 F.2d 859, 862 (7th Cir. 1982).

As permitted by Fifth Circuit precedent, the Individual Defendants consented to this Court's personal jurisdiction for the limited purpose of deciding their motion to compel arbitration. *See* ECF No. 33 at 1 n.1; ECF No. 38 at 1 n.1 (citing *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 529 n.2 (5th Cir. 2019)). So this Court may compel arbitration against the Individual Defendants. But if the arbitrator were to decide that Plaintiffs had validly disaffirmed their contracts and the case returned to this Court, the Court would at that point be required to dismiss the case against the Individual Defendants without prejudice for lack of personal jurisdiction.

\*       \*       \*

Given Plaintiffs' non-opposition, the Court should grant Movant's motion to compel arbitration, direct Plaintiffs to arbitrate with Google, Alphabet, Mr. Shazeer, and Mr. De Freitas, and

stay all proceedings in this Court. If the arbitrator ultimately returns the proceedings to this Court, the Court must dismiss Mr. Shazeer and Mr. De Freitas for lack of personal jurisdiction.

Dated: April 2, 2025

Respectfully submitted,

*/s/ Michael E. Jones with permission for Lauren Gallo White*
Michael E. Jones (State Bar No. 10929400)
Shaun W. Hassett (State Bar No. 24074372)
POTTER MINTON, Professional Corporation
102 N. College, Suite 900
Tyler, Texas
(903) 597-8311
mikejones@potterminton.com
shaunhassett@potterminton.com

Lauren Gallo White (PHV)
Wilson Sonsini Goodrich & Rosati
One Market Plaza, Suite 3300
San Francisco, CA 94105
(415) 947-2000
lwhite@wsgr.com

Fred A. Rowley, Jr. (PHV)
Matthew K. Donohue (PHV)
Wilson Sonsini Goodrich & Rosati
953 E. Third Street, Suite 100
Los Angeles, CA 90013
(323) 210-2900
fred.rowley@wsgr.com
mdonohue@wsgr.com

*Counsel for Google LLC and Alphabet Inc.*

*/s/ Isaac D. Chaput*
Jennifer Parker Ainsworth
Texas Bar No. 00784720
Wilson, Robertson & VanDeventer, P.C.
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Telephone: 903-509-5000
Email: jainsworth@wilsonlawfirm.com

Paul W. Schmidt* (LEAD COUNSEL)
COVINGTON & BURLING LLP
New York Times Building
620 Eighth Avenue,
New York, New York 10018-1405
Telephone: + 1 (212) 841-1171
Email: pschmidt@cov.com

Isaac D. Chaput*
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: + 1 (415) 591-7020
Email: ichaput@cov.com

*Admitted Pro Hac Vice

Counsel for Defendant Noam Shazeer

/s/ Andrew H. Schapiro
Andrew H. Schapiro (pro hac vice)
Lead Attorney
Illinois Bar No. 6209041
andrewschapiro@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone:    (312) 705-7400
Facsimile:    (312) 705-7401

Hayden Little
Texas Bar No. 24136986
haydenlittle@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
700 Louisiana Street, Suite 3900
Houston, Texas 77002
Telephone:    (713) 221-7000
Facsimile:    (713) 221-7100

Counsel for Defendant Daniel De Freitas Adiwarsana