# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| A.F., ON BEHALF OF J.R.; AND A.R., ON BEHALF OF B.R., <br><br> Plaintiffs, <br><br> v. <br><br> CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FREITAS; GOOGLE, LLC; AND ALPHABET INC. <br><br> Defendants. | No. 2:24-CV-1014-JRG-RSP |

**SURREPLY IN FURTHER RESPONSE TO DEFENDANTS' MOTIONS TO COMPEL ARBITRATION AND STAY (D.I. 34, 48, 39, 42)**

## ARGUMENT

**I.    C.AI'S MOTIONS TO COMPEL ARBITRATION AND STAY ARE MOOT.**

As Plaintiffs explained in their Response to the Motions (D.I. 48-1),[1] even though the arbitration clauses C.AI thrust upon a 9-year old girl and a 15-year old autistic boy are unenforceable, Plaintiffs have voluntarily asked JAMS to confirm Plaintiffs' rights to litigate the merits of their claims before this Court and a Texas jury. Plaintiffs did this because the arbitral detour C.AI has demanded, while pointless, is the lesser poison compared to the extensive delay Plaintiffs would have had to face had they litigated the enforceability of the arbitration clauses before this Court and thereafter the appellate courts.

In its Reply (D.I. 49), C.AI pretends that Plaintiffs' voluntary decision to arbitrate does not moot C.AI's motion to compel arbitration. According to C.AI, the Court must (i) compel Plaintiffs to arbitrate *the merits* of their claims—not just the threshold question of arbitrability; while at the same time (ii) refrain from enforcing the ethical duties of C.AI's counsel to cooperate with Plaintiffs to ensure that the arbitrations are conducted as efficiently and quickly as possible. Stated differently, C.AI wants the Court to (i) dictate how *Plaintiffs* proceed before JAMS; but (ii) say nothing about how *C.AI* has behaved before this Court and ought to behave going forward.

C.AI's position is both self-defeating and disingenuous. So too are C.AI's attempts to justify and perpetuate its strategy of delay by sabotaging and refusing to participate in the proceedings Plaintiffs started before JAMS.

---

[1] Unless otherwise noted, all emphases herein were provided by Plaintiffs. Terms defined in the Response carry the same meaning here.

*First*, C.AI's motion to compel arbitration is moot. This is because Plaintiffs have voluntarily (i) initiated arbitration; and (ii) asked this Court to stay their claims here—in whole—until an award issues in the arbitrations. *See* D.I. 48-6 & Ex. A, attached hereto.

While C.AI asserts that Plaintiffs must also agree to arbitrate the *merits* of their claims, that assertion fails. Plaintiffs were well within their rights to ask the JAMS arbitrator to first rule on a simple, gating issue: arbitrability. *In fact, that is precisely what C.AI proposed during the discussions that preceded Plaintiffs' filing of their demands with JAMS. See* Declaration of Jennifer L. Truelove ¶ 3. At bottom, Plaintiffs did precisely what C.AI demanded, and it is untenable for C.AI to now suggest that, to obtain an award addressing a simple, threshold issue, Plaintiffs should also be required to submit to arbitration the merits of their claims—thereby waiving their position that the arbitration clauses are unenforceable.

What's more, Plaintiffs have expressly informed C.AI that "[if] the JAMS arbitrator concludes that the arbitration clauses are valid, [Plaintiffs] will pursue the merits of their claims before JAMS." *See* Ex. A, attached hereto. At bottom, there is nothing left for this Court to compel: Plaintiffs have agreed to submit the entirety of the parties' dispute to arbitration, but—as C.AI itself previously demanded—sequenced the proceedings such that (i) they move forward most efficiently; and (ii) Plaintiffs' jurisdictional objection to JAMS is preserved. C.AI's newfound disappointment with the manner in which Plaintiffs are proceeding, and with Plaintiffs' refusal to waive their position regarding arbitrability, is irrelevant. Indeed, as C.AI argues elsewhere in the Reply, gripes about "procedural matters"—that is, the manner in which the arbitrations between Plaintiffs and C.AI should move forward—are "*for arbitrator, not the court*." Reply at 4.

*Second*, there is no merit to C.AI's protestations against an order directing the parties to (i) "cooperate to ensure that the arbitrations are conducted as efficiently and quickly as possible;" (ii)

devise a concrete plan to move things forward and be ready to brief the Court on the matter during the upcoming April 23, 2025 conference; and (iii) provide periodic updates to the Court. *See* D.I. 48-6. None of this is controversial; none of this is inconsistent with the JAMS rules or the (invalid) arbitration clauses C.AI thrust upon Plaintiffs; and none of this requires the Court to "involve itself in the administration and timing of the arbitrations" (*cf.* Reply at 4). And C.AI does not—and cannot—dispute that, even when this litigation remains stayed on this Court's docket, counsel must abide by the ethical obligations they assumed when they sought to appear *pro hac vice* here, including the most fundamental tenets of our profession—cooperation and professionalism.

An order reinforcing these fundamental tenets is particularly appropriate here given that C.AI remains intent on perpetuating the procedural stalemate by any means necessary and for as long as possible. In its Reply, C.AI characterizes its conduct "prudent" and proper, and its dealings with counsel as "no[t] uncooperative." Reply and 4-5. Facts speak louder than rhetoric:

- C.AI asserts that any delay is the fault of Plaintiffs, who should have filed their claims before JAMS, not this Court. But, as Plaintiffs explained in the Response, the arbitration clauses are invalid under Texas law. *See* Response at 1-2 & nn. 2, 4. C.AI failed to rebut this showing in its Reply, and during an April 2, 2025 meet and confer could not cite a single case in which a court or arbitral tribunal overrode a parent's express disaffirmation of an arbitration clause alleged to bind a minor child. Truelove, Decl. ¶ 4.

- After Plaintiffs filed their arbitration demands, C.AI took the position that JAMS did not have jurisdiction to adjudicate the question Plaintiffs put before it. D.I. 48-3. After Plaintiffs were forced to engage in a letter-writing campaign, JAMS rejected C.AI's position as fundamentally inconsistent with the JAMS arbitration rules. *See* Ex. B.

- At every turn, C.AI has opposed Plaintiffs' efforts to move the arbitrations forward. After Plaintiffs did precisely what C.AI had demanded and commenced arbitration to resolve the arbitrability question, C.AI did an about-face and is now requesting that Plaintiffs also arbitrate the merits of their claims—effectively asking Plaintiffs to waive their objection to the invalid arbitration clauses.

- C.AI has refused to discuss the arbitrator appointment process with Plaintiffs, has refused to even propose an arbitrator of its liking, and has gone as far as demanding that JAMS stay the arbitrations. *See* Ex. C.

- C.AI has refused to accommodate some of Plaintiffs' most basic requests—such as Plaintiffs' requests to be allowed to proceed in a single arbitration (Response at 3) or consolidate the two arbitrations so they can be jointly administered (Ex. C).

- C.AI has refused to explain its position that Plaintiffs have allegedly failed to disaffirm the arbitration clauses. *See* Ex. A.

- C.AI has failed to identify the alleged "benefits" Plaintiffs are purportedly retaining, while at the same time contending that, until Plaintiffs return these unidentified "benefits," Plaintiffs cannot effectively disaffirm the arbitration clauses. *See id.*

None of this is proper, prudent, or cooperative. It is obstruction, plain and simple, all of which carries a real cost to Plaintiffs, who are minor children suffering from ongoing emotional trauma and in acute need of treatment.[2] The Court has broad authority to direct C.AI to cooperate with Plaintiffs and ensure that they receive justice, without further delay.

## II. REMAINING DEFENDANTS' MOTIONS TO COMPEL AND STAY ARE SIMILARLY MOOT.

Remaining defendants' Motions, which rely on C.AI's assertion that it is entitled to arbitrate with Plaintiffs, are similarly moot. As Plaintiffs advised counsel for Google and the individual defendants last week, Plaintiffs have agreed to stay their claims against all defendants until the conclusion of the JAMS arbitrations. *See* Ex. A.

---

[2] Claimant J.F. is currently receiving intensive care in an in-patient facility.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the Stay Order proposed by Plaintiffs.

Dated: April 9, 2025                                   Respectfully submitted,

| | |
|---|---|
| Radu A. Lelutiu<br>rlelutiu@mckoolsmith.com<br>MCKOOL SMITH P.C.<br>1301 Avenue of the Americas<br>New York, New York 10019<br>(212) 402-9400<br>Fax: (212) 402-9444<br><br>Matthew Bergman<br>matt@socialmediavictims.org<br>Laura Marquez-Garrett<br>laura@socialmediavictims.org<br>Glenn Draper<br>glenn@socialmediavictims.org<br>600 1st Avenue, Suite 102-PMB 2383<br>Seattle, WA 98104<br>(206) 741-4862 | *s/ Samuel F. Baxter*<br>Samuel F. Baxter<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>jtruelove@mckoolsmith.com<br>MCKOOL SMITH P.C.<br>104 East Houston, Suite 300<br>Marshall, Texas 75670<br>(903) 923-9000<br>Fax: (903) 923-9099<br><br>Meetali Jain<br>meetali@techjusticelaw.org<br>TECH JUSTICE LAW PROJECT<br>611 Pennsylvania Ave. SE #337<br>Washington, DC 20003 |

***ATTORNEYS FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 9, 2025 to counsel of record via the Court's ECF System.

*/s/ Radu A. Lelutiu*
Radu A. Lelutiu
