IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| A.F., on behalf of J.F., and A.R., on behalf of B.R.,<br><br>*Plaintiffs,*<br><br>v.<br><br>CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FREITAS ADIWARSANA; GOOGLE LLC; and ALPHABET INC.,<br><br>*Defendants.* | Civil Case No. 2:24-CV-01014-JRG-RSP |

**DEFENDANTS DANIEL DE FREITAS AND NOAM SHAZEER'S JOINT REPLY IN FURTHER SUPPORT OF THEIR RESPECTIVE MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendants Daniel De Freitas and Noam Shazeer (together, the "Individual Defendants") jointly submit this Reply in further support of their respective motions to dismiss. *See* Daniel De Freitas's Motion to Dismiss, ECF No. 33 ("De Freitas Mot."); Noam Shazeer's Motion to Dismiss, ECF No. 38 ("Shazeer Mot.") (collectively, the "Motions").

**INTRODUCTION**

Plaintiffs' Opposition makes clear that the Complaint should be dismissed. The Opposition ignores the Individual Defendants' demonstration that Plaintiffs cannot establish personal jurisdiction over the Individual Defendants under Texas's long arm statute, and that the Individual Defendants lack the sufficient minimum contacts to establish personal jurisdiction consistent with the requirements of constitutional Due Process. Instead, Plaintiffs introduce a brand new theory—

1

alleged nowhere in the Complaint—that the traditional personal jurisdiction framework is irrelevant because the alter ego exception applies. *See* Consolidated Response to Motions to Dismiss, ECF No. 51 ("Opp.") at 3. But Plaintiffs' alter ego theory is unsupported by the allegations in the Complaint and could not plausibly be alleged. For these reasons, as addressed below and in the Individual Defendants' opening briefs, the claims against the Individual Defendants should be dismissed for lack of personal jurisdiction. In addition, Plaintiffs' request for jurisdictional discovery should be denied because Plaintiffs failed to demonstrate the necessity of such discovery.

## ARGUMENT

### I. THE COURT NEED NOT RULE ON DEFENDANTS' PERSONAL JURISDICTION MOTIONS UNTIL AFTER THE ARBITRABILITY ISSUES ARE DECIDED

As permitted in the Fifth Circuit, both Defendants consented to this Court's jurisdiction for the limited purpose of determining whether Plaintiffs' claims against them are arbitrable. *See* De Freitas Mot. at 1 n.1; Shazeer Mot. at 1 n.1. Plaintiffs did not dispute the propriety of this procedure, nor did they oppose Defendants' motions to compel on the merits, ECF No. 48. Because Plaintiffs must now commence an arbitration against the Individual Defendants, the Court should defer ruling on the personal jurisdiction issues until after that arbitration has concluded. *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) ("When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, §3 [of the Federal Arbitration Act] compels the court to stay the proceeding.").

### II. PLAINTIFFS CONCEDE THAT TEXAS LACKS PERSONAL JURISDICTION UNDER THE TRADITIONAL FRAMEWORK

In their Motions, the Individual Defendants showed that the Complaint does not allege sufficient jurisdictional facts to satisfy due process. *See* De Freitas Mot. at 3–10; Shazeer Mot. at

3–8. To support this argument, the Individual Defendants submitted evidence alongside their Motions. *See* Declaration of Daniel De Freitas, ECF No. 33-1 ("De Freitas Decl."); Declaration of Noam Shazeer, ECF No. 38-1 ("Shazeer Decl."). Because Plaintiffs failed to submit any evidence alongside their filing, the Individual Defendants' declarations "trump[]" any contradictory allegations in the Complaint. *See In re Norplant Contraceptive Prods. Liab. Litig.*, 899 F. Supp. 315, 317 (E.D. Tex. 1995).

In fact, Plaintiffs did not respond *at all* to the Individual Defendants' arguments and evidence against personal jurisdiction. *Compare* Opp. at 1 ("Plaintiffs do not contend that this Court has personal jurisdiction over Shazeer and De Freitas based on their personal connections to Texas."), *with* Compl. ¶ 38 ("All of Plaintiffs' claims alleged herein arise from and relate to Defendants' purposeful availment of Texas law[.]"). Plaintiffs' "failure to respond . . . constitutes waiver or abandonment of those issues[.]" *See Henderson v. Jasper City Police Dep't*, 2024 WL 1565328, at *2 (E.D. Tex. Mar. 15, 2024), *report and recommendation adopted*, 2024 WL 1559285 (E.D. Tex. Apr. 10, 2024); *Jones v. Dir.*, *TDCJ-CID*, 2017 WL 1170898, at *11 (E.D. Tex. Jan. 25, 2017), *report and recommendation adopted*, 2017 WL 1154965 (E.D. Tex. Mar. 27, 2017) ("A party that fails to adequately address an argument asserted is deemed to have waived that argument.").

### III. PLAINTIFF FAILS TO PROVIDE FAIR NOTICE OF THE ALTER EGO THEORY UNDER RULE 8(A)

Having jettisoned their original basis for personal jurisdiction under the traditional framework, Plaintiffs instead improperly raise a new argument—that C.AI is an alter ego of the Individual Defendants. But Plaintiffs run afoul of Rule 8(a) of the Federal Rules of Civil Procedure ("FRCP"), which requires complaints to contain a "short and plain statement" giving defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms.,*

*Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Moke Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007) (holding that plaintiffs bear the initial burden of alleging sufficient facts to establish jurisdiction).

To meet the requirement of Rule 8(a), a plaintiff must plead "sufficient facts to put the defense on notice of the *theories* on which the complaint is based," *Turner v. Home Depot, Inc.*, 2019 WL 13253384, at *5 (E.D. Tex. Oct. 22, 2019) (emphasis added), and to "enable the opponent to prepare adequate responsive pleadings," *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 632 (5th Cir. 1999). The Fifth Circuit has instructed that pleadings must be "straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do." *Hall v. Civ. Air Patrol, Inc.*, 193 F. App'x 298, 299–300 (5th Cir. 2006) (quoting *United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). For that reason, courts "will not act based on a litigant's strategic guesswork," nor will they "take up issues" until they have been clearly presented by a party. *Earl v. Boeing Co.*, 2021 WL 1080689, at *7 (E.D. Tex. Mar. 18, 2021).

Here, the Complaint fails to provide the Individual Defendants adequate notice of Plaintiffs' purported alter ego theory. There are no allegations stating that C.AI was "fuse[d]" with the Individual Defendants or that the "corporate veil" should be "pierce[d]." *Watamar Holding S.A. v. SFM Holdings, S.A.*, 583 S.W.3d 318, 332 (Tex. App.—Houston [14th Dist.] 2019, no pet.). Nor do the words "alter ego" appear anywhere in the 467-paragraph pleading. Instead, the Complaint alleged that this Court has personal jurisdiction under the traditional framework. *See* Compl. ¶¶ 33–39.

It is well established that a plaintiff "may not amend [its] complaint in [its] response to a motion to dismiss." *Mun. Employees' Ret. Sys. of Michigan v. Pier 1 Imports, Inc.*, 935 F.3d 424,

436 (5th Cir. 2019) (quoting *Lohr v. Gilman*, 248 F. Supp. 3d 796, 810 (N.D. Tex. 2017)). For that reason, the Fifth Circuit prohibits plaintiffs from using "their response to a motion to dismiss" as an opportunity to "first reference" an allegation. *Id.*; *see Zoch v. Daimler, AG*, 2017 WL 2903264, at *7 (E.D. Tex. May 16, 2017) (holding it was too late for plaintiff to raise an "alter ego argument as an avenue for establishing personal jurisdiction for the first time in his response to [defendant's] Motion [to Dismiss]"). Here, while Plaintiffs' Opposition attempts to characterize the Individual Defendants' direct response to the Complaint's jurisdictional allegations as a "strawman" argument, *see* Opp. at 1, even a thorough scavenger hunt through the Complaint would demonstrate that Plaintiffs never intended to allege an alter ego theory of personal jurisdiction.[1]

### IV. PLAINTIFFS FAIL TO ALLEGE SUFFICIENT FACTS TO PIERCE THE CORPORATE VEIL

Even if the Individual Defendants had been on notice of the alter ego theory, Plaintiffs' argument fails on the merits. Texas courts will not pierce the corporate veil "absent exceptional circumstances," *Zhao v. iComposite*, LLC, 2022 WL 176077, at *3 (Tex. App.—Houston [14th Dist.] Jan. 20, 2022, no pet.), and will not do so for purposes of jurisdiction unless "there is such a unity between the corporation and an individual that the separateness of the two has ceased and asserting jurisdiction over only one would result in injustice," *Wilmington Tr., Nat'l Ass'n v. Hsin-Chi-Su*, 573 S.W.3d 845, 855 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (Busby, J.).[2]

---

[1] Because notice of the alter ego theory was legally insufficient, the Individual Defendants were not required to present any evidence opposing it—they "need only prove that [they] do[] not live in Texas to negate jurisdiction." *Kelly v. Gen. Interior Const., Inc.*, 301 S.W.3d 653, 659 (Tex. 2010).

[2] The difficulty of piercing the corporate veil is illustrated by Plaintiffs' own cases—none of which established personal jurisdiction through the alter ego theory. *See, e.g.*, *PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W. 3d 163, 176 (Tex. 2007) ("[W]e find no evidence of

5

To meet their burden, Plaintiffs' allegations must show that the Individual Defendants exercised control at a "greater degree than that normally associated with common ownership and directorship such that the individual and the corporation cease to be separate." *Savoie v. Pritchard*, 122 F.4th 185, 192 (5th Cir. 2024) (internal quotation marks omitted). Plaintiffs' argument fails if the Individual Defendants exercised a comparable level of control as others similarly situated. *See id.* In making this determination, the "primary factor" is "the defendant's control of internal business operations and affairs of the corporation." *Id.* However, courts also consider "the degree to which corporate and individual property have been kept separate, the amount of financial interest, ownership, and control the individual maintains over the corporation, . . . whether the corporation has been used for personal purposes, payment of alleged corporate debt with personal checks or other commingling of funds, representations that the individual will back the corporation financially, the diversion of corporate profits for personal use, and inadequate capitalization." *Watamar Holding*, 583 S.W.3d at 332.

Here, Plaintiffs' allegations are insufficient to demonstrate the requisite level of control necessary to pierce the corporate veil. At core, Plaintiffs contend that the Individual Defendants exercised significant control over C.AI's activities by virtue of their positions as co-founders.[3] *See* Opp. at 4–5. But to pierce the corporate veil, Plaintiffs must show that the Individual Defendants exercised a "greater degree" of control than other similarly situated individuals. *Savoie*, 122 F.4th

---

control other than that consistent with Province's investor status."); *Wormald v. Villarina*, 543 S.W.3d 315, 322 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("None of these documents suggest that . . . [Defendants] directed the business operations and affairs . . . any more than normally is associated with ownership and directorship.").

[3] Plaintiffs' cited allegations do not say this. *See* Complaint ¶ 26 (defining Mr. Shazeer as a party); *id.* ¶ 29 (defining Mr. De Freitas as a party); *id.* ¶ 383 (alleging that *all* Defendants, not just Individual Defendants, contributed to C.AI's development and release). The Individual Defendants have attached an appendix containing the excerpts from Plaintiffs' Complaint cited in their Opposition.

at 192. The Complaint cannot support such a conclusion because it does not allege any extraordinary control.

For example, Plaintiffs' allegation that the Individual Defendants set up C.AI to avoid safety requirements, *see e.g.,* Compl. ¶ 171, has no bearing on whether their level of control was unusual, *see PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 174–75 (Tex. 2007) (holding that allegations of misconduct are irrelevant to establishing jurisdiction under alter ego). Nor is the allegation that C.AI lacked a physical address in the months leading up to this action— around the time when the Individual Defendants *left* the company—sufficient to demonstrate a "abnormal degree of control." *See TMX Fin. Holdings, Inc. v. Wellshire Fin. Servs., LLC*, 515 S.W.3d 1, 9 (Tex. App.—Houston [1st Dist.] 2016, pet. dism'd) (holding that evidence of "shared office space" is insufficient to show alter ego status "without more"). Plaintiffs also point to the fact that Mr. Shazeer was allegedly involved in fundraising for C.AI. *See* Compl. ¶ 28. That is no smoking gun; it is literally the first step an entrepreneur takes to start a new business. *See Garcia v. Peterson*, 319 F. Supp. 3d 863, 883 (S.D. Tex. 2018) (holding that third-party financing cuts *against* alter ego argument). And Plaintiffs' contention that "all third-party funding" of C.AI, "was obtained for the benefit" of the Individual Defendants, *see* Opp. 5, is unavailing because the Complaint contains no allegation that such funding went directly into the Individual Defendants' checking accounts. *See Savoie*, 122 F.4th at 193 (noting that "a benefit that would have inured to" a business does "not necessarily" inure to its owner). In fact, Plaintiffs' explicit acknowledgement of the "incredibly expensive" "cost of developing AI technologies," *see* Compl. ¶ 146, shows that the funding C.AI received was used to build C.AI's service.

Not only do the allegations here fit well within the ambit of normal business operations, but Texas courts have rejected alter ego jurisdiction in other cases where the facts supporting veil

piercing were much stronger.  In *Wilmington Trust*, for example, the Court found no atypical control (and thus no alter ego jurisdiction) even when (1) the president was the sole owner, (2) the company shared an office space with the president's other companies, (3) the company practiced the president's patents with no licensing fee or documentation, (4) management of the company was delegated to the president's other companies with no fee, and (5) the president personally guaranteed the company's loans.  573 S.W.3d at 855–56.  Nothing close to even that insufficient showing has been alleged here.

Two additional factors make plain the insufficiency of Plaintiffs' purported alter ego theory.  First, neither Individual Defendant had full ownership of C.AI.  *See* Opp. at 5.  In Texas, when a defendant lacks complete ownership of a corporation, a plaintiff must show "significant indications that the autonomy of a corporation has been supplanted" through "*particularly persuasive* [allegations] of control[.]"  *Garcia*, 319 F. Supp. 3d at 883 (S.D. Tex. 2018) (quoting *Riquelme Valdes v. Leisure Res. Grp., Inc.*, 810 F.2d 1345, 1354 (5th Cir. 1987)) (emphasis added).  Second, although Plaintiffs argue for alter ego jurisdiction against both Individual Defendants, they must pierce the corporate veil as to *each* defendant independently.  *See Booth v. Kontomitras*, 485 S.W.3d 461, 483 (Tex. App.—Beaumont 2016, no pet.).  Any control exercised by one defendant would necessarily come at the expense of the other defendant, and Plaintiffs cite no case holding that more than one individual could have such domineering control over a corporation as to make that corporation an alter ego of two defendants.

Practically speaking, Plaintiffs' interpretation of the alter ego exception to personal jurisdiction would allow a litigant to haul any significant director, officer, or shareholder into court for acts of the corporation.  That would eviscerate the "bedrock principle of corporate law" that the "purpose" of a corporation is "to limit individual liability for the corporation's obligations."

8

*SSP Partners v. Gladstrong Invs. Corp.*, 275 S.W.3d 444, 455 (Tex. 2008) (quoting *Willis v. Donnelly*, 199 S.W.3d 262, 271 (Tex. 2006)). Plaintiffs should not be permitted to render the corporate form a nullity.

### V. PLAINTIFFS ARE NOT ENTITLED TO CONDUCT JURISDICTIONAL DISCOVERY

Plaintiffs' request for jurisdictional discovery should be denied. Plaintiffs' request is nothing more than a "fishing expedition" to prove the brand new alter ego theory introduced (improperly) for the first time in Plaintiffs' response to the Individual Defendants' Motions. The Fifth Circuit does "not authorize a jurisdictional fishing expedition based on a plaintiff's general averments that more discovery will prove our jurisdiction." *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021) (internal quotation marks omitted); *see also Bell Helicopter Textron Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 797 (N.D. Tex. 2010) ("[t]he court need not allow a plaintiff to conduct a jurisdictional fishing expedition"). Moreover, the nine categories of documents listed by Plaintiffs are not relevant or proportional to the question of alter ego. *See* Fed. R. Civ. P. 26(b)(1); *Bar Grp., LLC v. Bus. Intelligence Advisors, Inc.*, 215 F. Supp. 3d 524, 545 (S.D. Tex. 2017) ("A court may also deny jurisdictional discovery where the plaintiff only offers speculation as to jurisdiction" and "is waging a 'fishing expedition' into jurisdictional facts.").

"As the party opposing dismissal and requesting [jurisdictional] discovery, the plaintiffs bear the burden of demonstrating the necessity of discovery," *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014), and demonstrating "with reasonable particularity the possible existence of the requisite contacts," *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). Consequently, "[a] plaintiff is not entitled to jurisdictional discovery when the record shows that the requested discovery is not likely to produce the facts needed to withstand a [motion

9

to dismiss]." *Monkton*, 768 F.3d at 434 (internal quotation marks omitted); *see also Blue Spike, LLC v. Tex. Instruments, Inc.*, 2014 WL 11829323, at *4 (E.D. Tex. Mar. 31, 2014) (denying jurisdictional discovery because, "[a]lthough Plaintiff has outlined the topics on which it seeks discovery, Plaintiff has not identified any facts it *reasonably expects to discover* that would correct the deficiencies in its jurisdictional arguments").

Despite citing this standard, *see* Opp. at 6, Plaintiffs fail to list "the facts expected to be obtained [via jurisdictional discovery], and how such information would support personal jurisdiction," *id.* (quoting *Nunes v. NBCUniversal Media, LLC*, 582 F. Supp. 3d 387, 402 (E.D. Tex. 2022)); *see also Bell Helicopter Textron Inc., LLC*, 729 F. Supp. 2d at 797 ("[a]bsent from this" "laundry list of subjects on which [plaintiff] would have this court allow it to conduct discovery" "are the specific facts [plaintiff] expects such discovery would reveal to support the exercise of [personal] jurisdiction"). Accordingly, Plaintiffs' request for jurisdictional discovery should be denied.

## VI. LEAVE TO AMEND WOULD BE FUTILE

Plaintiffs should not be granted leave to amend. They did not request leave to amend the Complaint in their Opposition. *See Garrett v. Celanese Corp.*, 102 F. App'x 387, 388 (5th Cir. 2004) (holding that a court is not required to grant leave to amend sua sponte if the plaintiff never filed a motion nor requested leave to amend). Amendment would be futile because no set of additional allegations could provide the "exceptional circumstances" necessary to support Plaintiffs' new alter ego theory—particularly when Plaintiffs claim that a single entity was the alter ego of two separate individuals.

## CONCLUSION

For the above reasons, Mr. De Freitas and Mr. Shazeer respectfully request that the Court dismiss Plaintiffs' claims against them.

10

Respectfully submitted this 16th day of April, 2025.

| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN LLP** | **COVINGTON & BURLING LLP** |
| /s/  *Andrew H. Schapiro* | /s/  *Isaac D. Chaput* |
| Andrew H. Schapiro* (Lead Counsel) | Paul W. Schmidt* (Lead Counsel) |
| Illinois Bar No. 6209041 | New York Times Building |
| 191 N. Wacker Drive, Suite 2700 | 620 Eighth Avenue |
| Chicago, Illinois 60606 | New York, New York 10018 |
| Tel.: (312) 705-7400 | Telephone: + 1 (212) 841-1171 |
| Fax: (312) 7057401 | Email: pschmidt@cov.com |
| andrewschapiro@quinnemanuel.com | |
| | |
| Hayden Little | Isaac D. Chaput* |
| Texas Bar No. 24136986 | Salesforce Tower |
| 700 Louisiana Street, Suite 3900 | 415 Mission Street, Suite 5400 |
| Houston, Texas 77002 | San Francisco, California 94105 |
| Tel.: (713) 221-7000 | Telephone: + 1 (415) 591-7020 |
| Fax: (713) 221-7100 | Email: ichaput@cov.com |
| haydenlittle@quinnemanuel.com | |
| | * Admitted Pro Hac Vice |
| | |
| *Counsel for Defendant Daniel De Freitas Adiwarsana* | *Counsel for Defendant Noam Shazeer* |