```
 1              IN THE UNITED STATES DISTRICT COURT

 2              FOR THE EASTERN DISTRICT OF TEXAS

 3                      MARSHALL DIVISION

 4   A.F., ON BEHALF OF J.F.,      )(

 5   ET AL.,                       )(

 6       PLAINTIFFS,               )(    CIVIL ACTION NO.

 7                                 )(    2:24-CV-1014-JRG-RSP

 8   VS.                           )(    MARSHALL, TEXAS

 9                                 )(

10   CHARACTER TECHNOLOGIES, INC.,)(

11   ET AL.,                       )(    APRIL 23, 2025

12       DEFENDANTS.               )(    9:02 A.M.

13                      MOTION HEARING

14           BEFORE THE HONORABLE ROY S. PAYNE

15            UNITED STATES MAGISTRATE JUDGE

16

17   FOR THE PLAINTIFFS:     Mr. Sam Baxter
                             McKool Smith, PC
18                           104 East Houston Street
                             Suite 300
19                           Marshall, TX 75670

20                           Mr. Matthew P. Bergman
                             Social Media Victims Law Center
21                           600 1st Avenue
                             Suite 102 - PMB 2383
22                           Seattle, WA 98104

23   FOR CHARACTER:          Ms. Stephanie G. Herrera
                             Munger, Tolles & Olson LLP
24                           560 Mission Street
                             27th Floor
25                           San Francisco, CA 94105
```

```
 1  FOR CHARACTER:              Mr. Tom Gorham
                                Gillam & Smith LLP
 2                              102 N. College
                                Suite 800
 3                              Tyler, TX 75702

 4  FOR SHAZEER:                Mr. Isaac D. Chaput
                                Covington & Burling LLP
 5                              Salesforce Tower
                                415 Mission Street
 6                              Suite 5400
                                San Francisco, CA 94105
 7
                                Ms. Jennifer P. Ainsworth
 8                              Wilson, Robertson & VanDeventer, PC
                                909 ESE Loop 323
 9                              Suite 400
                                Tyler, TX 75701
10
    FOR DE FREITAS and
11  ARSANA:                     Mr. Andrew H. Schapiro
                                Quinn Emanuel Urquhart & Sullivan
12                              191 N. Wacker Drive
                                Suite 2700
13                              Chicago, IL 60606

14                              Mr. Hayden Little
                                Quinn Emanuel Urquhart & Sullivan
15                              700 Louisiana Street
                                Suite 3900
16                              Houston, TX 77002

17  FOR GOOGLE and
    ALPHABET:                   Mr. Matthew K. Donohue
18                              Wilson Sonsini Goodrich & Rosati
                                953 East Third Street
19                              Suite 100
                                Los Angeles, CA 90013
20
                                Mr. Michael E. Jones
21                              Potter Minton
                                102 North College
22                              Suite 900
                                Tyler, TX 75702
23

24

25
```

```
1   COURT REPORTER:            Ms. Shelly Holmes, CSR, TCRR
                               Official Court Reporter
2                              Honorable Robert W. Schroeder III
                               United States District Judge
3                              Eastern District of Texas
                               Texarkana Division
4                              500 North State Line Avenue
                               Texarkana, TX 75501
5                              shelly_holmes@txed.uscourts.gov

6   (Proceedings recorded by mechanical stenography, transcript
    produced on a CAT system.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

| | | |
|---|---|---|
| 09:02:25 | 1 | COURT SECURITY OFFICER:  All rise. |
| 09:02:26 | 2 | THE COURT:  Good morning.  Please be seated. |
| 09:02:27 | 3 | For the record, we're here for the motion hearing |
| 09:02:31 | 4 | in A.F., et al., versus Character Technologies, et al., |
| 09:02:41 | 5 | which is our Case No. 2:24-1014. |
| 09:02:46 | 6 | Would counsel state their appearances for the |
| 09:02:51 | 7 | record? |
| 09:02:51 | 8 | MR. BAXTER:  Good morning, Your Honor.  Sam |
| 09:02:54 | 9 | Baxter, McKool Smith, for the Plaintiff, along with my |
| 09:02:56 | 10 | co-counsel, Matt Bergman. |
| 09:02:57 | 11 | MR. BERGMAN:  Good morning, Your Honor. |
| 09:02:59 | 12 | MR. BAXTER:  And our client, Mandi Furniss, |
| 09:03:02 | 13 | please, Your Honor.  We're ready to go. |
| 09:03:03 | 14 | THE COURT:  All right.  Thank you, Mr. Baxter. |
| 09:03:08 | 15 | MR. GORHAM:  Good morning, Your Honor.  Tom Gorham |
| 09:03:09 | 16 | on behalf of Character.  With me here today is Stephanie |
| 09:03:14 | 17 | Herrera.  We're ready to proceed, Your Honor. |
| 09:03:15 | 18 | THE COURT:  All right.  Thank you, Mr. Gorham. |
| 09:03:17 | 19 | MS. AINSWORTH:  Good morning, Your Honor. |
| 09:03:21 | 20 | Jennifer Ainsworth and Isaac Chapat on behalf of individual |
| 09:03:24 | 21 | Plaintiff, Noam Shazeer.  And we're ready to proceed. |
| 09:03:27 | 22 | THE COURT:  Thank you, Ms. Ainsworth. |
| 09:03:29 | 23 | MR. JONES:  Good morning, Your Honor.  Mike Jones |
| 09:03:30 | 24 | on behalf of Google and Alphabet, together with Mr. Matthew |
| 09:03:34 | 25 | Donohue.  And we're ready to proceed, Your Honor. |

| | | |
|---|---|---|
| 09:03:36 | 1 | THE COURT:  All right.  Thank you, Mr. Jones. |
| 09:03:40 | 2 | MR. LITTLE:  Good morning, Your Honor.  Hayden |
| 09:03:42 | 3 | Little for Daniel De Freitas, and this is Andrew Schapiro. |
| 09:03:46 | 4 | THE COURT:  All right.  Thank you, Mr. Little. |
| 09:03:49 | 5 | All right.  We have a variety of motions on the |
| 09:03:58 | 6 | docket today, I think all of which are filed by Defendants, |
| 09:04:00 | 7 | so I would like to hear from whoever wants to take the lead |
| 09:04:04 | 8 | on behalf of Defendants first. |
| 09:04:08 | 9 | MS. HERRERA:  That would be me, Your Honor. |
| 09:04:10 | 10 | THE COURT:  All right.  Thank you, Ms. Herrera. |
| 09:04:23 | 11 | And I have read the briefing in this, fortunately, |
| 09:04:27 | 12 | starting from the end and working backwards. |
| 09:04:29 | 13 | What is -- what are the Defendants lacking?  I |
| 09:04:38 | 14 | understand that obviously they'll be an issue about whether |
| 09:04:41 | 15 | this litigation needs to be stayed, but isn't the |
| 09:04:47 | 16 | arbitration proceeding now underway? |
| 09:04:50 | 17 | MS. HERRERA:  Yes, Your Honor.  I'm happy to start |
| 09:04:53 | 18 | there.  Stephanie Herrera for Defendant, Character |
| 09:04:57 | 19 | Technologies, Inc. |
| 09:04:58 | 20 | So I think there are three reasons that the relief |
| 09:05:02 | 21 | that Defendant, Character, is seeking does not match sort |
| 09:05:11 | 22 | of what has already commenced before JAMS. |
| 09:05:13 | 23 | The first is that the demands that Plaintiffs |
| 09:05:15 | 24 | submitted to JAMS are expressly limited to the issue of |
| 09:05:19 | 25 | arbitrability.  They have not submitted their claims to |

09:05:23   1   arbitration.  The motion to compel arbitration that is

09:05:27   2   pending before the Court under the Federal Arbitration Act

09:05:30   3   under Section 4 seeks to compel the entire dispute to

09:05:34   4   arbitration.  That's all of the claims because all of the

09:05:38   5   claims fall within the scope of the arbitration agreement

09:05:43   6   at issue.

09:05:43   7          And the authorities that we cite, particularly in

09:05:47   8   our reply brief, make clear, and specifically I would

09:05:50   9   direct Your Honor to the Henry Schein case from the U.S.

09:05:53   10  Supreme Court, which I know you're familiar with.  That's

09:05:57   11  586, U.S. 63, which makes clear that the Court, quote, must

09:06:02   12  compel arbitration in accordance with the terms of the

09:06:05   13  agreement.  That's quoting Section 4 of the Federal

09:06:09   14  Arbitration Act.  And if the agreement requires all of the

09:06:11   15  claims that have been filed in this court to be arbitrated,

09:06:14   16  they must all be compelled to arbitration.

09:06:16   17         THE COURT:  In the briefing, the Plaintiffs

09:06:21   18  indicate that they have agreed that if the arbitrator

09:06:25   19  decides that the arbitrator has jurisdiction, I guess,

09:06:35   20  under the contract to arbitrate all issues, that the

09:06:38   21  Plaintiffs agree that the merits will be -- or that the

09:06:45   22  arbitrator will proceed on to the merits at that point.

09:06:48   23         Is there a real difference between that and what

09:06:51   24  you're seeking?

09:06:52   25         MS. HERRERA:  Yes, Your Honor.  So I think the

09:06:53    1    practical difference, which I understand Your Honor to be

09:06:56    2    asking, is twofold.

09:06:59    3            I think first, as we've explained to Plaintiffs,

09:07:03    4    the scope of the demand may impact arbitrator selection.

09:07:06    5    Whether we are arbitrating just arbitrability or

09:07:11    6    potentially the merits of this entire case may impact our

09:07:14    7    selections in the rank and strike process under the JAMS

09:07:19    8    rules.

09:07:19    9            The second is that there is a provision in the

09:07:21   10    arbitration agreement which specifies that if the amount at

09:07:26   11    issue is less than $10,000, then the arbitration should be

09:07:32   12    decided on the papers.  And Plaintiffs quote this provision

09:07:36   13    to Your Honor in their moving papers.  They are going to

09:07:39   14    take the position before JAMS that because only

09:07:43   15    arbitrability is at issue, the dispute does not exceed

09:07:49   16    $10,000, and, therefore, that the arbitration should be

09:07:52   17    decided on the papers.

09:07:53   18            We will litigate that issue before JAMS.  I think

09:07:56   19    JAMS can clearly look through the demand to the underlying

09:08:01   20    scope of the complaint and determine that more than $10,000

09:08:04   21    is potentially at issue here.  But that's a very real

09:08:08   22    procedural implication that Plaintiffs have already invoked

09:08:11   23    that turns on whether the entire complaint is before JAMS

09:08:15   24    or just the threshold arbitrability issue.

09:08:19   25            THE COURT:  I take it there is no dispute that

09:08:21  1    JAMS is the arbitration vehicle that's agreed to in the

09:08:29  2    underlying --

09:08:31  3            MS. HERRERA:  That's correct, Your Honor.

09:08:32  4            THE COURT:  All right.  And -- but what you're

09:08:37  5    suggesting is that the way things proceed at JAMS will

09:08:44  6    have -- will depend on what has been referred to them for

09:08:49  7    arbitration?

09:08:49  8            MS. HERRERA:  That's correct, Your Honor.

09:08:52  9            And we think further in response to the sur-reply

09:08:57  10   argument that Plaintiffs made along these lines, sort of

09:09:00  11   suggesting that there's no practical difference, we would

09:09:04  12   suggest that Your Honor look at the KPMG versus Cocchi,

09:09:14  13   C-o-c-c-h-i, decision from the Supreme Court, 565 U.S. 18,

09:09:16  14   and that decision makes clear that the Court must do a

09:09:20  15   claim-by-claim analysis of every claim asserted in the

09:09:24  16   complaint and determine whether each one is arbitrable and

09:09:27  17   compel arbitration of each claim.

09:09:30  18            There is no authority, and Plaintiffs have cited

09:09:34  19   none, suggesting that the Court may instead compel

09:09:36  20   arbitration of only the threshold arbitrability question,

09:09:42  21   and doing so would violate the plain language of the

09:09:45  22   arbitration agreement and of Section 4 and the Henry Schein

09:09:49  23   decision, which I cited earlier.

09:09:51  24            THE COURT:  Would you agree that regardless of how

09:09:54  25   the issue is submitted to arbitration, even if it's a

09:10:01   1   simple submission of all issues, the arbitrator is likely

09:10:07   2   to determine arbitrability if either party objects to that

09:10:15   3   right at the outset?  Wouldn't you agree?

09:10:18   4        MS. HERRERA:  Certainly, Your Honor.  I think it's

09:10:20   5   likely JAMS will entertain that issue first, but the

09:10:23   6   question of how to do that procedurally will be determined

09:10:27   7   by the arbitrator.  Whether that's bifurcation or simple

09:10:31   8   ordering of issues, those sorts of procedural matters, the

09:10:34   9   appointed arbitrators in each arbitration will determine.

09:10:37   10        THE COURT:  Is there any kind of tug of war going

09:10:40   11   on here between the parties as to who gets to institute

09:10:44   12   arbitration?  Is there some perceived advantage for either

09:10:49   13   side to be the party that has started the proceedings at

09:10:54   14   JAMS?

09:10:54   15        MS. HERRERA:  Not from my perspective, Your Honor,

09:10:58   16   not from Character's perspective.  We're not seeking to

09:11:02   17   initiate the proceedings.  We're happy for Plaintiffs to do

09:11:05   18   so.  We just think they need to do so consistent with the

09:11:08   19   terms of the arbitration agreement and the Federal

09:11:12   20   Arbitration Act.

09:11:12   21        THE COURT:  So as I understand it, and I've seen

09:11:15   22   the attachment to the most recent filing indicating that

09:11:18   23   JAMS has opened two proceedings in this matter, is there

09:11:25   24   any reason why the Plaintiffs can't simply amend in some

09:11:34   25   fashion if that's necessary and indicate that all issues

| | | |
|---|---|---|
| 09:11:38 | 1 | are referred? |
| 09:11:39 | 2 | MS. HERRERA:  No, there's no reason they can't do |
| 09:11:43 | 3 | that.  They haven't indicated a willingness to do that, but |
| 09:11:46 | 4 | Character would not object to that.  I think a potential |
| 09:11:49 | 5 | procedural objection that we would not make, but I'll just |
| 09:11:53 | 6 | ventilate it so that Your Honor has all the issues before |
| 09:11:55 | 7 | you, is that there is a pre-arbitration dispute resolution |
| 09:11:59 | 8 | provision in the arbitration agreement, which requires that |
| 09:12:02 | 9 | a 60-day period following notice of the demand proceed |
| 09:12:08 | 10 | where the parties can meet and confer to see if the issue |
| 09:12:10 | 11 | can be resolved. |
| 09:12:12 | 12 | We are not going to take the position that that |
| 09:12:14 | 13 | period restart if Plaintiffs amend the demands.  We have |
| 09:12:19 | 14 | said to them that we will treat the filing of the demands |
| 09:12:21 | 15 | on March 21st as the date that triggers that provision. |
| 09:12:26 | 16 | They're objecting to the application of that provision, and |
| 09:12:29 | 17 | we'll take that objection up with JAMS.  But we will not |
| 09:12:32 | 18 | seek to, you know, restart that clock if they amend. |
| 09:12:36 | 19 | THE COURT:  And, Ms. Herrera, do you believe that |
| 09:12:39 | 20 | you speak for all of the Defendants on the issues that |
| 09:12:43 | 21 | we're addressing? |
| 09:12:44 | 22 | MS. HERRERA:  So I should say, Your Honor, I |
| 09:12:47 | 23 | believe I do up to this point, although at this time, |
| 09:12:51 | 24 | Plaintiffs have only instituted JAMS proceedings against |
| 09:12:56 | 25 | Character Technologies, Inc., so none of the other |

09:12:58    1    Defendants are currently involved in the JAMS proceedings

09:13:00    2    and have not been involved in the correspondence and

09:13:03    3    informal motion practice before JAMS, so they have not

09:13:06    4    taken positions formally.

09:13:07    5        THE COURT:  And are any of the other Defendants

09:13:14    6    taking the position that they are beneficiaries entitled to

09:13:19    7    arbitration under the agreements?

09:13:23    8        MR. SCHAPIRO:  Yes, Your Honor.

09:13:28    9        MR. DONOHUE:  We are.

09:13:29    10       THE COURT:  All right.  Then I guess I will hear

09:13:31    11   from them, as well.

09:13:41    12       MR. DONOHUE:  Your Honor, Matthew Donohue for

09:13:44    13   the -- Google and Alphabet, and I'll also be arguing on

09:13:48    14   behalf of the individual Defendants on this issue because

09:13:51    15   we are similarly situated in that these four Defendants, we

09:13:56    16   have all moved to compel arbitration under the intertwined

09:13:59    17   claims doctrine.

09:14:00    18       As I understand, Plaintiffs are not opposing the

09:14:03    19   application of the intertwined claims doctrine.  They did

09:14:06    20   not oppose in their response papers.  They did not oppose

09:14:10    21   in their sur-reply.  So I don't know that there is a

09:14:12    22   dispute that if Character is entitled to the benefits of

09:14:18    23   the arbitration agreement so are the remaining Defendants.

09:14:22    24       THE COURT:  And you are far more familiar, I'm

09:14:27    25   sure, with the JAMS procedures than I am.

09:14:30  1        Do you believe that Google and Alphabet could

09:14:36  2   simply be added by amendment to the existing arbitrations,

09:14:41  3   or would you take the position that there has to be a new

09:14:46  4   proceeding instituted?

09:14:48  5        MR. DONOHUE:  I believe it would be appropriate

09:14:51  6   for there to be a new proceeding instituted.  I think we

09:14:53  7   are open to discussing with the Plaintiffs and with

09:14:57  8   Character, of course, the appropriate procedural avenue to

09:15:01  9   proceed in arbitration.  We haven't gotten to that point

09:15:03  10  because the Plaintiffs haven't agreed to arbitrate with us

09:15:08  11  as to any issue, unlike with Character.

09:15:10  12       THE COURT:  All right.  Do you have a different

09:15:17  13  point of view on any of the issues that Ms. Herrera

09:15:21  14  addressed?

09:15:22  15       MR. DONOHUE:  I won't say we have a different

09:15:24  16  point of view, but as Ms. Herrera mentioned, we have not

09:15:28  17  been connected to any of the correspondence about issues

09:15:31  18  like arbitrator selection, which certainly if we were to

09:15:34  19  become involved in an arbitration, we would obviously have

09:15:37  20  an interest in arbitrator selection.

09:15:38  21       This issue of whether the issue of this

09:15:42  22  affirmation is decided on the papers, obviously we might

09:15:44  23  have views on that.  We have not been connected to any of

09:15:47  24  that, so I'm not saying at this point that we have a

09:15:49  25  different view than Character on them.  We simply have not

09:15:53    1    gotten to that point with Plaintiffs the way Character has.

09:15:56    2        THE COURT:  In the attachment that I saw that the

09:16:04    3    Plaintiffs supplied from JAMS to their most recent filing,

09:16:10    4    JAMS indicates that they are not able to consolidate

09:16:14    5    arbitrations over the objection of a party on the type of

09:16:18    6    arbitration at issue here.

09:16:21    7        Do your clients object to consolidation of an

09:16:32    8    arbitration instituted regarding them with the arbitration

09:16:36    9    proceedings regarding the other Defendants in this case?

09:16:38    10        MR. DONOHUE:  I think we'd be open to discuss

09:16:40    11    that, but at this time, yes, we would.

09:16:42    12        THE COURT:  All right.  Thank you, Mr. Donohue.

09:16:57    13        MR. DONOHUE:  Thank you.

09:16:59    14        THE COURT:  Let me see, does counsel for the --

09:17:02    15    the individual Defendants, I guess that's who we have not

09:17:05    16    heard from.

09:17:06    17        MR. SCHAPIRO:  Just one word, Your Honor.

09:17:10    18        THE COURT:  I am very skeptical.

09:17:14    19        MR. SCHAPIRO:  A few words.  Andrew Schapiro for

09:17:17    20    Daniel De Freitas.  And I think I'm speaking on behalf of

09:17:21    21    Noam Shazeer, although my -- my friend, Mr. Chapat, will

09:17:25    22    tell me if I'm wrong.

09:17:26    23        In the sur-reply that the Plaintiffs filed -- this

09:17:33    24    is Document 54 at 750 -- the Defendants say -- this was

09:17:42    25    filed just on April 9th -- remaining Defendants' motions to

| | | |
|---|---|---|
| 09:17:49 | 1 | to compel -- the remaining Defendants are the three of |
| 09:17:52 | 2 | us -- and to stay are similarly moot. |
| 09:17:55 | 3 | So we're understanding -- we don't think they're |
| 09:17:57 | 4 | necessarily moot, but our understanding is there isn't |
| 09:18:00 | 5 | really a dispute here about where we stand.  I'm reading |
| 09:18:03 | 6 | from the end of the sur-reply here.  It says:  Remaining |
| 09:18:08 | 7 | Defendants' motions which rely on Character.AI's assertion |
| 09:18:13 | 8 | that it is entitled to arbitrate with Plaintiffs are |
| 09:18:16 | 9 | similarly moot.  As Plaintiffs advised counsel for Google |
| 09:18:20 | 10 | and the individual Defendants last week, Plaintiffs have |
| 09:18:24 | 11 | agreed to stay their claims against all Defendants until |
| 09:18:26 | 12 | the conclusion of the JAMS arbitrations. |
| 09:18:28 | 13 | I don't know exactly what they mean -- what they |
| 09:18:33 | 14 | intend would happen after that, but I think that means |
| 09:18:36 | 15 | there's not a live issue here about our motion to compel |
| 09:18:39 | 16 | before Your Honor. |
| 09:18:40 | 17 | THE COURT:  All right.  Thank you, Mr. Schapiro. |
| 09:18:51 | 18 | And do the other individual Defendants have any |
| 09:18:56 | 19 | different position to assert? |
| 09:18:59 | 20 | MR. CHAPAT:  Noam Shazeer does not have a |
| 09:19:01 | 21 | different position to assert, Your Honor.  Isaac Chapat for |
| 09:19:08 | 22 | Noam Shazeer. |
| 09:19:08 | 23 | THE COURT:  All right.  Thank you, Mr. Chapat. |
| 09:19:08 | 24 | I think it would be productive at this point to |
| 09:19:10 | 25 | hear from counsel for Plaintiff. |

09:19:12   1          MR. BAXTER:  Well, here's a difference without a

09:19:21   2   distinction, Your Honor.  When we first started talking to

09:19:25   3   the Defendants, they said to us:  Why don't we send this to

09:19:28   4   arbitration to determine whether or not we have a good

09:19:33   5   arbitration claim?

09:19:34   6          That evolved later on when we said, okay, that

09:19:39   7   evolved to, oh, well, that's not enough.  We want to get

09:19:41   8   all the claims over there, too.

09:19:43   9          Clearly, if it goes to JAMS, the very first thing

09:19:47   10   they're going to do is determine whether or not it's a

09:19:50   11   proper arbitration.  And that's all we're asking.  Let's

09:19:53   12   get that done.

09:19:54   13          And we've agreed that if, in fact, they say, yes,

09:19:59   14   then all of the claims go to arbitration.  We'll not have

09:20:05   15   to have another hearing about that.  We're not going to

09:20:07   16   scrap around about that.  They all go to arbitration.

09:20:11   17          So it seems to us that the only logical way to do

09:20:14   18   this is to take the initial step and find out if, in fact,

09:20:19   19   it's supposed to be in arbitration.  We, of course, say

09:20:22   20   that Texas law prohibits that, but we'll fight that out at

09:20:26   21   JAMS.  But there is no sense in sending the whole case

09:20:30   22   there until, in fact, we know if JAMS thinks that it has

09:20:35   23   jurisdiction for an arbitration.  It's just that simple,

09:20:38   24   Your Honor.

09:20:38   25          THE COURT:  Mr. Baxter, I'm not familiar with the

09:20:42   1  procedure of sending just the issue of arbitrability to

09:20:48   2  arbitration.

09:20:48   3        Do you have any case law to support that

09:20:52   4  procedure?

09:20:53   5        MR. BAXTER:  I don't have any case law.  I'll tell

09:20:55   6  you that we have done that in the past, Your Honor, in

09:20:58   7  other cases, and JAMS has not seemed to be concerned about

09:21:01   8  that.  They'll make that determination and let us know what

09:21:06   9  it is.  And then immediately, the claims either stay here,

09:21:09  10  or they go to arbitration.

09:21:11  11        THE COURT:  And certainly it makes sense that by

09:21:14  12  agreement, that procedure would be employed.  In this case,

09:21:18  13  the Defendants are insisting on their statutory right under

09:21:25  14  the Federal Arbitration Act to have the matter referred for

09:21:30  15  arbitration of the dispute.

09:21:32  16        If you agree that it's a distinction without a

09:21:36  17  difference, why shouldn't I adhere to precedent and order

09:21:43  18  that the entire dispute be referred?

09:21:45  19        MR. BAXTER:  Because I think, Your Honor, we run

09:21:48  20  the risk of how long, in fact, it might take JAMS to get

09:21:53  21  geared up on that issue, how much evidence they might want

09:21:56  22  to -- I don't want to cast stones, Your Honor, but it could

09:22:00  23  be that they will hear all the evidence before they make

09:22:03  24  the initial determination.  If, in fact, that initial

09:22:08  25  determination should be it's not supposed to be in

09:22:12    1    arbitration, then we've wasted a lot of time and a lot of

09:22:15    2    money fighting over issues that they aren't going to

09:22:18    3    decide.

09:22:18    4         So the simplest thing to do, the thing that is

09:22:22    5    streamlined and saves the most money and time and effort is

09:22:25    6    to ask JAMS:  Do the Plaintiffs have a good reason not to

09:22:29    7    be in arbitration, that is, you don't have jurisdiction

09:22:32    8    under Texas law?  If they agree with us, then it comes back

09:22:37    9    here, and let's get it set for trial.

09:22:42    10        If, in fact, we're wrong, then they get the issues

09:22:44    11   presented to them the next day, and we can go forward on

09:22:48    12   those.  But it's simply a matter of time, money, expense,

09:22:52    13   and effort that we can cut out simply by getting the

09:22:56    14   initial issue of should it be at JAMS or not.

09:23:00    15        THE COURT:  I understand that, and it would cut

09:23:04    16   out a lot if the Court could simply make that

09:23:09    17   determination, but Congress has provided that we are to

09:23:15    18   defer to arbitration.  And I don't think there is authority

09:23:22    19   for the procedure of making a limited referral to

09:23:27    20   arbitration when the Defendants are demanding what I think

09:23:33    21   the statute provides.

09:23:37    22        Do you have other parameters that you think the

09:23:42    23   Court does have jurisdiction to include?  There was an

09:23:48    24   issue about interim reports from the parties about the

09:23:56    25   progress of the arbitration.  That seems to be something

09:24:00  1  that at least all parties who have been briefing these

09:24:04  2  issues have agreed would be acceptable, and I'm willing to

09:24:11  3  include that.

09:24:13  4        Is there anything else that you're seeking?

09:24:20  5        MR. BAXTER:  No, Your Honor.  We, in fact, would

09:24:24  6  appreciate the Court entering an order that, in fact, sort

09:24:27  7  of compels the Defendants to go along and get along on this

09:24:33  8  and get reports so that we can appreciate where we are in

09:24:36  9  the process.

09:24:36  10       But it seems to me, Your Honor, that if we send --

09:24:40  11  if the Court sends it just to arbitration on the issue of

09:24:44  12  does arbitration have jurisdiction, there's no difference

09:24:47  13  between that and sending the whole thing there except if

09:24:52  14  JAMS takes the opportunity to extend the briefing and the

09:24:59  15  evidence and take up all the issues and then comes back and

09:25:02  16  decides on whether or not it's arbitrable or not and says,

09:25:06  17  no, then we've wasted all that time, money, and effort.

09:25:09  18  And we're simply trying to avoid that and do it as cleanly

09:25:13  19  and simply as we can.

09:25:15  20       Let's present one issue to JAMS.  Do you have

09:25:17  21  jurisdiction?  If yes, everything comes there.  If no, it

09:25:21  22  comes back here.  That seems to me, from an economical

09:25:25  23  standpoint and even from a judicial standpoint, the easiest

09:25:29  24  and simplest thing to do.  And certainly the Court has the

09:25:32  25  power to do that.

| | | |
|---|---|---|
| 09:25:33 | 1 | THE COURT: Well, the power to do it is one thing. |
| 09:25:39 | 2 | The authority to do it is another. And I'm -- I understand |
| 09:25:44 | 3 | that there is no authority indicating that that is a |
| 09:25:49 | 4 | mechanism that is appropriate for a District Court to do. |
| 09:25:57 | 5 | And I understand the logic behind it, but I don't think |
| 09:26:02 | 6 | that logic necessarily governs the Federal Arbitration Act |
| 09:26:10 | 7 | and its jurisprudence. |
| 09:26:12 | 8 | So I'm going to grant the motion to compel |
| 09:26:20 | 9 | arbitration. I will include in that a requirement that the |
| 09:26:28 | 10 | parties file a joint notice. |
| 09:26:34 | 11 | Is there any reason why a 90-day period would not |
| 09:26:39 | 12 | be appropriate from the Plaintiffs' point of view? |
| 09:26:43 | 13 | MR. BAXTER: 90-day period to get it to |
| 09:26:45 | 14 | arbitration or to get it decided? |
| 09:26:47 | 15 | THE COURT: To report on the status to the Court |
| 09:26:52 | 16 | every 90 days. |
| 09:26:54 | 17 | MR. BAXTER: I would like to have it probably 60 |
| 09:26:56 | 18 | days, Your Honor, if the Court please. |
| 09:26:59 | 19 | THE COURT: Actually, the Defendants indicated in |
| 09:27:03 | 20 | the briefing that I saw that they would not object to 60 |
| 09:27:05 | 21 | days. |
| 09:27:05 | 22 | Are you going to institute the arbitration or |
| 09:27:20 | 23 | request for arbitration to JAMS on all issues, or is that |
| 09:27:26 | 24 | something that you expect the Defendants to do? |
| 09:27:36 | 25 | MR. BAXTER: I would think that we would do it, |

09:27:43    1    Your Honor, if the Court orders us to do so.  We have

09:27:45    2    already instituted two cases because the Defendants

09:27:49    3    wouldn't agree to have the cases consolidated at JAMS even

09:27:53    4    though it was the same issue.  So we've already had to

09:27:56    5    double up the money and the effort to get the second

09:28:00    6    arbitration instituted at JAMS.  But we, in fact, can

09:28:02    7    notify JAMS of the issues.

09:28:03    8        THE COURT:  Do you believe that under JAMS's

09:28:09    9    procedures, you can amend your arbitration demand that

09:28:12   10    you've already filed to include all issues, or do you think

09:28:17   11    that under JAMS's procedures, you would need to institute a

09:28:20   12    new one?

09:28:22   13        MR. BAXTER:  Your Honor, the only person in the

09:28:25   14    courtroom less able to answer that question is I.  But I

09:28:29   15    believe, Your Honor, we can amend the two cases that we

09:28:31   16    already have.

09:28:32   17        THE COURT:  All right.

09:28:33   18        MR. BAXTER:  That's the only thing that makes any

09:28:35   19    sense to me.

09:28:42   20        THE COURT:  All right.  And you have agreed, as I

09:28:44   21    understand it, to a stay of the entire case pending the

09:28:49   22    outcome of the arbitration proceedings?

09:28:54   23        MR. BAXTER:  Yes, Your Honor.

09:28:55   24        THE COURT:  Okay.  What else do you want to

09:28:57   25    address on these motions, Mr. Baxter?

09:29:00    1            MR. BAXTER:  Well, we have the jurisdictional

09:29:02    2    issues, Your Honor, we'd like to discuss with the Court.

09:29:07    3            THE COURT:  And why wouldn't that be subject to

09:29:10    4    the same stay?

09:29:11    5            MR. BAXTER:  It can be, unless the Court wants to

09:29:14    6    take it up today.

09:29:17    7            THE COURT:  I can tell you that my inclination on

09:29:21    8    matters like this is to give the Plaintiff an opportunity

09:29:25    9    for jurisdictional discovery.  It doesn't make a lot of

09:29:29   10    sense to do that if the matter is going to be stayed.  So I

09:29:33   11    don't see an advantage to taking up the motions regarding

09:29:40   12    jurisdiction over the individual Defendants if we're going

09:29:43   13    to turn around and stay the case.

09:29:45   14            MR. BAXTER:  All right, Your Honor.

09:29:47   15            THE COURT:  Anything else?

09:29:50   16            MR. BAXTER:  Not from the Plaintiffs, Your Honor.

09:29:51   17            THE COURT:  All right.  Thank you, Mr. Baxter.

09:29:52   18            Ms. Herrera, what is your side seeking in the form

09:30:06   19    of the order on the motion to stay -- or the motion to

09:30:13   20    compel arbitration, I'm sorry?

09:30:15   21            MS. HERRERA:  Yes.  Thank you, Your Honor.

09:30:17   22    Stephanie Herrera for Character Technologies, Inc.

09:30:20   23            We submitted a proposed order to Your Honor, along

09:30:24   24    with the motion to compel arbitration.  We think that that

09:30:30   25    form order contains what we would be looking for, but to

09:30:33    1    articulate those items now, if you were to grant the motion

09:30:37    2    in full, it would require Plaintiffs to submit the entire

09:30:41    3    dispute to arbitration.

09:30:43    4         We would respectfully ask that that be clear in

09:30:47    5    the order so that we don't have to have further motion

09:30:51    6    practice before JAMS about that issue.  We believe the

09:30:53    7    effect of the Court's granting the motion to compel

09:30:57    8    arbitration is to require that result.

09:31:00    9         And then we would seek a clear stay of all

09:31:03    10    proceedings with respect to all Defendants pending the

09:31:06    11    resolution of both arbitrations.  And it sounds like

09:31:11    12    everyone is in agreement that the personal jurisdiction

09:31:13    13    motion should be stayed, as well.

09:31:15    14         But Character's position would be that those

09:31:19    15    proceedings must be stayed because permitting discovery to

09:31:23    16    proceed with respect to any of the Defendants would

09:31:27    17    inevitably get into issues that impact Character's legal

09:31:31    18    and factual arguments in the arbitrations.  And the case

09:31:36    19    that we've cited for that proposition, among others, is

09:31:39    20    Harvey v. Joyce, 199 --

09:31:43    21         THE COURT:  That's all right.  That --

09:31:43    22         MS. HERRERA:  Okay.  Thank you, Your Honor.

09:31:44    23         THE COURT:  The stay will be as to all parties,

09:31:47    24    and at some point in the future, there may be a motion to

09:31:52    25    lift it, and then we'll have to get into those issues, but

09:31:54    1   we don't need to today.

09:31:56    2          MS. HERRERA:  Certainly, Your Honor.

09:31:57    3          And we also have no objection to submitting status

09:32:01    4   reports on a 60-day cadence.

09:32:03    5          THE COURT:  All right.  Is there anything else

09:32:05    6   that you think the Court needs to be aware of in connection

09:32:12    7   with the motions that we're here on?

09:32:14    8          MS. HERRERA:  The only thing, Your Honor, which

09:32:18    9   may be unnecessary, and please stop me if it is, depending

09:32:23   10   on when Your Honor intends to issue the order, the

09:32:25   11   Defendants also jointly moved for a stay pending the

09:32:28   12   issuance of Your Honor's order.  That's Document 39.  So if

09:32:34   13   there's going to be some time before the order issues and a

09:32:37   14   dispute about whether the initial disclosure requirements

09:32:40   15   apply, for example, we'd ask Your Honor to grant that

09:32:44   16   temporary stay pending your order on the motion to compel.

09:32:46   17          THE COURT:  All right.  Well, I intend to be

09:32:49   18   respectful of the Plaintiffs' desire to get on with it.  So

09:32:54   19   I'll try and see that the orders issue promptly.

09:32:58   20          MS. HERRERA:  Thank you very much, Your Honor.

09:33:00   21   Nothing further from Character Technologies.

09:33:02   22          THE COURT:  All right.  Thank you, Ms. Herrera.

09:33:03   23          Mr. Donohue, is there anything in addition to what

09:33:12   24   we've discussed so far that we need to take up on behalf of

09:33:15   25   your clients?

|  |  |  |
|---|---|---|
| 09:33:16 | 1 | MR. DONOHUE:  Nothing further from us, Your Honor. |
| 09:33:17 | 2 | THE COURT:  All right.  What about the individual |
| 09:33:19 | 3 | Defendants, Mr. Shapiro or Mr. Chapat? |
| 09:33:23 | 4 | MR. CHAPAT:  Nothing further from us, Your Honor. |
| 09:33:25 | 5 | Thank you. |
| 09:33:25 | 6 | MR. SCHAPIRO:  Nothing here, Your Honor.  Thank |
| 09:33:28 | 7 | you. |
| 09:33:28 | 8 | THE COURT:  All right.  Good enough.  Then I think |
| 09:33:29 | 9 | I know what I need to do, and I will get it done promptly. |
| 09:33:35 | 10 | So thank you, and we are adjourned. |
| 09:33:38 | 11 | COURT SECURITY OFFICER:  All rise. |
| 09:33:38 | 12 | (Hearing concluded 9:33 a.m.) |

25

1                              CERTIFICATION

2

3          I HEREBY CERTIFY that the foregoing is a true and

4     correct transcript from the stenographic notes of the

5     proceedings in the above-entitled matter to the best of my

6     ability.

7

8

9      /S/ Shelly Holmes                        4/23/2025
      SHELLY HOLMES, CSR, TCRR                Date
10    CERTIFIED SHORTHAND REPORTER
      State of Texas No.: 7804
11    Expiration Date: 10/31/2025

12

13

14

15

16

17

18

19

20

21

22

23

24

25