**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| A.F., on behalf of J.F., and A.R., on behalf of B.R., <br><br>      *Plaintiffs*, <br><br> v. <br><br> CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FRIETAS ADIWARSANA; GOOGLE LLC; ALPHABET INC., <br><br>      *Defendants*. | Case No.: 2:24-cv-01014-JRG-RSP |

**PROTECTIVE ORDER**

**1.**   **PURPOSES AND LIMITATIONS**

The Parties contend that disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, or attempting to settle this Action may be warranted, such as medical records, information concerning minors, and highly confidential and proprietary business information. This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

**2.**   **DEFINITIONS**

2.1.   <u>Action</u>: *A.F, on behalf of J.F., et al. v. Character Technologies, Inc. et al.*, Case No. 2:24-cv-01014-JRG-RSP, pending in the United States District Court for the Eastern District of Texas.

2.2.   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of

information or items under this Order.

2.3.    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that would qualify for protection under Federal Rule of Civil Procedure 26(c). This includes, but is not limited to, employee or personal information; proprietary and competitive business information; confidential submissions to a governmental, legislative, or regulatory body; financial information, including without limitation tax returns, financial statements, budget, and banking records; trade secret information as defined in the Uniform Trade Secrets Act; or material that would qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4.    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staff).

2.5.    Designated House Counsel: House Counsel who have responsibility for managing this action and who seek access to "HIGHLY CONFIDENTIAL" information in this matter.

2.6.    Designating Party: a Party or Non-Party that designates Disclosure or Discovery Materials that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.7.    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8.    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a current employee of a Party or of a Party's competitor,

and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.9.    <u>Export Control Protected Material</u>: Highly Confidential Protected Material of a technical nature that is subject to export control restrictions.

2.10.    <u>"HIGHLY CONFIDENTIAL" Information or Items</u>: "Confidential Information or Items" that the Designating Party believes to be so competitively sensitive that the Designating Party could suffer competitive harm if such information were disclosed to another Party or Non-Party. Without limiting the foregoing, it is anticipated that strategic planning documents as well as pending but unpublished patent applications, less than five years from the date of their creation, and the specific monetary amount and share price the Individual Defendants received from the licensing deal between Character Technologies, Inc. and Google will be designated Highly Confidential. Moreover, the Designating Party may designate documents under this tier as "<u>HIGHLY CONFIDENTIAL – Outside Counsel," in which case,</u> such information is subject to all of the sections governing "HIGHLY CONFIDENTIAL" information, except that it cannot be viewed by a Receiving Party's Designated House Counsel as set forth in Section 7.3(b), below.

2.11.    <u>House Counsel</u>: attorneys who are members in good standing of at least one state bar and who are employees or contract employees, or who support House Counsel (e.g. paralegals), of a party to this Action. House Counsel does not include Outside Counsel or any other outside counsel.

2.12.    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.13.    <u>Outside Counsel</u>: attorneys, as well as their support staff to whom it is reasonably necessary to disclose the information for this Action (including but not limited to attorneys,

paralegals, assistants, law clerks, and investigators), who (1) are not employees of a party to this Action but are retained to represent or advise a Party to this Action; and (2) have appeared in this action to represent or advise a Party to this Action or are affiliated with a law firm or legal organization that has appeared.

2.14.   <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

2.15.   <u>Personally Identifiable Information or "PII"</u>: includes social security numbers, birth dates, taxpayer-identification numbers, personal cell phone numbers, or any other information that may be used to determine an individual's identity. In addition, any information that is protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") will be considered PII for purposes of this matter.

2.16.   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.17.   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors who have been retained by a Party or its counsel to provide litigation support services with respect to this action.

2.18.   <u>Protected Material</u>: any Disclosure or Discovery Material that is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.19.   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material.

3.   **SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined

4

above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

This Order is not intended to, and does not, govern the confidential treatment of Defendants' Source Code. To the extent production of Source Code becomes necessary in this Action, the Parties shall negotiate and address the confidential treatment of Defendants' Source Code separately and submit a proposed order.

## 4.    DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all of the claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The Court shall retain jurisdiction to enforce or modify this Order and to make further orders with respect to the use or confidentiality designations of Protected Material.

5.    **DESIGNATING PROTECTED MATERIAL**

5.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, information, or oral or written communications that qualify – so that other portions of the material, documents, items, information, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Absent such a designation, except as required by any independent statutory or regulatory obligation, the Receiving Party shall have no obligation to treat the disclosed material, documents, items, or oral or written communications as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" unless and until notified pursuant to Section 5.6 of an inadvertent failure to designate.

5.2.    If it comes to a Designating Party's attention that Disclosure or Discovery Material that it designated for protection does not qualify for the protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or revising the mistaken designation.

5.3.    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.3(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced. Designation in conformity with this Order requires that:

(a)    <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party affix

the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions(s) (e.g. by making appropriate markings in the margins), to the extent it is practical to do so.  For Protected Material that is produced in native electronic format, the designation legend must be included in the file name of the native documents and on any related imaged slipsheets when produced, and any Party when printing such Protected Material must affix the designated legend to each page of the printed copy.

Notwithstanding the foregoing, a Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be treated in accordance with the rules applicable to "HIGHLY CONFIDENTIAL."  After the inspecting Party has identified the documents that it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins), to the extent it is practical to do so.

(b)    <u>for testimony given in depositions</u>, the Designating Party identify all protected testimony and specify the level of protection being asserted either on the record before the close of the deposition or in writing on or before the later of 30 days after receipt of the final transcript or the date by which any review by the witness and corrections to the transcript are to be completed

7

under Federal Rule of Civil Procedure 30. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Protective Order.

If any portion of a deposition is designated, the transcript shall be labeled with the appropriate legend in an obvious manner on the title page, and the title page must be followed by a list of all pages that have been designated as Protected Material and the level of protection being asserted by the Designating Party. If any portion of a videotaped deposition is designated, the original and all copies of any videotape, DVD, or other media container shall be labeled with the appropriate legend in an obvious manner. The Party initiating the deposition shall inform the court reporter of these requirements.

Pending designation as set forth above, the entire transcript, including exhibits, shall be treated in accordance with the rules applicable to "HIGHLY CONFIDENTIAL" information. If no designation is made within the time period above, the transcript shall be considered not to contain any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information. The foregoing provision is expressly subject to the restrictions set forth in section 5.4 below.

Parties shall give the other parties notice if they reasonably expect a deposition to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.

(c)    for information produced in some form other than documentary and for any other tangible items, the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection,

the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.4.    Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages and videotape of the deposition testimony dealing with such Protected Material. The use of Protected Material as an exhibit at a deposition or other pretrial proceeding will not in any way affect its designation as Protected Material. Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent and deponent's counsel, any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material. Parties shall give other Parties notice if they reasonably expect a deposition or other pretrial proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.

5.5.    <u>Personally Identifiable Information</u>. Notwithstanding the other provisions of this Order, the Parties shall retain the right to redact the PII of the Parties' employees, customers, and contractors from materials before production. Materials redacted on this basis shall bear the caption "Redacted – PII" and shall not be separately logged.

5.6.    <u>Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1.    <u>Timing of Challenges</u>.  Any Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice.  In conferring, the Designating Party must explain the basis for its belief that the confidentiality designation was proper. The Challenging Party must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

6.3.    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party may seek appropriate relief from the Court, in accordance with the Court's rules, within 7 days of the Parties agreeing that the meet and confer process will not

resolve their dispute. Failure by the Designating Party to make such a motion including the required declaration within the specified time period shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time after complying with the meet and confer requirements in the preceding paragraph and if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

6.4.    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.5.    <u>Objections Not Waived.</u> Neither this Order nor any action taken by any Party pursuant to this Order shall be deemed to have the effect of an admission or waiver of objection by such Party, as to any fact or procedural matter. No Party, merely by virtue of the entry of this Order, waives any right it may otherwise have to object on any ground to the admission into evidence of any Protected Material at the any hearing or trial in this Action. Further, nothing in this Order shall foreclose any Party from opposing production of any information for any other reason, such as privilege, lack of relevance, or any ground other than the assertion that such information is Protected Material.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.    <u>Basic Principles.</u>  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting,

11

defending, or attempting to settle this Action, and for no other purpose, unless agreed to by the Designating Party or otherwise ordered by the Court. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. When this Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Any use of Protected Material at trial shall be governed by a separate agreement or order.

7.2.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel;

(b)    the Receiving Party, or the officers, directors, employees, or contract employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)**,** unless otherwise agreed by the Designating Party or ordered by the court;

(h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i)    for information or items other than those designated by Defendants Google LLC and Alphabet Inc., the Receiving Party's insurers and reinsurers, and their respective representatives, agents, or outside counsel, to whom disclosure is reasonably necessary for purposes of evaluating, providing, or obtaining insurance coverage in connection with this Action, provided that such persons have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3.    <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel;

(b)    a maximum of two Designated House Counsel of the Receiving Party (1) who are actively involved in litigating the Action, (2) to whom disclosure is reasonably necessary for this litigation, (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in Section 7.4(a)(1) below have been followed; except that if a document is designated "<u>HIGHLY CONFIDENTIAL – Outside Counsel" then </u>such information cannot be viewed by a Receiving Party's Designated House Counsel;

(c)    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

A), and (3) as to whom the procedures set forth in Section 7.4(a)(2), below, have been followed;

(d)    the court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    any mediator who is assigned to hear this Action, and his, her, or their staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g)    during their depositions, 30(b)(6) witnesses of the Designating Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that the material was produced by, originated with, or contains communications with or by the Party on whose behalf the witness is testifying.

7.4.    <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL" Information or Items to Designated House Counsel or Experts.</u>

(a)(1)    <u>Procedure for Disclosure to Designated House Counsel</u>. Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL" pursuant to Section 7.3(b) must first make a written request to the Designating Party that sets forth the full name of the Designated House Counsel and the city and state of his or her residence. If a Designated House Counsel identified pursuant to this Section ceases to be employed by the Party that designated House Counsel, or ceases to be actively involved in

litigating the Action, that Party may identify an additional Designated House Counsel following the procedures set forth in this Section, provided that there are no more than two Designated House Counsel employed by that Party at any given time.

(a)(2) <u>Procedure for Disclosure to Experts</u>.  Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Agreement) any information or item that has been designated "HIGHLY CONFIDENTIAL" first must make a written disclosure to the Designating Party[1] that (1) sets forth the full name of the Expert and the city and state of his, her, or their primary place of business, (2) attaches a copy of the Expert's current resume or CV, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his, her, or their areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the party to the litigation for whom such work was done, (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (6) requires said expert to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(b)    A Party that provides the information specified in the preceding respective Sections may disclose the subject Protected Material to the identified Designated House Counsel or Expert

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation and/or non-disclosure agreement to a Non-Party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, including at a minimum disclosing the existence of the confidentiality agreement and/or non-disclosure agreement, and the Party seeking to disclose to the Expert must be available to meet and confer with the Designating Party regarding any such engagement and discuss the extent to which sufficient disclosures can be provided to assess any confidentiality concerns.

unless, within 10 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based. Any such objection shall be reasonable and made in good faith, and shall not be presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation..

(c)    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Designating Party seeking to prevent the disclosure to Designated House Counsel or the Expert may file a motion seeking an order from the court prohibiting such disclosure. That motion must be filed within seven (7) days of the parties' meet and confer. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert should not be permitted, and address the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.. In addition, any such motion must include a certification affirming that the movant has complied with the meet and confer requirements imposed herein.

In any such proceeding, the Party opposing disclosure to House Counsel or the Expert bears the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

No disclosure shall occur until all such objections are resolved by agreement or order by the Court.

16

8.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION OR BY REGULATORY OR LEGISLATIVE BODIES**

If a Party is served with a subpoena or a court order in other litigation, regulatory request, legislative inquiry, investigative request, or any other kind of request that compels disclosure of any Protected Material that Party must:

(a)    promptly notify in writing the Designating Party, including a copy of the subpoena, court order, or request;

(b)    promptly notify in writing the party who caused the subpoena, order, or request to issue in the other litigation or investigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena, court order, or request shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court. Further, any agreement by a Designating Party that Protected Material may be produced in response to a subpoena or order does not in any way waive the protections this Order provides against disclosure in any other matter, including this Action.

9.    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)    The terms of this Order are applicable to Protected Material produced by a Non-Party in this Action. Such Protected Material produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Protective Order in this litigation and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Party subject to a valid discovery request may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party subject to the discovery request shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.     PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

11.1.   When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim must notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the Court for a determination of the claim.

11.2.   Any disclosure of communications, information, or documents covered by the attorney-client privilege or work-product protection is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

Accordingly, the provisions of Federal Rule of Evidence 502(b) do not apply, and the disclosing party is not required to satisfy the elements of Rule 502(b) to properly assert the attorney-client privilege or work-product protection over disclosed communications, information, and documents.

11.3.   Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of communications, information, or documents for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

## 12.    MISCELLANEOUS

12.1.   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2.   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3.   <u>Export Control</u>.   Except to the extent permitted by law, no Protected Material designated "EXPORT CONTROL PROTECTED MATERIAL" may leave the territorial boundaries of the United States of America, be viewed outside the territorial limits of the United States of America, or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)). At the time of production, a Disclosing Party will identify to the Receiving Party the Export Control Classification Numbers of the technical data contained in the Disclosing Party's "EXPORT CONTROL PROTECTED MATERIAL" productions to the best of its knowledge, and the Receiving Party must ensure that it complies with all applicable export control regulations. This provision does not apply to

20

Protected Material designated "HIGHLY CONFIDENTIAL (SOURCE CODE)," which shall be governed by a later order.

12.4.  <u>Filing Protected Material</u>. Any Protected Material that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on Protected Material, such protected portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

12.5.  <u>Data Security</u>. Any person in possession of Protected Material will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of Protected Material, including restrictions regarding the disclosure or use of Protected Material in any large language models or any artificial intelligence services. The Safeguards will meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to Protected Material solely to personnel and purposes authorized by this Order.

## 13.    FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

by the 60-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**SIGNED this 14th day of November, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

## <u>EXHIBIT A</u>

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was entered by the United States District Court for the Eastern District of Texas on in the case of *A.F., on behalf of J.F., et al. v. Character Technologies, Inc. et al.*, Case No. 2:24-cv-01014-JRG-RPS.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Texas for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]