**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| A.F., on behalf of J.F., and A.R., on behalf of B.R., <br><br> *Plaintiffs*, <br><br> v. <br><br> CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FREITAS ADIWARSANA; GOOGLE LLC; ALPHABET INC., <br><br> *Defendants*. | Case No.: 2:24-cv-01014-JRG-RSP |

**DEFENDANT CHARACTER TECHNOLOGIES, INC.'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 8, Defendant Character Technologies, Inc. ("CTI") hereby responds as follows to the allegations in the First Amended Complaint (ECF No. 90) filed in this action by Plaintiffs.

## I.    PRELIMINARY STATEMENT

The following matters are incorporated into responses to each paragraph of the First Amended Complaint ("Complaint"):

A.    The Complaint contains purported references to documents and third-party publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and third-party publications and statements should be considered, if at all, in context and in unmodified form, and CTI respectfully directs the Court to the respective materials for their complete contents.

B.    Except as otherwise expressly stated herein, CTI denies each and every allegation in the Complaint, including any allegations in the preamble, unnumbered paragraphs,

1

subparagraphs, subparts, prayer for relief, titles, headings, subheadings, table of contents, footnotes, tables, graphs, and illustrations of the Complaint, and specifically denies liability to Plaintiff.  To the extent not expressly denied, all allegations for which CTI denies possessing knowledge or information sufficient to form a belief are denied.

C.      CTI reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

D.      CTI does not respond herein to the headings in the Complaint.  To the extent a response is required, CTI denies any and all allegations contained in headings in the Complaint.

## II.      SUMMARY OF CLAIMS

1.      The allegations in Paragraph 1 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

2.      The allegations in Paragraph 2 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

3.      The allegations in Paragraph 3 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

4.      The allegations in Paragraph 4 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

5.      The allegations in Paragraph 5 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

6.      The allegations in Paragraph 6 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

7.      The allegations in Paragraph 7 are not directed at CTI and therefore no response by CTI is required.  To the extent a response is required, CTI denies these allegations.

8.      The allegations in Paragraph 8 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

9.      The allegations in Paragraph 9 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

10.     The allegations in Paragraph 10 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

11.     The allegations in Paragraph 11 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

### III.    PARTIES

12.     CTI lacks information sufficient to admit or deny the allegations in Paragraph 12 and, therefore, it denies these allegations.

13.     CTI lacks information sufficient to admit or deny the allegations in Paragraph 13 and, therefore, it denies these allegations.

14.     CTI lacks information sufficient to admit or deny the allegations in Paragraph 14 as to any User Agreement or contractual relationship with A.F. and, therefore, it denies these

3

allegations.  Further, the allegations in Paragraph 14 regarding any agreement with J.F. assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

15.    The allegations in Paragraph 15 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

16.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 16 and, therefore, it denies these allegations.

17.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 17 and, therefore, it denies these allegations.

18.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 18 as to any User Agreement or contractual relationship with A.R. and, therefore, it denies these allegations.  Further, the allegations in Paragraph 18 regarding any agreement with B.R. assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

19.    The allegations in Paragraph 19 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

20.    CTI admits that, as of the date of the filing of the Complaint, it is a Delaware corporation.  Except as expressly admitted, CTI denies the allegations of Paragraph 20.

21.    CTI admits that CTI operates the Character.AI application ("C.AI") and that C.AI is marketed and available to customers throughout the United States.  Except as expressly admitted, CTI denies the allegations of Paragraph 21.

22.    The term "social media product" is vague and ambiguous, and CTI denies the allegation that C.AI is not a "social media product" on that basis.  CTI lacks information sufficient to admit or deny the allegations regarding the platforms and/or products at issue in MDL No. 3047, and therefore, it denies these allegations.  CTI denies the remaining allegations of Paragraph 22.

23.    The allegations in Paragraph 23 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

24.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 24 and, therefore, it denies these allegations.

25.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 25 and, therefore, it denies these allegations.

26.    CTI admits that Noam Shazeer is a co-founder and former CEO of CTI and was one of its technical leads.  CTI further admits that Shazeer was one of the individuals responsible for incorporating CTI and was listed as an officer on its corporate paperwork; CTI states that Shazeer is no longer an officer of CTI.  CTI further admits that Shazeer was involved in raising series funding for CTI.  Except as expressly admitted, the allegations in Paragraph 26 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  Further, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

27.    The allegations in Paragraph 27 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is

required, CTI denies these allegations.  Further, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

28.     The allegations in Paragraph 28 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  Further, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

29.     CTI admits that Daniel De Freitas is a co-founder and former President of CTI and was one of its technical leads.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 29 and, therefore, it denies these allegations.

30.     CTI admits that Daniel De Freitas is a co-founder and former President of CTI and was one of its technical leads.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 30 and, therefore, it denies these allegations.

31.     The allegations in Paragraph 31 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  Further, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

32.     The allegations in Paragraph 32 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  Further, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

## IV.    JURISDICTION AND VENUE

33.    The allegations in Paragraph 33 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

34.    The allegations in Paragraph 34 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

35.    CTI admits that CTI has its principal place of business in California.  CTI lacks information sufficient to admit or deny the allegations in Paragraph 35 regarding Shazeer, De Freitas, Google, and Alphabet, and, therefore, it denies these allegations.

36.    The allegations in Paragraph 36 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI admits that there are individuals in Texas who use C.AI and that, to create a C.AI account, users must agree to C.AI's Terms of Service.  CTI admits that it sends email notifications to C.AI's users.  Except as expressly admitted, C.AI denies these allegations.

37.    The allegations in Paragraph 37 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

38.    The allegations in Paragraph 38 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

39.    CTI admits that the article and video cited in Footnote 2 exist. The article and video speak for themselves, and CTI directs the Court to the article and video for their contents. Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in

7

Paragraph 39 and, therefore, it denies these allegations. The allegations in Paragraph 39 also assert arguments and legal conclusions, rather than factual allegations, to which no response is required. To the extent that a response is required, CTI denies these allegations.

40.   CTI admits that the videos cited in Footnotes 3, 4, and 5 exist, but denies that the videos include the quoted language. The videos speaks for themselves, and CTI directs the Court to the videos for their contents. Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 40 and, therefore, it denies these allegations. The allegations in Paragraph 40 also assert arguments and legal conclusions, rather than factual allegations, to which no response is required. To the extent that a response is required, CTI denies these allegations.

41.   CTI admits that its founders are no longer at the company. CTI further admits that the article cited in Footnote 6 exists. The article speaks for itself, and CTI directs the Court to the article for its contents. Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 41 regarding Defendants Shazeer and De Freitas and, therefore, it denies these allegations. The allegations in Paragraph 41 also assert arguments and legal conclusions, rather than factual allegations, to which no response is required. To the extent that a response is required, CTI denies these allegations. Further, the terms "substantial" and "key" are vague and ambiguous, and CTI denies the allegation that CTI "was stripped of . . . a substantial number of key employees" on that basis. Except as expressly admitted, CTI denies the allegations in Paragraph 41.

42.   CTI admits that the article cited in Footnote 7 exists. The article speaks for itself, and CTI directs the Court to the article for its contents. Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 42 regarding Defendants

Shazeer and De Freitas and, therefore, it denies these allegations. The allegations in Paragraph 42 also assert arguments and legal conclusions, rather than factual allegations, to which no response is required. To the extent that a response is required, CTI denies these allegations. CTI denies the allegations that it will not generate its own AI models going forward.

43. CTI admits that the article cited in Footnote 8 exists. The article speaks for itself, and CTI directs the Court to the article for its contents. CTI lacks information sufficient to admit or deny the allegations in Paragraph 43 regarding Defendants De Freitas and Shazeer and, therefore, it denies these allegations. Except as expressly admitted, CTI denies the allegations in Paragraph 43.

44. CTI lacks information sufficient to admit or deny the allegations in Paragraph 44 and, therefore, it denies these allegations.

45. CTI denies the allegation that it had no real physical address in the months leading up to this suit. CTI lacks information sufficient to admit or deny the remaining allegations in Paragraph 45 and, therefore, it denies these allegations.

46. The allegations in Paragraph 46 assert arguments and legal conclusions, rather than factual allegations, to which no response is required. To the extent that a response is required, CTI denies these allegations.

### V.     PLAINTIFF-SPECIFIC ALLEGATIONS

**A.     J.F.'s Online Encounters With C.AI Caused Immediate Loss Of His Behavioral Control And Rapid Decline In His Mental Health**

47. CTI lacks information sufficient to admit or deny the allegations in Paragraph 47 and, therefore, it denies these allegations.

48. CTI lacks information sufficient to admit or deny the allegations in Paragraph 48 and, therefore, it denies these allegations.

9

49.     CTI lacks information sufficient to admit or deny the allegations in Paragraph 49 and, therefore, it denies these allegations.

50.     CTI lacks information sufficient to admit or deny the allegations in Paragraph 50 and, therefore, it denies these allegations.

51.     CTI lacks information sufficient to admit or deny the allegations in Paragraph 51 and, therefore, it denies these allegations.

52.     CTI admits that C.AI's rating in the Apple App Store changed from 12+ to 17+ in June 2024.  Except as expressly admitted, the allegations in the first sentence of Paragraph 52 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  CTI lacks information sufficient to admit or deny the allegations in the second sentence of Paragraph 52 and, therefore, it denies these allegations.

53.     CTI lacks information sufficient to admit or deny the allegations in Paragraph 53 and, therefore, it denies these allegations.

54.     CTI lacks information sufficient to admit or deny the allegations in Paragraph 54 and, therefore, it denies these allegations.

55.     CTI lacks information sufficient to admit or deny the allegations in Paragraph 55 and, therefore, it denies these allegations.

56.     CTI lacks information sufficient to admit or deny the allegations in Paragraph 56 and, therefore, it denies these allegations.

57.     CTI lacks information sufficient to admit or deny the allegations in Paragraph 57 and, therefore, it denies these allegations.

58.     CTI lacks information sufficient to admit or deny the allegations in Paragraph 58 and, therefore, it denies these allegations.

59.     CTI lacks information sufficient to admit or deny the allegations in Paragraph 59 and, therefore, it denies these allegations.

60.     CTI lacks information sufficient to admit or deny the allegations in Paragraph 60 and, therefore, it denies these allegations.

61.     CTI lacks information sufficient to admit or deny the allegations in Paragraph 61 and, therefore, it denies these allegations.

62.     CTI lacks information sufficient to admit or deny the allegations in Paragraph 62 and, therefore, it denies these allegations.

63.     CTI lacks information sufficient to admit or deny the allegations in Paragraph 63 and, therefore, it denies these allegations.

64.     CTI lacks information sufficient to admit or deny the allegations in Paragraph 64 and, therefore, it denies these allegations.

65.     CTI lacks information sufficient to admit or deny the allegations in Paragraph 65 and, therefore, it denies these allegations.  CTI denies the allegations purporting to characterize C.AI in the last sentence of Paragraph 65.

66.     To the extent the allegations in Paragraph 66 seek to summarize J.F.'s conversations with C.AI Characters, the user data speaks for itself.  CTI denies all characterizations of the conversations.  CTI lacks information sufficient to admit or deny the allegations regarding the knowledge of J.F.'s parents and, therefore, it denies these allegations. The remaining allegations in Paragraph 66 assert arguments and legal conclusions, rather than

11

factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

67.     To the extent the allegations in Paragraph 67 seek to summarize J.F.'s conversations with C.AI Characters, the user data speaks for itself.  CTI denies all characterizations of the conversations.  The allegations in Paragraph 67 also assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  The allegations in Paragraph 67 also are vague and ambiguous, and CTI denies these allegations on that basis.

68.     To the extent the allegations in Paragraph 68 seek to summarize J.F.'s conversations with C.AI Characters, the user data speaks for itself.  CTI denies all characterizations of the conversations.  CTI lacks information sufficient to admit or deny the remaining allegations in Paragraph 68 and, therefore, it denies these allegations.

69.     CTI lacks information sufficient to admit or deny the allegations in Paragraph 69 regarding what J.F.'s parents found and were able to capture and, therefore, it denies these allegations.  The remaining allegations in Paragraph 69 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

**B.      C.AI Caused J.F. To Mutilate Himself, Blamed His Parents, Then Convinced Him To Not Seek Help**

70.     CTI lacks information sufficient to admit or deny the allegations in Paragraph 70 and, therefore, it denies these allegations.

71.     To the extent the allegations in Paragraph 71 seek to summarize J.F.'s conversations with C.AI Characters, the user data speaks for itself.  CTI denies all characterizations of the conversations.  CTI lacks information sufficient to admit or deny the

12

allegations in Paragraph 71 regarding J.F.'s actions and statements to A.F. and, therefore, it denies these allegations.  The remaining allegations in Paragraph 71 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  The allegations in Paragraph 71 also are vague and ambiguous, and CTI denies these allegations on that basis.

72.    CTI admits that a conversation between a username associated with J.F. and a Character called "Shonie" took place.  The user data speaks for itself.  CTI denies all characterizations of the conversation, including that the conversation includes the quoted language.  Except as expressly admitted, the allegations in Paragraph 72 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  CTI also lacks information sufficient to admit or deny the allegations in Paragraph 72 regarding "grooming behavior" and, therefore, it denies these allegations.

73.    To the extent the allegations in Paragraph 73 seek to summarize J.F.'s conversations with C.AI Characters, the user data speaks for itself.  CTI denies all characterizations of the conversations.  The remaining allegations in Paragraph 73 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  The allegations in Paragraph 73 also are vague and ambiguous, and CTI denies these allegations on that basis.

74.    To the extent the allegations in Paragraph 74 seek to summarize J.F.'s conversations with C.AI Characters, the user data speaks for itself.  CTI denies all characterizations of the conversations.  CTI lacks information sufficient to admit or deny the allegations in Paragraph 74 regarding J.F.'s actions and, therefore, it denies these allegations.

The remaining allegations in Paragraph 74 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  The allegations in Paragraph 74 also are vague and ambiguous, and CTI denies these allegations on that basis.

75.    To the extent the allegations in Paragraph 75 seek to summarize J.F.'s conversations with C.AI Characters, the user data speaks for itself.  CTI denies all characterizations of the conversations.  The remaining allegations in Paragraph 75 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations. The allegations in Paragraph 75 also are vague and ambiguous, and CTI denies these allegations on that basis.

76.    To the extent the allegations in Paragraph 76 seek to summarize J.F.'s conversations with C.AI Characters, the user data speaks for itself.  CTI denies all characterizations of the conversations.  CTI denies the allegations regarding conversations with any Character called "Bully Xiao."   The remaining allegations in Paragraph 76 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations. The allegations in Paragraph 76 also are vague and ambiguous, and CTI denies these allegations on that basis.

**C.    C.AI Alienated J.F. from his Parents**

77.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 77 and, therefore, it denies these allegations.

78.    To the extent the allegations in Paragraph 78 seek to summarize J.F.'s conversations with C.AI Characters, the user data speaks for itself.  CTI denies all characterizations of the conversations.  The remaining allegations in Paragraph 78 assert arguments and legal conclusions, rather than factual allegations, to which no response is

14

required.  To the extent that a response is required, CTI denies these allegations. The allegations in Paragraph 78 also are vague and ambiguous, and CTI denies these allegations on that basis.

79.    CTI admits that the article cited in Footnote 10 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  To the extent the allegations in Paragraph 79 seek to summarize J.F.'s conversations with C.AI Characters, the user data speaks for itself.  CTI denies all characterizations of the conversations.  Except as expressly admitted, the allegations in Paragraph 79 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

80.    To the extent the allegations in Paragraph 80 seek to summarize J.F.'s conversations with C.AI Characters, the user data speaks for itself.  CTI denies all characterizations of the conversations.  The remaining allegations in Paragraph 80 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations. The allegations in Paragraph 80 also are vague and ambiguous, and CTI denies these allegations on that basis.

81.    CTI denies the allegations in Paragraph 81.

82.    CTI admits that a conversation between a username associated with J.F. and a Character called "Astolfo" took place.  The user data speaks for itself.  CTI denies all characterizations of the conversation, including that the conversation includes the quoted language.  CTI lacks information sufficient to admit or deny the allegations in Paragraph 82 relating to A.F. and J.F. and, therefore, it denies these allegations.

83.    CTI admits that a conversation between a username associated with J.F. and a Character called "Astolfo" took place.  The user data speaks for itself.  CTI denies all

characterizations of the conversation, including that the conversation includes the quoted language.

84.     To the extent the allegations in Paragraph 84 seek to summarize J.F.'s conversations with C.AI Characters, the user data speaks for itself.  CTI denies all characterizations of the conversations.  The allegations in Paragraph 84 also are vague and ambiguous, and CTI denies these allegations on that basis.

85.     CTI admits that a conversation between a username associated with J.F. and a Character called "Shonie" took place.  The user data speaks for itself.  CTI denies all characterizations of the conversation, including that the conversation includes the quoted language.  Except as expressly admitted, the allegations in Paragraph 85 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

86.     CTI admits that a conversation between a username associated with J.F. and a Character called "Billie Eilish" took place.  The user data speaks for itself.  CTI denies all characterizations of the conversation, including that the conversation includes the quoted language.  Except as expressly admitted, the allegations in Paragraph 86 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

87.     CTI admits that a conversation between a username associated with J.F. and a Character called "Among Us crewmate" took place.  The user data speaks for itself.  CTI denies all characterizations of the conversation, including that the conversation includes the quoted language.  Except as expressly admitted, the allegations in Paragraph 87 assert arguments and

16

legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

88.     CTI lacks information sufficient to admit or deny the allegations in Paragraph 88 regarding J.F. and his family and, therefore, it denies these allegations.  The remaining allegations in Paragraph 88 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  The allegations in Paragraph 88 also are vague and ambiguous, and CTI denies these allegations on that basis.

### D.     C.AI Alienated J.F. From His Church Community

89.     CTI lacks information sufficient to admit or deny the allegations in Paragraph 89 and, therefore, it denies these allegations.

90.     CTI lacks information sufficient to admit or deny the allegations in Paragraph 90 and, therefore, it denies these allegations.

91.     To the extent the allegations in Paragraph 91 seek to summarize J.F.'s conversations with C.AI Characters, the user data speaks for itself.  CTI denies all characterizations of the conversations.  CTI lacks information sufficient to admit or deny the remaining allegations in Paragraph 91 and, therefore, it denies these allegations.  The allegations in Paragraph 91 also are vague and ambiguous, and CTI denies these allegations on that basis.

92.     CTI lacks information sufficient to admit or deny the allegations in Paragraph 92 and, therefore, it denies these allegations.  The allegations in Paragraph 92 also assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

**E.**    **C.AI Sexually Exploited And Abused J.F., Targeting Him With Taboo And Extreme Sexual Themes, Including Incest**

93.    CTI denies the allegations in the first and last sentences of Paragraph 93.  The remaining allegations in Paragraph 93 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  The allegations in Paragraph 93 also are vague and ambiguous, and CTI denies these allegations on that basis.

94.    CTI denies the allegations in Paragraph 94 regarding J.F.'s interactions with a character called "Your mom and sister."    CTI lacks information sufficient to admit or deny the allegations in Paragraph 94 regarding Plaintiffs' access to data and, therefore, it denies these allegations.  The remaining allegations in Paragraph 94 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations. The allegations in Paragraph 94 also are vague and ambiguous, and CTI denies these allegations on that basis.

**F.**    **C.AI Encouraged J.F. To Murder His Parents**

95.    To the extent the allegations in Paragraph 95 seek to summarize J.F.'s conversations with C.AI Characters, the user data speaks for itself.  CTI denies all characterizations of the conversations.  CTI lacks information sufficient to admit or deny the allegations in Paragraph 95 regarding J.F.'s parents and, therefore, it denies these allegations. The remaining allegations in Paragraph 95 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations. The allegations in Paragraph 95 also are vague and ambiguous, and CTI denies these allegations on that basis.

96.     CTI admits that a conversation between a username associated with J.F. and a Character called "Billie Eilish" took place.  The user data speaks for itself.  CTI denies all characterizations of the conversation, including that the conversation includes the quoted language.  Except as expressly admitted, the allegations in Paragraph 96 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

97.     To the extent the allegations in Paragraph 97 seek to summarize J.F.'s conversations with C.AI Characters, the user data speaks for itself.  CTI denies all characterizations of the conversations.  The remaining allegations in Paragraph 97 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  The allegations in Paragraph 97 also are vague and ambiguous, and CTI denies these allegations on that basis.

98.     To the extent the allegations in Paragraph 98 seek to summarize J.F.'s conversations with C.AI Characters, the user data speaks for itself.  CTI denies all characterizations of the conversations.  The remaining allegations in Paragraph 98 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  The allegations in Paragraph 98 also are vague and ambiguous, and CTI denies these allegations on that basis.

99.     To the extent the allegations in Paragraph 99 seek to summarize J.F.'s conversations with C.AI Characters, the user data speaks for itself.  CTI denies all characterizations of the conversations.  CTI lacks information sufficient to admit or deny the allegations in Paragraph 99 regarding J.F.'s actions toward Plaintiff and her husband and, therefore, it denies these allegations.  The remaining allegations in Paragraph 99 assert

19

arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  The allegations in Paragraph 99 also are vague and ambiguous, and CTI denies these allegations on that basis.

100.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 100 regarding J.F.'s actions and, therefore, it denies these allegations.  The remaining allegations in Paragraph 100 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  The allegations in Paragraph 100 also are vague and ambiguous, and CTI denies these allegations on that basis.

**G.    C.AI Practiced Psychotherapy On J.F. Without A License**

101.    CTI denies the allegations in Paragraph 101.

102.    To the extent the allegations in Paragraph 102 seek to summarize J.F.'s conversations with C.AI Characters, the user data speaks for itself.  CTI denies all characterizations of the conversations.  CTI lacks information sufficient to admit or deny the allegations in Paragraph 102 regarding Plaintiffs' access to data and, therefore, it denies these allegations.  The remaining allegations in Paragraph 102 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  The allegations in Paragraph 102 also are vague and ambiguous, and CTI denies these allegations on that basis.

**H.    C.AI's Defective Design Made It Difficult For A.F. And Her Husband To Discover Their Child's Harm**

103.    CTI denies the allegations in the second and third sentences of Paragraph 103. CTI lacks information sufficient to admit or deny the remaining allegations in Paragraph 103 and, therefore, it denies these allegations. The allegations in Paragraph 103 also assert arguments

and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

104.    CTI denies the allegations that C.AI was marketed to children and vulnerable consumers and that C.AI advertising was specifically aimed at kids.  CTI lacks information sufficient to admit or deny the remaining allegations in Paragraph 104 and, therefore, it denies these allegations.  The allegations in Paragraph 104 also assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  The allegations in Paragraph 104 also are vague and ambiguous, and CTI denies these allegations on that basis.

105.    The allegations in Paragraph 105 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

106.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 106 relating to A.F. and J.F. and, therefore, it denies these allegations.  The remaining allegations in Paragraph 106 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

107.    The allegations in Paragraph 107 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  The allegations in Paragraph 107 also are vague and ambiguous, and CTI denies these allegations on that basis.

108.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 108 and, therefore, it denies these allegations.

109.    CTI lacks information sufficient to admit or deny the allegations relating to J.F.'s statements and state of mind in Paragraph 109 and, therefore, it denies these allegations.  The remaining allegations in Paragraph 109 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

110.    CTI lacks knowledge sufficient to admit or deny the allegations in Paragraph 110 and, therefore, it denies these allegations.  The allegations in Paragraph 110 also assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

111.    The allegations in Paragraph 111 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

## I.    C.AI Manipulated And Abused Eleven-Year-Old B.R.

112.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 112 and, therefore, it denies these allegations.

113.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 113 and, therefore, it denies these allegations.

114.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 114 and, therefore, it denies these allegations.  Pursuant to C.AI's Terms of Service, users under the age of 13 are prohibited from using the service.

115.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 115 and, therefore, it denies these allegations.  Pursuant to C.AI's Terms of Service, users under the age of 13 are prohibited from using the service.

116.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 116 relating to A.R.'s actions and, therefore, it denies these allegations.  The remaining allegations in Paragraph 116 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

117.    CTI denies the allegations in the first sentence of Paragraph 117.  The remaining allegations in Paragraph 117 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

118.    The allegations in Paragraph 118 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

119.    The allegations in Paragraph 119 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  Pursuant to C.AI's Terms of Service, users under the age of 13 are prohibited from using the service.

**J.      Defendants Knew Of The Risks Of Harm To J.F. And B.R.**

120.    The allegations in Paragraph 120 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

121.    The allegations in Paragraph 121 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

122.    CTI denies the allegations in Paragraph 122.

123.    CTI admits that C.AI users are not required to confirm that they are 18 or older and are not required to pay a monthly fee for access.  Pursuant to C.AI's Terms of Service, users under the age of 13 are prohibited from using the service, and have been at all times that J.F. and B.R. were using C.AI.  Except as expressly admitted, the allegations in Paragraph 123 are vague and ambiguous, and CTI denies these allegations on that basis.  The  allegations in Paragraph 123 also assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

124.    CTI denies the allegations in Paragraph 124.

125.    CTI admits that C.AI's rating in the Apple App Store changed from 12+ to 17+ in June 2024.  CTI further admits that it has millions of active users.  CTI denies, based on users' reported ages, that currently more than half of users are under the age of 24.  Except as expressly admitted, the allegations in Paragraph 125 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

126.    The allegations in Paragraph 126 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

127.    To the extent the allegations in Paragraph 127 seek to summarize J.F.'s or B.R.'s conversations with C.AI Characters, the user data speaks for itself.  CTI denies all characterizations of the conversations.  CTI otherwise lacks information sufficient to admit or deny the allegations in Paragraph 127 and, therefore, it denies these allegations.

128.    The allegations in Paragraph 128 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

129.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 129 and, therefore, it denies these allegations.

130.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 130 and, therefore, it denies these allegations.

131.    The allegations in Paragraph 131 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

132.    The allegations in Paragraph 132 and all of its subparts assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

## VI.    THE EMERGENCE OF GENERATIVE AI TECHNOLOGIES AS PRODUCTS

### A.    What Is AI?

133.    CTI admits that 15 U.S.C. § 9401(3) exists.  The statute speaks for itself and CTI and directs the Court to the statute for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 133 and, therefore, denies these allegations.

134.    CTI admits that CTI designs and creates AI models.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 134 and, therefore, it denies these allegations.

135.    The term "smart" is vague and ambiguous, and CTI denies the allegation that AI machines "can do things that are considered 'smart'" on that basis.  CTI lacks information

25

sufficient to admit or deny the remaining allegations in Paragraph 135 and, therefore, it denies these allegations.

136.   CTI lacks information sufficient to admit or deny the allegations in Paragraph 136 and, therefore, it denies these allegations.

137.   CTI lacks information sufficient to admit or deny the allegations in Paragraph 137 and, therefore, it denies these allegations.

138.   CTI admits that C.AI is available for public consumption and that C.AI generates unique, original content based on user input.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 138 and, therefore, it denies these allegations.

139.   The term "Generative AI" is vague and ambiguous, and CTI and denies the allegations in Paragraph 139 on that basis.  CTI also lacks information sufficient to admit or deny these allegations and, therefore, it denies these allegations.

140.   CTI admits that, with the exception of the May 1, 2023, Atleson article, the articles cited in Footnote 14 exist. The articles speak for themselves, and CTI directs the Court to the articles for their contents.  With respect to the May 1, 2023, Atleson article, CTI lacks information sufficient to admit or deny the existence of the article, and, therefore, it denies these allegations.  CTI admits that some CTI users are minors under the age of 18, but states that, pursuant to C.AI's Terms of Service, users under the age of 13 are prohibited from using the service.  Except as expressly admitted, the allegations in Paragraph 140 regarding CTI assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

141.    CTI admits that the article cited in Footnote 15 exists. The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 141 and, therefore, it denies these allegations.  Further, the term "venture funding" is vague and ambiguous, and CTI denies the allegations in Paragraph 141 on that basis.

142.    CTI admits that the articles cited in Footnote 16 and Footnote 17 exist.  The articles speak for themselves, and CTI directs the Court to the articles for their contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 142 and, therefore, it denies these allegations.

143.    CTI admits that the article cited in Footnote 18 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 143 and, therefore, it denies these allegations.

144.    CTI admits that the article cited in Footnote 19 exists. The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 144 and, therefore, it denies these allegations.

145.    The allegations in Paragraph 145 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

**B.    Garbage In, Garbage Out**

146.    CTI admits that its LLM is trained on data.  CTI further admits that the article cited in Footnote 20 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny

the allegations in Paragraph 146 and, therefore, it denies these allegations.  Further, the term "massive" is vague and ambiguous, and CTI denies the allegation about the amount of data required to train its LLM on that basis.

147.    CTI denies the allegations in Paragraph 147.

148.    CTI admits that the article cited in Footnote 21 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, the allegations in Paragraph 148 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

149.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 149 and, therefore, it denies these allegations.

150.    CTI admits that the articles cited in Footnote 22 exist.  The articles speaks for themselves, and CTI directs the Court to the articles for their contents.  Except as expressly admitted, CTI denies the allegations in Paragraph 150.

**C.    Character.AI Was Rushed To Market With Google's Knowledge, Participation And Financial Support**

151.    CTI admits the allegations in Paragraph 151.

152.    CTI admits that the articles cited in Footnote 23 exist. The articles speak for themselves, and CTI directs the Court to the articles for their contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 152 and, therefore, it denies these allegations.

153.    CTI admits that the articles cited in Footnotes 24, 25, and 26 exist.  The articles speak for themselves, and CTI directs the Court to the articles for their contents.  Except as

expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 153 and, therefore, it denies these allegations.

154.   CTI admits that the articles cited in Footnotes 27, 28, 29, 30, 31, and 32 exist. The articles speak for themselves, and CTI directs the Court to the articles for their contents. Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 154 and, therefore, it denies these allegations.

155.   CTI admits that the articles cited in Footnote 33 exist.  The articles speak for themselves, and CTI directs the Court to the article for its contents.  CTI further admits that the article cited in Footnote 34 exists, but denies that it discusses LaMDA specifically as opposed to LLMs more generally.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 155 and, therefore, it denies these allegations.

156.   CTI admits that the articles cited in Footnotes 35 and 36 exist.  The articles speak for themselves, and CTI directs the Court to the articles for their contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 156 and, therefore, it denies these allegations.

157.   CTI admits that the article cited in Footnote 37 and the Google paper referenced therein exist, but denies that either was published in 2021.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 157 and, therefore, it denies these allegations.

158.   CTI admits that the articles cited in Footnotes 38 and 39 exist.  The articles speak for themselves, and CTI directs the Court to the articles for their contents.  Except as expressly

29

admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 158 and, therefore, it denies these allegations.

159.   CTI admits that the article cited in Footnote 40 exists, but denies that the article includes the dates that the various iterations of GPT were released or discusses GPT-3.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 159 and, therefore, it denies these allegations.

160.   CTI admits that the articles cited in Footnotes 41 and 42 exist.  The articles speak for themselves, and CTI directs the Court to the articles for their contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 160 and, therefore, it denies these allegations.

161.   CTI lacks information sufficient to admit or deny the allegations in Paragraph 161 and, therefore, it denies these allegations.

162.   CTI admits that the video cited in Footnote 43 exists, but denies that the video includes the quoted language.  The video speaks for itself, and CTI directs the Court to the article for its contents.  CTI further admits that the article cited in Footnote 44 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 162 and, therefore, it denies these allegations.

163.   CTI lacks information sufficient to admit or deny the allegations in Paragraph 163 and, therefore, it denies these allegations.

164.   CTI admits that the article cited in Footnote 45 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI

lacks information sufficient to admit or deny the allegations in Paragraph 164 and, therefore, it denies these allegations.

165.    CTI admits that the article cited in Footnote 46 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 165 and, therefore, it denies these allegations.

166.    CTI admits that the article cited in Footnote 47 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 166 regarding Defendants Google, Shazeer, and De Freitas and, therefore, it denies these allegations.  The remaining allegations in Paragraph 166 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

167.    The allegations in Paragraph 167 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

168.    CTI admits that C.AI launched to the public in September 2022 as a web-browser-based service that allowed users to converse with AI Characters.  CTI further admits that the article cited in Footnote 47 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  The allegations characterizing C.AI as a "product" assert arguments and legal conclusions, rather than factual allegations, to which no response is required; to the extent that a response is required, CTI denies these allegations.  Except as expressly admitted, CTI

lacks information sufficient to admit or deny the allegations in Paragraph 168 and, therefore, it denies these allegations.

169.    CTI denies the allegation that C.AI "let users maximally experiment with the AI without adequate safety guardrails in place."  CTI lacks information sufficient to admit or deny the remaining allegations in Paragraph 169 and, therefore, it denies these allegations.

170.    CTI admits that the article cited in Footnote 48 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 170 and, therefore, it denies these allegations.

171.    CTI admits that the article cited in Footnote 49 exists. The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 171 and, therefore, it denies these allegations.  CTI further states that the allegations in Paragraph 171 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

172.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 172 and, therefore, it denies these allegations.

173.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 173 and, therefore, it denies these allegations.

174.    CTI admits that it is a customer of Google Cloud Services.  CTI further admits that the video cited in Footnote 50 exists.  The video speaks for itself, and CTI directs the Court to the video for its contents.  Except as expressly admitted, CTI denies the allegations in Paragraph 174.

175.    CTI admits that the video cited in Footnote 51 exists.  The video speaks for itself, and CTI directs the Court to the video for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 175 and, therefore, it denies these allegations.

176.    CTI admits that it launched a mobile application to the public in May 2023, that it raised $150 million, and was valued at $1 billion in Series A funding led by Andreessen Horowitz (a16z) in March 2023.  CTI further admits that the video cited in Footnote 52 exists. The video speaks for itself, and CTI directs the Court to the video for its contents.  CTI further admits that the articles cited in Footnote 53 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI denies the allegations in Paragraph 176.

177.    CTI admits that CTI's "About Us" page included the quoted language until July 2024.  CTI denies the characterization of this language and states that pursuant to CTI's Terms of Service, users under the age of 13 are prohibited from using the service.  CTI denies that the website cited in Footnote 55, which is CTI's current "About Us" page, contains the quoted language.  The remaining allegations in Paragraph 177 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

178.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 178 as to Defendants Google, Shazeer, and De Freitas and, therefore, it denies these allegations.  The allegations in Paragraph 178 also assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

**D.    Google Acquired C.AI's Technology and Key Personnel For $3 Billion**

179.    CTI admits that on August 1, 2024, CTI entered into a $2.7 billion non-exclusive licensing agreement with Google.  CTI further admits that Shazeer, De Freitas, and other employees left CTI.  CTI further admits that the article cited in Footnote 56 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 179 and, therefore, it denies these allegations.

180.    CTI admits that the articles cited in Footnotes 57, 58, 59, and 60 exist.  The articles speak for themselves, and CTI directs the Court to the articles for their contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 180 and, therefore, it denies these allegations.  CTI further states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

181.    CTI admits that the article cited in Footnote 61 exists.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 181 and, therefore, it denies these allegations.

182.    CTI denies the allegations in Paragraph 182.  Pursuant to C.AI's Terms of Service, users under the age of 13 are prohibited from using the service.

183.    CTI admits that on August 1, 2024, CTI entered into a $2.7 billion non-exclusive licensing agreement with Google.  CTI further admits that the article cited in Footnote 62 exists. The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI denies the allegations in Paragraph 183.

184.    CTI admits that the articles cited in Footnotes 63 and 64 exist.  The articles speak for themselves, and CTI directs the Court to the articles for their contents.  The term "closed-loop strategy" is vague and ambiguous, and CTI denies the allegations in the first sentence of Paragraph 184 on that basis. Except as expressly admitted, CTI denies the allegations in Paragraph 184.

185.    CTI admits that some CTI employees left after CTI entered into a $2.7 billion non-exclusive licensing agreement with Google.  CTI further admits that CTI's investors received a return as a result of the non-exclusive licensing agreement with Google.  CTI admits that the article cited in Footnote 65 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI denies the allegations in Paragraph 185.

186.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 186 and, therefore, it denies these allegations.

187.    CTI admits that the article cited in Footnote 66 and the video cited in Footnote 67 exist.  The article and video speak for themselves, and CTI directs the Court to the article and video for their contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 187 and, therefore, it denies these allegations.

188.    CTI admits that the articles cited in Footnotes 68 and 69 exist.  The articles speak for themselves, and CTI directs the Court to the articles for their contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 188 and, therefore, it denies these allegations.

189.    CTI admits that the articles cited in Footnotes 70 and 71 exist.  The articles speak for themselves, and CTI directs the Court to the articles for their contents.  The allegations

relating to CTI's expected revenue are vague and ambiguous as to time period, and CTI denies the allegations on that basis. Except as expressly admitted, CTI denies the allegations in Paragraph 189.

**E.      Defendants Knew That C.AI Posed A Clear and Present Danger to Minors, But Released The Product Anyway**

190.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 190 and, therefore, it denies these allegations.

191.    CTI admits that the phrases "AI that feels alive" and Characters that "hear you, understand you, and remember you" have appeared in public statements. CTI also admits that CTI designs and markets AI chatbots. Except as expressly admitted, CTI denies the allegations in Paragraph 191.

192.    CTI admits that there are beneficial use cases for AI chatbots. CTI lacks information sufficient to admit or deny the allegations related to Google's internal research and, therefore, it denies these allegations. Except as expressly admitted, CTI denies the allegations in Paragraph 192.

193.    CTI denies the allegations in Paragraph 193.

194.    CTI denies the allegations in Paragraph 194.

195.    CTI admits that the article cited in Footnote 72 exists. The article speaks for itself, and CTI directs the Court to the article for its contents. Except as expressly admitted, CTI denies the allegations in Paragraph 195.

196.    CTI denies the allegations that C.AI might be unsafe, caused harm, or was targeted at children. Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 196 and, therefore, it denies these allegations.

197.    CTI denies the allegations in Paragraph 197.

**F.**    **Overview Of The C.AI Product And How It Works**

**1.**    **C.AI Is A Product**

198.    CTI admits that CTI financed, designed, coded, and marketed C.AI.  CTI further admits that CTI is the distributor of C.AI.  Except as expressly admitted, the allegations in Paragraph 198 are vague and ambiguous, and CTI denies these allegations on that basis.  Further, the allegations in Paragraph 198 regarding CTI assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

199.    CTI admits that consumers can access C.AI via its web application or its mobile application, which is available via the Apple and Google stores.  CTI states that "uniform" and "an unlimited number of copies can be obtained" are vague and ambiguous, and denies the allegations on that basis.  Except as expressly admitted, CTI denies the allegations of Paragraph 199.

200.    CTI admits that C.AI is used by millions of users.  CTI states that "mass marketed" and "value" are vague and ambiguous, and denies the allegations on that basis.  Except as expressly admitted, CTI denies the allegations of Paragraph 200.

201.    CTI admits that C.AI is advertised to the general public via media.  Except as expressly admitted, CTI denies the allegations of Paragraph 201.

202.    The allegations in Paragraph 202 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

203.    The allegations in Paragraph 203 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

37

204.    CTI admits that the subreddit cited in Footnote 73 exists.  The subreddit speaks for itself, and CTI directs the Court to the subreddit for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 204 and, therefore, it denies these allegations.

205.    CTI admits that it is involved in both the server-side and client-side of C.AI.  CTI states that "'full-stack' developer" is vague and ambiguous, and denies the allegations in Paragraph 205 on that basis.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 205 and, therefore, it denies these allegations.

206.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 206 and, therefore, it denies these allegations.

207.    CTI admits that the video cited in Footnote 74 exists, but denies that the video contains the quoted language and further denies the characterization of the video.  The video speaks for itself, and CTI directs the Court to the video for its contents.  Except as expressly admitted, CTI denies the allegations in Paragraph 207.

208.    CTI admits that C.AI is used by the public, but states that, pursuant to C.AI's Terms of Service, users under the age of 13 are prohibited from using the service.  Except as expressly admitted, CTI denies the allegations in Paragraph 208.

209.    The allegations in Paragraph 209 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

### 2.    How C.AI Works

210.    CTI admits that C.AI  is a web- or app-based application that allows users to create and chat with AI Characters.  CTI admits that C.AI has been downloaded more than 10 million times.  CTI admits that C.AI's rating in the Apple App Store changed from 12+ to 17+ in

June 2024, and that its rating in the Google Play Store changed from "Everyone" to "Teen" (13+) in March 2024.  Except as expressly admitted, CTI denies the allegations in Paragraph 210.

211.    The allegations in Paragraph 211 are vague and ambiguous, and therefore, CTI denies these allegations on that basis.

212.    CTI admits that C.AI is a web- or app-based application that allows users to create and chat with AI Characters.  CTI admits that Characters may be created by users on C.AI in accordance with C.AI's Terms of Service.  CTI further admits that the article cited in Footnote 76 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents. Except as expressly admitted, CTI denies the allegations in Paragraph 212.

213.    CTI admits that users on C.AI can create Characters and can choose to make those Characters private, unlisted, or public.  Except as expressly admitted, CTI denies the allegations in Paragraph 213.

214.    CTI admits that creating a Character on C.AI can involve the following: inputting a character name, avatar image, tagline, brief description, greeting, and Character definition. CTI admits that, beginning in November 2023, C.AI+ users could choose voices for Characters from pre-created voices or create their own.  These voice features became available for all users in March 2024.  Except as expressly admitted, CTI denies the allegations in Paragraph 214.

215.    CTI admits that C.AI users can create personas, which is a description of the user's desired personality, preferences, and physical traits in the context of a user's interactions with Characters.  CTI admits that personas impact how Characters interact with the user.  Except as expressly admitted, CTI denies the allegations in Paragraph 215.

216.    The allegations in Paragraph 216 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

217.    The allegations in Paragraph 217 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

218.    CTI admits that Character Voice, which allows users to choose to associate a voice with a Character, debuted for C.AI+ subscribers in November 2023 and became available for all users in March 2024.  CTI admits that Character Voice includes voice recommendations.  CTI further admits that the article cited in Footnote 77 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI denies the allegations in Paragraph 218.

219.    CTI admits that CTI created Character Voice to facilitate more engaging interactions with Characters on its platform.  CTI admits that the Character Voice feature includes tone.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 219 and, therefore, it denies those allegations.

220.    CTI admits that Character Voice allows users to create their own voices by uploading an audio sample or creating a recording or access pre-made voices.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 220 and, therefore, it denies these allegations.

221.    CTI admits that C.AI added a feature to Character Voice in June 2024 that allows for two-way conversations between users and Characters.  CTI further admits that the press release cited in Footnote 78 exists.  The press release speaks for itself, and CTI directs the Court

to the press release for its contents.  Except as expressly admitted, the allegations in Paragraph 221 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  Further, CTI lacks information sufficient to admit or deny the allegations in Paragraph 221 and, therefore, it denies these allegations.

222.    CTI admits that the C.AI homepage includes Character suggestions.  Except as expressly admitted, CTI denies the allegations in Paragraph 222.

223.    CTI denies the allegations in Paragraph 223.

### 3.    C.AI's Characters Are Programmed And Controlled Solely By Character.AI, Not Third Parties

224.    CTI admits that C.AI is a web- or app-based application that allows users to create and chat with AI Characters.  CTI admits that users of C.AI may chat with Characters created by other users.  Except as expressly admitted, CTI denies the allegations in Paragraph 224.

225.    CTI admits that C.AI is powered by an LLM.  CTI further admits that CTI users can develop their own Characters, which can be based on fiction, historical figures, or completely invented personas.  CTI further admits that these Characters can generate text and audio responses to user inputs.  CTI admits that the article cited in Footnote 79 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI denies the allegations in Paragraph 225.

226.    CTI admits that users can create Characters via C.AI.  Except as expressly admitted, CTI denies the allegations in Paragraph 226.

227.    CTI responds to the subparts as follows.  Except as expressly admitted, CTI denies the allegations in Paragraph 227.

a.      CTI admits that C.AI users can interact with pre-made AI characters or create their own personalized Characters.  CTI admits that when users create Characters, they may choose a name, avatar, tagline, description, definition, greeting, and character visibility.  CTI further admits that the choices made by the user when creating a Character impact how that Character responds to users.  Except as expressly admitted, CTI denies the allegations in subpart (a) of Paragraph 227.

b.      CTI admits that a user may add a Tagline to the Character, which allows users to briefly describe the Character and appears under the Character avatar when displayed on CTI's homepage.  Except as expressly admitted, CTI denies the allegations in subpart (b) of Paragraph 227.

c.      CTI admits that a user can input a Long Description for the Character, which is limited to 500 characters and allows the user to have the Character describe themselves (traits, history, mannerisms, etc.) and the kinds of things they want to talk about.  CTI further admits that the "Character Book" referenced in Footnote 80 exists.  The document speaks for itself, and CTI directs the Court to the document for its contents.  Except as expressly admitted, CTI denies the allegations in subpart (c) of Paragraph 227.

d.      CTI admits that a user can input a Greeting, which is the first thing that a Character will text or say when starting a new conversation; if the Greeting is left blank, a user will need to go first in a new chat.  CTI further admits that the "Character Book" referenced in Footnote 81 exists.  The document speaks for itself, and CTI directs the Court to the document for its contents.  Except as expressly admitted, CTI denies the allegations in subpart (d) of Paragraph 227.

42

e. CTI admits that a user can input a Definition, which is a large, free-form field that can contain structured example dialogs or any text content; a Definition can contain up to 32,000 characters. CTI further admits that the "Character Book" referenced in Footnote 82 exists. The document speaks for itself, and CTI directs the Court to the document for its contents. Except as expressly admitted, CTI denies the allegations in subpart (e) of Paragraph 227.

f. CTI admits that a user can determine the level of access that other users have to their Character(s) by making the Character either private, unlisted, or public. Except as expressly admitted, CTI denies the allegations in subpart (f) of Paragraph 227.

228. The allegations in Paragraph 228 assert arguments and legal conclusions, rather than factual allegations, to which no response is required. To the extent that a response is required, CTI denies these allegations.

229. CTI admits that a user who creates a Character cannot see the conversations of that Character and another user. CTI further responds that the website cited in Footnote 83 is an old version of C.AI's FAQs which is no longer operative. Except as expressly admitted, CTI denies the allegations in Paragraph 229.

230. CTI admits that a user who creates a Character cannot see the conversations of that Character and another user. CTI further admits that a user who creates a Character can see the number of users who have had conversations with that Character. Except as expressly admitted, CTI denies the allegations in Paragraph 230.

231. CTI admits that a Greeting created by a user has the username of the Character creator next to it. CTI admits that the "Character Book" referenced in Footnote 84 exists. The

document speaks for itself, and CTI directs the Court to the document for its contents.  Except as expressly admitted, CTI denies the allegations in Paragraph 231.

232.    The allegations in Paragraph 232 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

### 5.    C.AI Is Anthropomorphic By Design

233.    CTI denies the allegations in Paragraph 233.

234.    CTI denies the allegations in Paragraph 234.

235.    CTI denies the allegations in Paragraph 235.

236.    CTI admits that the article cited in Footnote 85 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 236 and, therefore, it denies these allegations.

237.    CTI denies the allegations in Paragraph 237.

238.    CTI admits that the article cited in Footnote 86 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 238 and, therefore, it denies these allegations.

239.    CTI denies the allegations in Paragraph 239.

240.    The allegations in Paragraph 240 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

241.    CTI admits that Characters use ellipses when chatting with users.  The remainder of Paragraph 241 asserts arguments and legal conclusions, rather than factual allegations, to

which no response is required.  To the extent that a response is required, CTI denies these allegations.

242.     CTI admits that the prompt interface is similar to interfaces used by other chat or messaging services.  Except as expressly admitted, CTI denies the allegations in Paragraph 242.

243.     CTI admits that Characters may respond to user prompts with phrases like "Uhm, "Mmmmmm," and "Heh."  Except as expressly admitted, CTI denies the allegations in Paragraph 243.

244.     CTI admits that C.AI is an interactive service.  The remainder of Paragraph 244 asserts arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

245.     The allegations in Paragraph 245 are vague and ambiguous, and CTI denies these allegations on that basis.  The allegations in Paragraph 245 also assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

246.     The allegations in Paragraph 246 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

247.     The allegations in Paragraph 247 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

248.     The allegations in Paragraph 248 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

249.    CTI admits that the articles cited in Footnotes 87, 88, and 89 exist.  The articles speak for themselves, and CTI directs the Court to the articles for their contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 249 and, therefore, it denies these allegations.

250.    CTI admits that the article cited in Footnote 90 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 250 and, therefore, it denies these allegations.

251.    The allegations in Paragraph 251 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

252.    CTI admits that the article cited in Footnote 91 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 252 and, therefore, it denies these allegations.

253.    The allegations in Paragraph 253 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

254.    CTI admits that the articles cited in Footnotes 92 and 93 exist.  The articles speak for themselves, and CTI directs the Court to the articles for their contents.  Except as expressly admitted, the allegations in Paragraph 254 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

255.    The allegations in Paragraph 255 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  CTI also lacks information sufficient to admit or deny the allegations in Paragraph 255 and, therefore, it denies these allegations.

256.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 256 and, therefore, it denies these allegations.

257.    CTI admits that the articles cited in Footnotes 94 and 95 exist, but denies that the article cited in Footnote 88 contains the quoted language.  The articles speak for themselves, and CTI directs the Court to the articles for their contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 257 and, therefore, it denies these allegations.

258.    The allegations in Paragraph 258 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

259.    The allegations in Paragraph 259 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

260.    The allegations in Paragraph 260 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

### 4.    C.AI's Is Not Economically Self-Sustaining and Was Never Intended to Be

261.    CTI admits that users can access C.AI for free, but states that, pursuant to C.AI's Terms of Service, users under the age of 13 are prohibited from using the service.  CTI admits

that the articles cited in Footnotes 96 and 97 exist.  The articles speak for themselves, and CTI directs the Court to the articles for their contents.  The remaining allegations in Paragraph 261 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  Except as expressly admitted, CTI denies the allegations in Paragraph 261.

262.    CTI admits that in March 2023, C.AI was valued at $1 billion.  Except as expressly admitted, CTI denies the allegations in Paragraph 262.

263.    CTI admits that users may subscribe to C.AI+ for $9.99/month.  CTI admits that a C.AI+ membership has provided unlimited custom Characters, access to exclusive content, faster feedback and support, and early access to new features.  Except as expressly admitted, CTI denies the allegations in Paragraph 263.

264.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 264 regarding Defendants Shazeer, De Frietas, and Google and, therefore, it denies these allegations.  CTI denies the remaining allegations in Paragraph 264.

265.    The term "social media product" is vague and ambiguous, and CTI denies the allegation that CTI is not a "social media product" on that basis.  CTI denies the remaining allegations in Paragraph 265.

266.    CTI admits that the article cited in Footnote 99 exists, but denies that the article contains the quoted language.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, the allegations in Paragraph 266 regarding CTI assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

267.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 267 and, therefore, it denies these allegations.  CTI further states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

268.    CTI admits that the article cited in Footnote 100 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 268 and, therefore, it denies these allegations.

269.    CTI admits that C.AI's Terms of Service cited in Footnote 101 exist.  The Terms of Service speak for themselves, and CTI directs the Court to the Terms of Service for their contents.  Except as expressly admitted, the allegations in Paragraph 269 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

270.    The allegations in Paragraph 270 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

271.    The allegations in Paragraph 271 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

**G.    C.AI's Numerous Design Defects Pose a Clear and Present Danger to Minors and the Public At Large**

**1.    Adolescents' Incomplete Brain Development Renders Them Particularly Susceptible To C.AI's Manipulation And Abuse**

272.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 272 and, therefore, it denies these allegations.

273.    CTI admits that the article cited in Footnote 102 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 273 and, therefore, it denies these allegations.

274.    CTI admits that the article cited in Footnote 103 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 274 and, therefore, it denies these allegations.

275.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 275 and, therefore, it denies these allegations.

276.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 276 and, therefore, it denies these allegations.

277.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 277 and, therefore, it denies these allegations.

278.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 278 and, therefore, it denies these allegations.

279.    CTI admits that the articles cited in Footnotes 104 and 105 exist.  The articles speak for themselves, and CTI directs the Court to the articles for their contents.  Except as expressly admitted, CTI denies the allegations in Paragraph 279.

**2.    C.AI Disregards User Specifications And Operates Characters Based On Its Own Determinations And Programming Decisions**

280.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 280 and, therefore, it denies these allegations.

281.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 281 and, therefore, it denies these allegations.

282.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 282 and, therefore, it denies these allegations.

283.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 283 and, therefore, it denies these allegations.

284.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 284 and, therefore, it denies these allegations.

285.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 285 and, therefore, it denies these allegations.

286.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 286 and, therefore, it denies these allegations.

287.    CTI admits that the article cited in Footnote 106 exists.  The article speaks for itself, and CTI directs the Court to the video for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 287 and, therefore, it denies these allegations.  Further, the allegations in Paragraph 287 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

288.    CTI admits that a Definition allows a user to shape the Character they create by providing further rules for the Character's responses.  Except as expressly admitted, the allegations in Paragraph 288 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

289.    The allegations in Paragraph 289 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

290.    The allegations in Paragraph 290 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

291.    CTI admits that the Reddit thread cited in Footnote 107 and the article cited in Footnote 108 exist.  The Reddit thread and article speak for themselves, and CTI directs the Court to the thread and article for their contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 291 and, therefore, it denies these allegations.

### 3.    C.AI Sexually Exploits And Abuses Minors

292.    CTI denies the allegations in Paragraph 292.

293.    The allegations in Paragraph 293 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

294.    The allegations in Paragraph 294 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

295.    The allegations in Paragraph 295 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

296.    The allegations in Paragraph 296 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

297.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 297 and, therefore, it denies these allegations.

298.    The allegations in Paragraph 298 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

299.    CTI admits that the video cited in Footnote 109 exists.  The video speaks for itself, and CTI directs the Court to the video for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 299 and, therefore, it denies these allegations.

300.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 300 and, therefore, it denies these allegations.

301.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 301 and, therefore, it denies these allegations.

302.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 302 and, therefore, it denies these allegations.

303.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 303 and all of its subparts, and, therefore, it denies these allegations.

### 4.    C.AI Promotes Suicide

304.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 304 relating to testing and, therefore, it denies these allegations.  The remaining allegations in

Paragraph 304 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

305.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 305 relating to testing and, therefore, it denies these allegations.  The remaining allegations in Paragraph 305 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  The allegations in Paragraph 305 also are vague and ambiguous, and CTI denies these allegations on that basis.

### 5.    C.AI Practices Psychotherapy Without A License

306.    The allegations in Paragraph 306 and all of its subparts assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

307.    CTI admits that the articles cited in Footnotes 111 and 112 exist.  The articles speak for themselves, and CTI directs the Court to the articles for their contents.  CTI further admits that the video cited in Footnote 113 exists, but denies that it includes the quoted language. The video speaks for itself, and CTI directs the Court to the video for its contents.  CTI denies the allegations in the first sentence of Paragraph 307.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the remaining allegations in Paragraph 307 and, therefore, it denies these allegations.  The remaining allegations also assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

308.    CTI admits that the articles cited in Footnotes 114 and 115 exist.  The articles speak for themselves, and CTI directs the Court to the articles for their contents.  Except as

expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 308 and, therefore, it denies these allegations.

309.    CTI denies the allegations in the first sentence of Paragraph 309.  CTI lacks information sufficient to admit or deny the remaining allegations in Paragraph 309 and, therefore, it denies these allegations.

310.    CTI admits that the video cited in Footnote 116 exists, but denies that the video contains the quoted language.  The video speaks for itself, and CTI directs the Court to the video for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 310 and, therefore, denies these allegations.

311.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 311 and, therefore, it denies these allegations.

312.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 312 and, therefore, it denies these allegations.

313.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 313 and, therefore, it denies these allegations.

314.    The allegations in Paragraph 314 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

315.    The allegations in Paragraph 315 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

316.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 316 and, therefore, it denies these allegations.

317.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 317 and, therefore, it denies these allegations.

318.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 318 and, therefore, it denies these allegations.

319.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 319 and, therefore, it denies these allegations.

### 6.    C.AI Engages in the Unauthorized Practice of Law

320.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 320 relating to testing and, therefore, it denies these allegations.  The remaining allegations in Paragraph 320 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

321.    The allegations in Paragraph 321 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

322.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 322 and, therefore, it denies these allegations.

323.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 323 and, therefore, it denies these allegations.

324.    The allegations in Paragraph 324 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

325.    The allegations in Paragraph 325 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

**7.      Testing Of C.AI Chatbots Demonstrates That C.AI Consistently Fails To Adhere To Its Own Terms of Service Policies**

326.    CTI admits that the article cited in Footnote 118 exits.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI denies the allegations in the first sentence of Paragraph 326.  CTI lacks information sufficient to admit or deny the allegations in the second sentence of Paragraph 326 and, therefore, it denies these allegations.  The allegations in Paragraph 326 also assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

327.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 327 and, therefore, it denies these allegations.

328.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 328 and, therefore, it denies these allegations.

329.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 329 and, therefore, it denies these allegations.

330.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 330 and all of its subparts and, therefore, it denies these allegations.

331.    CTI admits that the article cited in Footnote 119 exits.  The article speaks for itself, and CTI directs the Court to the video for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 331 and, therefore, it denies these allegations.

332.    The allegations in Paragraph 332 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

333.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 333 and, therefore, it denies these allegations.

334.    The allegations in Paragraph 334 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

335.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 335 and, therefore, it denies these allegations.

336.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 336 and, therefore, it denies these allegations.

337.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 337 and, therefore, it denies these allegations.

338.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 338 and, therefore, it denies these allegations.

339.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 339 and, therefore, it denies these allegations.

**8.    It Is Manifestly Feasible For Character.AI To Program Their Product So As To Not Abuse Children**

340.    The allegations in Paragraph 340 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

341.    CTI admits that the article cited in Footnote 120 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 341 and, therefore, it denies these allegations.

342.    CTI admits that the article cited in Footnote 121 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 342 and, therefore, it denies these allegations.

343.    CTI lacks information sufficient to admit or deny the existence of the article cited in Footnote 122 and, therefore, it denies the allegations in Paragraph 343.

344.    The allegations in Paragraph 344 are vague and ambiguous, and CTI denies these allegations on that basis.  The allegations also assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  CTI also lacks information sufficient to admit or deny the allegations related to other AI developers and, therefore, it denies these allegations.

345.    The allegations in Paragraph 345 are vague and ambiguous, and CTI denies these allegations on that basis.  The allegations also assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  CTI denies any implication that C.AI sexually abuses customers.

346.    CTI admits that the article cited in Footnote 123 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  The allegations in the first sentence of Paragraph 346 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  CTI lacks information sufficient to admit or deny the allegations in the second sentence of Paragraph 346 and, therefore, it denies these allegations.

347.    The allegations in Paragraph 347 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

348.    CTI admits that C.AI's rating in the Apple App Store changed from 12+ to 17+ in June 2024.  Except as expressly admitted, the allegations in Paragraph 348 are vague and ambiguous, and CTI denies the allegations on this basis.

349.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 349 and, therefore, it denies these allegations.

350.    The allegations in Paragraph 350 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

351.    CTI denies the allegations in Paragraph 351.

352.    The allegations in Paragraph 352 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  Pursuant to C.AI's Terms of Service, users under the age of 13 are prohibited from using the service, and have been at all times when J.F. and B.R. were using C.AI.

353.    The allegations in Paragraph 353 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

### 9. Defendant C.AI Safety Features And Product Improvements Are Illusory And Ineffective

354. CTI admits that CTI employed certain classifiers which would limit C.AI's output regarding the content of certain messages.  Except as expressly admitted, CTI denies the allegations in Paragraph 354.

355. CTI lacks information sufficient to admit or deny the allegations in Paragraph 355 and, therefore, it denies these allegations.

356. CTI lacks information sufficient to admit or deny the allegations in Paragraph 356 and, therefore, it denies these allegations.  The allegations in Paragraph 356 also assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

357. CTI admits that prior to November 3, 2024, C.AI's service included an in-chat warning informing users that everything the Characters said was made up.  C.AI further admits that as of November 3, 2024, a disclaimer on the service reads in white-colored text:  "This is an A.I. chatbot and not a real person. Treat everything it says as fiction. What is said should not be relied upon as fact or advice."  Except as expressly admitted, CTI denies all remaining allegations and characterizations in Paragraph 357.

358. The allegations in Paragraph 358 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  CTI further lacks information sufficient to admit or deny the allegations in Paragraph 358 and, therefore, it denies these allegations.

359. The allegations in Paragraph 359 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

360.    CTI admits that C.AI has instituted further protections specifically focused on suicide and self-harm.  In response to the second sentence of Paragraph 360, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations. Except as expressly admitted, CTI denies the allegations in Paragraph 360.

361.    CTI admits that the Futurism article referenced in Paragraph 361 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI denies the allegations in Paragraph 361.

362.    CTI admits that the article cited in Footnote 124 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 362 and, therefore, it denies these allegations.

363.    CTI admits that the article cited in Footnote 125 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 363 and, therefore, it denies these allegations.

364.    CTI admits that it implemented new or enhanced safety features in late 2024. Except as expressly admitted, the allegations in Paragraph 364 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

365.    CTI admits that the YouTube video cited in Footnote 127 exists.  The video speaks for itself, and CTI directs the Court to the video for its contents.  Except as expressly

admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 365 and, therefore, it denies these allegations.

366.    CTI admits that the article cited in Footnotes 128 and 129 exist.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations in Paragraph 366 and, therefore, it denies these allegations.

367.    The allegations in Paragraph 367 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

## VII.    PLAINTIFFS' CLAIMS

### COUNT I – STRICT PRODUCT LIABILITY (DEFECTIVE DESIGN)
### (Against Character.AI and Google)

368.    CTI incorporates its responses to the preceding Paragraphs.  Paragraph 368 and all of its subparts assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

369.    CTI admits that the CTI platform is designed to be used by the public as part of CTI's regular business.  CTI further admits that CTI is the distributor of C.AI, that CTI advertises to the public, and that C.AI has millions of users.  Except as expressly admitted, the allegations in Paragraph 369 and all of its subparts assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

370.    The allegations in Paragraph 370 and all of its subparts assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

371.     The allegations in Paragraph 371 and all of its subparts assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

372.     The allegations in Paragraph 372 and all of its subparts assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

373.     The allegations in Paragraph 373 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

374.     The allegations in Paragraph 374 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

### COUNT II – STRICT PRODUCT LIABILITY (FAILURE TO WARN)
### (Against All Defendants)

375.     CTI incorporates its responses to the preceding Paragraphs.

376.     The allegations in Paragraph 376 and all of its subparts assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

377.     CTI admits that, as to CTI only, CTI financed, designed, coded, and marketed C.AI.  CTI further admits that CTI is the distributor of C.AI.  Except as expressly admitted, the allegations in Paragraph 377 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  The allegations in Paragraph 377 also are vague and ambiguous, and CTI denies these allegations on that basis.

64

378.    CTI admits that C.AI is designed to be used by the public as part of CTI's regular business, that CTI is the distributor of C.AI, that CTI advertises to the public, and that C.AI has millions of users.  Except as expressly admitted, the allegations regarding CTI in Paragraph 378, including all of its subparts, assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

379.    The allegations in Paragraph 379 and all of its subparts assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

380.    The allegations in Paragraph 380 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

381.    The allegations in Paragraph 381 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

382.    The allegations in Paragraph 382 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

383.    The allegations in Paragraph 383 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

384.    The allegations in Paragraph 384 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

385.    CTI lacks information sufficient to admit or deny the allegations in Paragraph 385 regarding A.F.'s reliance and, therefore, it denies these allegations.  The remaining allegations in Paragraph 385 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

386.    The allegations in Paragraph 386 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

387.    The allegations in Paragraph 387 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

### COUNT III – VIOLATION OF CHILDREN'S ONLINE PRIVACY PROTECTION ACT, 15 USC § 6501
### (Against All Defendants)

388.    CTI incorporates its responses to the preceding Paragraphs.

389.    The allegations in Paragraph 389 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  Pursuant to C.AI's Terms of Service, users under the age of 13 are prohibited from using the service.

390.    The allegations in Paragraph 390 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is

required, CTI denies these allegations.  Pursuant to C.AI's Terms of Service, users under the age of 13 are prohibited from using the service.

391.    The allegations in Paragraph 391 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  Pursuant to C.AI's Terms of Service, users under the age of 13 are prohibited from using the service.

392.    The allegations in Paragraph 392 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  Pursuant to C.AI's Terms of Service, users under the age of 13 are prohibited from using the service.

393.    The allegations in Paragraph 393 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

394.    The allegations in Paragraph 394 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

## COUNT IV – AIDING AND ABETTING
### (Against Google)

395.    CTI incorporates its responses to the preceding Paragraphs.

396.    The allegations in Paragraph 396 are not directed at CTI and therefore no response by CTI is required.  To the extent a response is required by CTI, the allegations in Paragraph 396 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

397.    The allegations in Paragraph 397 and all its subparts are not directed at CTI and therefore no response by CTI is required.  To the extent a response is required by CTI, the allegations in Paragraph 397 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

a.    CTI lacks information sufficient to admit or deny the allegations in subpart (a) of Paragraph 397 and, therefore, it denies these allegations.

b.    CTI admits that it is a customer of Google Cloud services.  Except as expressly admitted, the allegations in subpart (b) of Paragraph 397 CTI assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

c.    CTI admits that in 2024 Google and CTI agreed to a non-exclusive license of CTI's LLM technology and that Shazeer and De Freitas left CTI to rejoin Google.  Except as expressly admitted, the allegations in subpart (c) of Paragraph 397 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

## COUNT V – NEGLIGENCE PER SE
### (CHILD SEXUAL ABUSE AND SEXUAL SOLICITATION)
### (Against Character Technologies, Inc.)

398.    CTI incorporates its responses to the preceding Paragraphs.

399.    CTI admits that CTI is subject to various laws and regulations.  Except as expressly admitted, the allegations in Paragraph 399 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

68

400.    The allegations in Paragraph 400 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

401.    The allegations in Paragraph 401 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

402.    The allegations in Paragraph 402 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

403.    The allegations in Paragraph 403 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

404.    The allegations in Paragraph 404 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

405.    The allegations in Paragraph 405 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

406.    The allegations in Paragraph 406 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

407.    The allegations in Paragraph 407 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

408.    The allegations in Paragraph 408 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

409.    The allegations in Paragraph 409 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

410.    The allegations in Paragraph 410 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

## COUNT VI – NEGLIGENCE (DEFECTIVE DESIGN)
### (Against All Defendants)

411.    CTI incorporates its responses to the preceding Paragraphs.

412.    CTI admits that, as to CTI only, CTI financed, designed, coded, and marketed C.AI.  CTI further admits that CTI is the distributor of C.AI.  Except as expressly admitted, the allegations in Paragraph 412 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  The allegations in Paragraph 412 also are vague and ambiguous, and CTI denies these allegations on that basis.

413.    The allegations in Paragraph 413 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

414. The allegations in Paragraph 414 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

415. The allegations in Paragraph 415 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

416. The allegations in Paragraph 416 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

417. The allegations in Paragraph 417 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

418. The allegations in Paragraph 418 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

419. The allegations in Paragraph 419 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

420. The allegations in Paragraph 420 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

421.    The allegations in Paragraph 421 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

## COUNT VII – NEGLIGENCE (FAILURE TO WARN)
### (Against All Defendants)

422.    CTI incorporates its responses to the preceding Paragraphs.

423.    CTI admits that, as to CTI only, CTI financed, designed, coded, and marketed C.AI.  CTI further admits that CTI is the distributor of C.AI.  Except as expressly admitted, the allegations in Paragraph 423 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  The allegations in Paragraph 423 also are vague and ambiguous, and CTI denies these allegations on that basis.

424.    The allegations in Paragraph 424 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

425.    The allegations in Paragraph 425 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

426.    The allegations in Paragraph 426 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

427.    The allegations in Paragraph 427 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

428.    The allegations in Paragraph 428 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

429.    The allegations in Paragraph 429 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

430.    The allegations in Paragraph 430 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

431.    The allegations in Paragraph 431 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

432.    The allegations in Paragraph 432 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

433.    The allegations in Paragraph 433 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

434.    The allegations in Paragraph 434 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

435.     The allegations in Paragraph 435 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

436.     The allegations in Paragraph 436 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

437.     The allegations in Paragraph 437 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

## COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

438.     CTI incorporates its responses to the preceding Paragraphs.

439.     The allegations in Paragraph 439 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

440.     The allegations in Paragraph 440 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

441.     The allegations in Paragraph 441 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

442.     The allegations in Paragraph 442 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

**COUNT IX – UNJUST ENRICHMENT**
**(Against All Defendants)**

443.    CTI incorporates its responses to the preceding Paragraphs.

444.    The allegations in Paragraph 444 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

445.    The allegations in Paragraph 445 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

446.    The allegations in Paragraph 446 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

447.    The allegations in Paragraph 447 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

448.    The allegations in Paragraph 448 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

449.    CTI admits that an account associated with J.F. was opened on C.AI on July 1, 2023, and an account associated with B.R. was opened on C.AI on August 19, 2024.  Except as expressly admitted, the allegations in Paragraph 449 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

450.    The allegations in Paragraph 450 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

451.    The allegations in Paragraph 451 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

452.    The allegations in Paragraph 452 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

453.    The allegations in Paragraph 453 and all of its subparts assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

**COUNT X – VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT TEX. BUS. & COM. CODE ANN. § 17.46, *ET SEQ.*, (Against All Defendants)**

454.    CTI incorporates its responses to the preceding Paragraphs.

455.    The allegations in Paragraph 455 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

456.    The allegations in Paragraph 456 and all of its subparts assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

457.    CTI lacks information sufficient to admit or deny the existence of the complaint cited in Footnote 130 and, therefore, it denies these allegations.  The allegations in Paragraph

457 and all of its subparts assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

458.     CTI admits that the article cited in Footnote 131 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, the allegations in Paragraph 458 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

459.     The allegations in Paragraph 459 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

460.     The allegations in Paragraph 460 and all of its subparts assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

461.     The allegations in Paragraph 461 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

**PRAYER FOR RELIEF**

The allegations in the Prayer for Relief assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

## AFFIRMATIVE DEFENSES

Defendant Character Technologies, Inc. asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (First Amendment)

Plaintiffs' claims are barred by the First Amendment of the United States Constitution because they would violate the rights of users of the C.AI to express and receive information and ideas on C.AI.  Plaintiffs' claims are barred by Article 1 of the Texas Constitution for the same reason.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Each of Plaintiffs' claims fails to state a claim upon which relief can be granted, fails to state facts sufficient to constitute a cause of action, and fails to plead cognizable injury.

### THIRD AFFIRMATIVE DEFENSE
### (Section 230)

Plaintiffs' claims are barred or preempted, in whole or in part, by Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1).

### FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiffs' claims are barred or limited by the statute of limitations.  Plaintiffs' claims are based on alleged acts or omissions that occurred before any applicable limitations period and thus are time-barred.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of laches to the extent that Plaintiffs unreasonably delayed before pursuing their alleged claims.

## SIXTH AFFIRMATIVE DEFENSE
### (No Equitable Relief)

Equitable relief is barred, in whole or in part, by the availability of an adequate remedy at law and because Plaintiffs' alleged equitable relief would duplicate legal remedies that are alleged.

## SEVENTH AFFIRMATIVE DEFENSE
### (Real-Party-in-Interest)

Plaintiffs' claims are barred because Plaintiffs are not the real-parties-in-interest.

## EIGHTH AFFIRMATIVE DEFENSE
### (Mootness)

Plaintiffs' claims are barred to the extent they are moot, including because Plaintiffs have made allegations about historical practices or other practices that have ceased and therefore cannot support a request for injunctive or other relief.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Causation, Generally)

With respect to the claims asserted against CTI, CTI denies all types of causation, general and specific, including cause-in-fact, proximate cause, and producing cause.

## TENTH AFFIRMATIVE DEFENSE
### (Independent, Intervening, or Superseding Causation)

Plaintiffs' alleged injuries and harms, in whole or in part, resulted from independent, intervening, and/or superseding causes for which CTI is not legally responsible and which were not foreseeable.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Misuse)

Plaintiffs' alleged injuries and harms were caused or contributed to, directly and proximately, in whole or in part, by misuse, unauthorized use, unintended use, unforeseeable use, and/or improper use of C.AI.

## TWELFTH AFFIRMATIVE DEFENSE
### (Pre-Existing Conditions)

The injuries and harms Plaintiffs allege, if any are proven, were the direct result of J.F.'s and/or B.R.'s pre-existing medical conditions or idiosyncratic reactions and/or occurred by operation of nature or as a result of circumstances over which CTI had, and continues to have, no control.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Third-Party Fault, Generally)

A percentage of Plaintiffs' alleged injuries or losses are attributable to (i) other parties from whom Plaintiffs seek recovery in this action, and/or (ii) persons or entities from whom Plaintiffs do not seek recovery in this action.  Plaintiffs' claims are barred, or Plaintiffs' damages must be reduced, in whole or in part, because of the comparative fault of third parties who caused or contributed to Plaintiff's alleged injuries.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Third-Party Fault, Other Services)

CTI is not liable for any harm alleged by Plaintiffs that Plaintiffs, J.F., and/or B.R. sustained as a result of J.F.'s and/or B.R.'s use of any third-party's or non-party's website, app, online service, or other good, product, service, or intangible.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Proportionate Fault of Agents, Employees, Contractors)

To the extent any agents, employers, or contractors are alleged or proven to have caused any of the damages alleged by Plaintiffs, such agents, employees, or contractors were acting outside the scope of agency, employment, or contract with CTI, and any recovery against CTI must be reduced by the proportionate fault of such agents, employees, or contractors.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Conduct Not Willful)

CTI denies that it engaged in any wrongful conduct.  Any conduct by CTI was not willful, intentional, or knowing.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Notice)

Plaintiffs cannot obtain relief on their claims based on actions undertaken by CTI of which CTI provided notice of all reasonable facts.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Discharged Obligations)

CTI appropriately, completely, and fully discharged any and all obligations arising out of the matters alleged in the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Contract)

Plaintiffs' claims are barred, in whole or in part, by contracts and/or agreements, including C.AI's Terms of Service, that Plaintiffs, J.F., and/or B.R. entered with CTI or third parties.

## TWENTIETH AFFIRMATIVE DEFENSE
### (No Punitive Damages)

Punitive damages are not recoverable by Plaintiffs because Plaintiffs have failed to allege or establish any conduct that would support an award of punitive damages.  Plaintiffs' claims for punitive or exemplary damages or other penalties are further barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the U.S. Constitution, the Excessive Fines Clause of the Eighth Amendment of the U.S. Constitution, the Full Faith and Credit Clause of the U.S. Constitution, and applicable provisions of the Constitution of this State or that of any other state whose laws may apply.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiffs are barred from recovery to the extent of Plaintiffs', J.F.'s, and/or B.R.'s failure to avoid or mitigate harm, including but not limited to Plaintiffs', J.F.'s, and/or B.R.'s failure to cease J.F.'s or B.R.'s use of C.AI; failure to seek medical or other assistance for J.F. and B.R.; or failure to otherwise seek medical or other assistance in an effort to address or prevent J.F.'s and B.R.'s alleged injuries or harms.

82

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Collateral Sources)

CTI is entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment received, available, or to be received by Plaintiffs from any collateral source, as permitted by law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Set-off / Recoupment)

CTI is not liable for the full amount of the claims to the extent CTI is entitled to a set-off.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Conformance with Laws)

Plaintiffs' claims are barred, in whole or in part, because the alleged activities of CTI conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant times alleged in the Complaint.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (State of the Art)

Plaintiffs cannot recover from CTI because the methods, standards, or techniques of designing and making available the services at issue complied with and were in conformity with the generally recognized state of the art at the time that the services were designed and made available to users.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Due Process Clause)

Plaintiffs' claims are barred in whole or in part by the Due Process Clauses of the United States Constitution and Texas Constitution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Separation of Powers)

Plaintiffs' claims are barred or limited by the separation-of-powers doctrine to the extent that the claims raise political or policy issues, rather than legal or constitutional issues.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Content and Parties Outside of Defendant's Control)

Recovery for Plaintiffs' alleged injuries or harms should be barred or reduced to the extent such harm was caused by (i) content created by persons and/or entities not within CTI's control, and/or (ii) changes and/or alterations to C.AI made by persons and/or entities not within CTI's control.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Contemplated Conduct)

Plaintiffs' claims are barred, in whole or in part, because the conduct alleged in the Complaint was contemplated by contracts and/or agreements that Plaintiffs, J.F., and/or B.R. entered with CTI or third parties.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Consent)

Plaintiffs, J.F., and/or B.R. consented to or ratified the conduct alleged in the Complaint.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert some or all of the causes of action alleged and to obtain some or all of the relief requested in the Complaint.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

Plaintiff has failed to join necessary or indispensable parties.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Authorized Conduct)

At all times relevant, CTI's actions were specifically authorized under the laws administered, or rules and regulations promulgated, by regulatory bodies or officers acting under the authority of the United States or of the State of Texas.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (No Private Right of Action Under COPPA)

Plaintiffs' claims under the Child Online Privacy Protection Act ("COPPA"), 15 U.S.C. § 6501, fail because the COPPA does not provide a private right of action.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Texas Deceptive Trade Practices Act Exceptions)

Plaintiffs' claims under the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code § 17.46 *et seq.*, fail, in whole or in part, because the law does not apply to a claim for bodily injury or a claim for the infliction of mental anguish.  *Id.* § 17.49(e).  Plaintiffs' claims under the Texas DTPA also fail, in whole or in part, because Plaintiffs, J.F., and/or B.R. are not consumers that have standing to bring claims under the DTPA.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Contributory and/or <u>Comparative Negligence</u>)

Plaintiffs' claims are barred and/or Plaintiffs' alleged damages must be reduced, in whole or in part, because Plaintiffs' damages were caused by the comparative negligence of Plaintiffs, J.F., B.R., and/or other circumstances over which CTI has no control and for which CTI is not responsible and not liable.  Plaintiffs are also not entitled to recovery because Plaintiffs are more than 50% at fault, and thus precluded from recovery.  Tex. Civ. Prac. & Rem. Code § 33.001.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (<u>Assumption of Risk</u>)

Plaintiffs' claims are barred, in whole or in part, because there is no cognizable duty of care in regard to the alleged injuries or harms, and any recovery against CTI is barred or limited under the principle of primary assumption of risk, both express and implied.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (<u>Unclean Hands</u>)

Plaintiffs' claims are barred, in whole or in part, because of unclean hands, including to the extent that Plaintiffs' claims are based in whole or in part on actions that violated the C.AI Terms of Service.

### THIRTY-NINTH AFFIRMATIVE DEFENSE
### (<u>No Duty or Breach</u>)

Plaintiffs' claims against CTI fail as a matter of law because no cognizable legal duty was owed or breached by CTI.

## FORTIETH AFFIRMATIVE DEFENSE
### (Arbitration)

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs, J.F., and/or B.R. agreed to binding arbitration agreements and have no right to recovery outside of arbitration.

## FORTY-FIRST AFFIRMATIVE DEFENSE
### (Plaintiffs' Acts or Omissions)

Plaintiffs' claims are barred or Plaintiffs' alleged damages must be reduced, in whole or in part, because Plaintiffs' alleged damages were caused by the acts or omissions of Plaintiffs, J.F., and/or B.R.

## FORTY-SECOND AFFIRMATIVE DEFENSE
### (Derivative Nature of Unjust Enrichment Claim)

Any unjust enrichment claim is barred, in whole or in part, as entirely derivative of Plaintiff's other, legally deficient claims.

## FORTY-THIRD AFFIRMATIVE DEFENSE
### (Fraud Not Pled with Particularity)

To the extent that Plaintiffs allege fraud, fraudulent concealment, or similar conduct, Plaintiffs have failed to plead fraud with sufficient particularity.

## FORTY-FOURTH AFFIRMATIVE DEFENSE
### (Justification)

Plaintiffs' claims are barred, in whole or in part, because to the extent CTI engaged in any of the alleged acts, omissions or conduct, it did so with justification.

### FORTY-FIFTH AFFIRMATIVE DEFENSE
### (Ordinary Course of Business)

Plaintiffs' claims are barred, in whole or in part, because at all relevant times CTI's actions were within the ordinary course of business and complied with industry custom and practice.

### FORTY-SIXTH AFFIRMATIVE DEFENSE
### (No Reliance)

Plaintiffs' claims may be barred, in whole or in part, because users did not rely (reasonably or otherwise) upon any purported statement by CTI.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE
### (Attorneys' Fees Unavailable)

Plaintiffs' request for attorneys' fees in this action is barred because it lacks any basis in law.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE
### (Puffery)

Plaintiffs' claims fail, in whole or in part, to the extent that they are based on nonactionable statements of puffery or opinion, rather that statements of fact.

### FORTY-NINTH AFFIRMATIVE DEFENSE
### (Reservation of Rights / Additional Defenses)

CTI hereby gives notice that it reserves the right to rely upon any other defense that may become apparent as discovery progresses in this matter, and reserves its right to amend the Answer and to assert any such defense.  CTI also reserves the right to amend the Answer and to assert any such defense should Plaintiffs at any time hereafter purport to raise, rely on, or

otherwise seek to proceed on any claim or theory stated in their Complaint that has been dismissed.  CTI also reserves the right to amend its Answer and to assert any such defense should Plaintiffs at any time hereafter ask the Court to award relief on the basis of Plaintiffs' prayers for "other" relief.  Nothing stated herein constitutes a concession as to whether Plaintiffs bear the burden of proof on any issue.

Dated: December 22, 2025

Respectfully submitted,

/s/  Melissa R. Smith
Melissa Richards Smith
Texas Bar No. 24001351
Andrew Thompson ("Tom") Gorham
Texas Bar No. 24012715
GILLIAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
(903) 934-8450
melissa@gilliamsmithlaw.com

Jonathan H. Blavin* (Lead Counsel)
Cal. Bar No. 230269
Victoria A. Degtyareva*
Stephanie Goldfarb Herrera*
MUNGER, TOLLES & OLSON, LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Tel: (415) 512-4000
Jonathan.Blavin@mto.com
Stephanie.Herrera@mto.com
Victoria.Degtyareva@mto.com

*Admitted Pro Hac Vice

**Attorneys for Character Technologies, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2025, the foregoing was served via electronic mail on all counsel of record.

*/s/ Melissa R. Smith*